1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK,<br>for Herself and/or On Behalf Of All<br>Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC; and<br>EDDIE BAUER PARENT LLC;<br><br>Defendants. | No. 2:20-cv-01106<br><br>**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER THE OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.605 _et seq._**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 1
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    Plaintiff Susan Clark, demanding trial by jury as to all issues so triable, alleges as

2   follows, on personal knowledge and upon the investigation of her counsel, against Defendants

3   Eddie Bauer LLC and Eddie Bauer Parent LLC (collectively, "Eddie Bauer" or "Defendants"):

4                                    **INTRODUCTION**

5        1.      This is a class action, brought under Oregon law, on behalf of all consumers

6   who, within the applicable limitations period, purchased one or more products at any of Eddie

7   Bauer's outlet stores (hereinafter "Outlet Stores" or "Outlet") located in Oregon. (This lawsuit

8   does not concern purchases made at conventional Eddie Bauer retail stores or on the Eddie

9   Bauer website, www.eddiebauer.com.)

10       2.      Eddie Bauer is a popular retailer which claims to offer "premium-quality

11   clothing, accessories, and gear for men and women that complement today's modern outdoor

12   lifestyle."

13       3.      Nearly all of the products offered at the Outlet Stores are branded as Eddie

14   Bauer products. Almost all of the products (more than 90%) offered at the Outlet Stores are

15   manufactured exclusively for the Outlet Stores and have never been offered at the non-outlet

16   conventional Eddie Bauer retail stores, on the Eddie Bauer website, or by any other retailer.

17       4.      For decades, Eddie Bauer has engaged in a massive false discount advertising

18   scheme at its Outlet Stores. Eddie Bauer advertises perpetual discounts (typically a purported

19   savings of 40% to 70% off) from Eddie Bauer's self-created list prices for its products. Eddie

20   Bauer represents its list prices to be the regular and normal prices of the products, and the list

21   prices function as reference prices from which the advertised discounts and percentage-off sales

22   are calculated.

23       5.      However, Eddie Bauer's discounts and reference prices at its Outlet Stores are

24   false because Eddie Bauer rarely, if ever, offered the products at the advertised list price. For

25   the greater-than-90% of products that are manufactured exclusively for the Outlet Stores, Eddie

26   Bauer *never* offered the products at the list price. For the less-than-10% of products (which are

27   displayed on the "Clearance" racks) that may have been previously offered in Eddie Bauer's

28

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 2
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

conventional (non-outlet) retail stores and on its website, Eddie Bauer rarely, if ever, offered the products at the list price—and never in good faith.

6.     Eddie Bauer perpetrates this illegal scheme to create the illusion of savings and to induce customers to purchase its products. Eddie Bauer's marketing plan is to trick its customers into believing that its products are worth, and have a value equal to, the inflated list price, and that the lower advertised sale price represents a special bargain. In fact, not only are the advertising savings always false; in many cases the "sale" price is actually *higher* than Eddie Bauer's true regular selling price for the product.

7.     Eddie Bauer's fraudulent advertising scheme at its Outlet Stores harms consumers like Plaintiff Susan Clark by causing them to pay more than they otherwise would have paid and to buy products that they otherwise would not have bought. Customers do not enjoy the actual discounts Eddie Bauer promises them, and the items are not in fact worth the amount that Eddie Bauer represents to them.

8.     Plaintiff brings this action individually and also as a representative plaintiff on behalf of a class of consumers who purchased one or more products advertised with a discount at an Eddie Bauer Outlet Store located in Oregon. Plaintiff seeks, among other things, statutory damages under the Oregon Unlawful Trade Practices Act of $200 per class member or actual damages, whichever is greater. Plaintiff also seeks an order for public injunctive relief, enjoining Eddie Bauer from engaging in the unlawful conduct alleged herein.

## PARTIES

9.     Plaintiff Susan Clark is a citizen of the United States of America and a citizen of the State of Oregon. She is an adult who resides in Oregon City, Clackamas County, Oregon.

10.     Defendant Eddie Bauer LLC is a wholly-owned subsidiary of Eddie Bauer Parent LLC, and is a limited liability company chartered under the laws of the State of Delaware. Eddie Bauer LLC currently has, and at all relevant times in the past had, its headquarters, executive office, principal place of business and nerve center in Bellevue, Washington.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 3
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

11.     Defendant Eddie Bauer Parent LLC is a limited liability company chartered under the laws of the State of Delaware, and is listed as the "governor" of Eddie Bauer LLC according to public records available from the Washington Secretary of State.

12.     Defendants Eddie Bauer LLC and Eddie Bauer Parent LLC are collectively referred to herein as "Eddie Bauer" or "Defendants."

## JURISDICTION AND VENUE

13.     **Subject Matter Jurisdiction.** The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1)—i.e., traditional diversity jurisdiction—because the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different state.

14.     The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2)— i.e., Class Action Fairness Act jurisdiction—because the amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs) and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.

15.     **Personal Jurisdiction**. This Court has personal jurisdiction over Defendant Eddie Bauer LLC because Eddie Bauer LLC is headquartered in this state and in the Western District of Washington at 10401 NE 8th Street, Bellevue, Washington 98004. Eddie Bauer LLC is authorized to do business and regularly conducts business in the State of Washington such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

16.     This Court may exercise personal jurisdiction over Eddie Bauer Parent LLC pursuant to Washington State's long-arm statute, RCW 4.28.185.

17.     This Court may exercise personal jurisdiction over Eddie Bauer Parent LLC to the fullest extent allowed under the federal due process clause. Eddie Bauer Parent LLC has certain minimum contacts with the State of Washington (and/or with the Western District of Washington) such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

18.     **Venue**. Venue is proper in the Western District of Washington because, pursuant to 28 U.S.C. § 1391(b)(1), this judicial district is a judicial district in which Defendant Eddie Bauer LLC resides, and pursuant to 28 U.S.C. § 1391(c)(2), for venue purposes Defendants shall be deemed to reside in this judicial district because Defendants are subject to the court's personal jurisdiction with respect to this civil action.

## FACTUAL ALLEGATIONS OF EDDIE BAUER'S UNLAWFUL PRACTICES

19.     Eddie Bauer is a popular retailer which claims to offer "premium-quality clothing, accessories, and gear for men and women that complement today's modern outdoor lifestyle." Eddie Bauer currently operates hundreds of Outlet Stores in the United States, including at least five Outlet Store locations in Oregon.

20.     Nearly all of the products sold at Eddie Bauer's Outlet Stores, conventional (non-outlet) retail stores, and on its website are branded as "Eddie Bauer" products and are exclusively offered by Eddie Bauer and are not offered by any other retailer.

21.     For years, Eddie Bauer has engaged in a massive false discount advertising scheme across virtually all of its Eddie Bauer-branded products across all of its sales channels including in its Outlet Stores, in its conventional Eddie Bauer retail stores, and on its website. (However, this lawsuit is limited to a class of consumers who purchased products at the Outlet Stores in Oregon.)

22.     At its Outlet Stores nationwide, Eddie Bauer advertises perpetual store-wide sales (typically ranging from 40% to 70% off) on all of its products. The purported discounts are calculated from Eddie Bauer's self-created list prices for the products.

23.     The list price (i.e., reference price) is presented by Eddie Bauer as its own regular and normal price for the products from which the discounts are taken. The list price is printed and advertised on each product's price tag. Eddie Bauer advertises percentage-off and dollars-off discounts next to each of the products and throughout the entire store (e.g., at the store's entrance, on the store windows, on the clothing racks and shelves inside the store, and/or on discount stickers on product price tags).

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 5
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

24.     As part of Plaintiff's investigation, Plaintiff's counsel visited several of Eddie Bauer's Outlet Stores in Washington State between March 2016 and April 2019. On every single visit, Plaintiff's counsel witnessed an advertised store-wide sale of between 40% to 70% off everything in the Outlet Store. Based on the investigation of Plaintiff's counsel, Eddie Bauer advertises the same or substantially the same perpetual store-wide sales at all of its Outlet Store locations, including at its Outlet Stores in Oregon. Below are photos taken by Plaintiff's counsel at various Eddie Bauer Outlet Stores in Washington State between March 2016 and April 2019:

**<u>Outlet Store in Tulalip, Washington on March 5, 2016</u>**

 

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 6
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**Outlet Store in Woodinville, Washington on April 2, 2019**




**Outlet Store in North Bend, Washington on April 14, 2019**




CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 7
CASE NO. 2:20-CV-01106

25.     Decades of academic research has established that the use of reference prices, such as those utilized by Eddie Bauer, materially impacts consumers' behavior. A reference price affects a consumer's perception of the value of the transaction, the consumer's willingness to make the purchase, and the amount of money the consumer is willing to pay for the product.[1]

26.     When a reference price is bona fide and truthful, it may help consumers in making informed purchasing decisions. In contrast, consumers are harmed when retailers, such as Eddie Bauer, advertise their products with inflated false reference prices. The false reference prices deceive consumers, deprive consumers of a fair opportunity to accurately evaluate the offer, and result in purchasing decisions based on false pretenses.

27.     False reference prices, such as those employed by Eddie Bauer, cause consumers to pay more than they otherwise would have paid for products and to buy products that they otherwise would not have bought. False reference prices also fraudulently increase consumer demand for products. This fraud-on-the-market shifts the demand curve and enables retailers to charge higher prices than they otherwise could have charged.

28.     In addition to harming consumers, the practice of employing false reference prices also negatively affects the integrity of competition in retail markets. A retailer's use of false reference prices constitutes an unfair method of competition and harms honest

---

[1] See, *e.g.*, Rajesh Chandrashekaran & Dhruv Grewal, *Assimilation of Advertised Reference Prices: The Moderating Role of Involvement*, 79 J. Retailing 53 (2003); Pilsik Choi & Keith S. Coulter, *It's Not All Relative: The Effects of Mental and Physical Positioning of Comparative Prices on Absolute Versus Relative Discount Assessment*, 88 J. Retailing 512 (2012); Larry D. Compeau & Dhruv Grewal, *Comparative Price Advertising: An Integrative Review,* 17 J. Pub. Pol'y & Mktg. 257 (1998); Larry D. Compeau, Dhruv Grewal & Rajesh Chandrashekaran, *Comparative Price Advertising: Believe It or Not*, 36 J. Consumer Aff. 284 (2002); David Friedman, *Reconsidering Fictitious Pricing*, 100 Minn. L. Rev. 921 (2016); Dhruv Grewal & Larry D. Compeau, *Consumer Responses to Price and its Contextual Information Cues: A Synthesis of Past Research, a Conceptual Framework, and Avenues for Further Research*, in 3 Rev. of Mktg. Res. 109 (Naresh K. Malhotra ed., 2007); Daniel J. Howard & Roger A. Kerin, *Broadening the Scope of Reference Price Advertising Research: A Field Study of Consumer Shopping Involvement*, 70 J. Mktg. 185 (2006); Aradhna Krishna, Richard Briesch, Donald R. Lehmann & Hong Yuan, *A Meta-Analysis of the Impact of Price Presentation on Perceived Savings*, 78 J. Retailing 101 (2002); Balaji C. Krishnan, Sujay Dutta & Subhash Jha, *Effectiveness of Exaggerated Advertised Reference Prices: The Role of Decision Time Pressure*, 89 J. Retailing 105 (2013); and Tridib Mazumdar, S. P. Raj & Indrahit Sinha, *Reference Price Research: Review and Propositions*, 69 J. Mktg. 84 (2005).

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 8
CASE NO. 2:20-CV-01106

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

competitors that sell the same or similar products, or otherwise compete in the same market, using valid and accurate reference prices. Businesses who play by the rules—and the investors in those businesses—are penalized if the unlawful advertising practices of their competitors go unchecked.

29.     Federal and state courts have articulated the abuses that flow from false reference pricing practices. For example, the United States Court of Appeals for the Ninth Circuit explained: "Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain, therefore have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013).

30.     Oregon law prohibits false reference pricing practices such as those perpetrated by Eddie Bauer. Oregon's Unlawful Trade Practices Act (UTPA) broadly prohibits: "Mak[ing] false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions." ORS 646.608(1)(j).

31.     Oregon's UTPA explicitly prohibits reference price advertising which uses terms such as "regular," "sale," "originally," and "clearance" where the reference price was not in fact the retailer's own former price for the product. ORS 646.608(ee); ORS 646.885(1).

32.     Oregon's UTPA also explicitly prohibits reference price advertising which uses terms such as "_____ percent discount," "$_____ discount," "_____ percent off" and/or "$_____ off" where the reference price was not in fact the retailer's own former price for the product. ORS 646.608(ee); ORS 646.885(2).

33.     Eddie Bauer's advertised reference prices and discounts (including its percentage-off and dollars-off discounts) in its Outlet Stores violate Oregon law because, based on the investigation of Plaintiff's counsel, Eddie Bauer's advertised reference prices are inflated and fictitious, and its advertised percentage-off and dollars-off discounts are false.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 9
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

34.     Eddie Bauer's discounts and reference prices are false because Eddie Bauer rarely if ever offers the products at the advertised list price. Eddie Bauer invents inflated and fictitious list prices so that it can advertise perpetual store-wide "sale" events and product discounts to induce customers to purchase its products.

35.     Nearly all of the products (more than 90%) offered at the Outlet Stores are manufactured exclusively for the Outlet Stores and have never been offered at the conventional Eddie Bauer retail stores or on the Eddie Bauer website. For this greater-than-90% of products which are Outlet-exclusive, the advertised discounts are false because Eddie Bauer *never* offered the products at the list price.

36.     For the less-than-10% of products offered at the Outlet Stores that at one time may have been previously offered in Eddie Bauer's conventional retail stores (Eddie Bauer typically displays these products in the Outlet Stores on a "Clearance" rack), Eddie Bauer never offered the products at list price in its Outlet Stores, and rarely if ever previously offered the products at list price in its conventional Eddie Bauer retail stores or on its website.

37.     Plaintiff's allegations concerning Eddie Bauer's false discount advertising at its Outlet Stores are based in part on Plaintiff's counsel's repeated visits and surveys of several Eddie Bauer Outlet stores. Counsel's in-store investigation shows that the greater-than-90% of products that are Outlet-exclusive are *always* advertised with large discounts, and are never— not even for a single day—offered at the reference price. In addition, regarding the less-than-10% of products which are not exclusive to the Outlet (i.e., "Clearance" rack items which may have been previously offered by conventional Eddie Bauer retail stores or on www.eddiebauer.com), counsel's investigation has confirmed that those products not only have never been offered at Outlet Stores at the reference price; the products have likewise rarely if ever been previously offered at the reference price at conventional Eddie Bauer retail stores or on the Eddie Bauer website.

38.     Plaintiff's counsel has been extensively monitoring Eddie Bauer's website, www.eddiebauer.com, on a daily basis via a proprietary website and data harvesting system since January 16, 2016. Plaintiff's counsel has assembled a comprehensive historical database

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 10
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

of daily prices and screenshots of approximately 2.3 million daily product offerings for

approximately 9,572 products over this more than four-year period. Counsel's simultaneous in-

store investigation meanwhile found that the Eddie Bauer website offers the same products that

are available in the conventional (non-outlet) Eddie Bauer retail stores. Based on counsel's

investigation, the list and sale prices on the website, as well as the sale events advertised on the

website, are the same or substantially the same as the prices and sale events advertised in Eddie

Bauer's conventional (non-outlet) retail stores. Counsel's investigation shows that Eddie Bauer

advertises, on its website and in its conventional (non-outlet) retail stores, continual and

overlapping store-wide sale events of 30% to 50% off all of its products. In the rare instance

where there is a break between these multi-month sale event periods, it is only for a few days,

and on those days Eddie Bauer continues to offer over two-thirds of its products at a discounted

price.

39.     Thus, even for those less-than-10% of Eddie Bauer Outlet products—displayed

on the Outlet "Clearance" racks—which may have been previously offered in the conventional

retail (non-outlet) Eddie Bauer stores, the reference prices are likewise false because even when

the products were offered in those other channels they still had been rarely if ever offered at the

reference price—and never in good faith.

40.     The false reference price and false discount representations by Eddie Bauer at its

Outlet Stores were material to the decisions of consumers to purchase each product. Because of

the false reference price and false discount representations, consumers reasonably believed they

would be receiving significant savings if they purchased these products, and consumers

purchased these products at the Outlet Stores on the basis of these representations in order to

enjoy the purported discounts.

41.     Eddie Bauer's marketing plan is to deceive its customers into believing that its

products are worth, and have a value equal to, the inflated list price, and that the lower

advertised sale price represents a special bargain. In fact, not only are the advertising savings

always false; in many cases the "sale" price is actually *higher* than Eddie Bauer's true regular

selling price for the product.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 11
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

42.     The false or misleading nature of Eddie Bauer's reference prices and discounts was, at all relevant times, masked or concealed such that an ordinary consumer exercising reasonable care under all the circumstances would not have known or discovered their false or misleading nature.

43.     As a direct and proximate result of Eddie Bauer's acts and omissions, all consumers who have purchased a product from an Eddie Bauer Outlet Store in Oregon that was advertised with a reference price or discount (which was false as a matter of course) have been harmed and have suffered ascertainable losses.

44.     Eddie Bauer continues to advertise false reference prices and false discounts at its Oregon Outlet Stores to this day. There is no reason to believe that Eddie Bauer will voluntarily and permanently cease its unlawful practices. Moreover, in the unlikely event that Eddie Bauer were to cease its unlawful practices, Eddie Bauer can and is likely to re-commence these unlawful practices.

45.     In acting toward consumers and the general public in the manner alleged herein, Eddie Bauer acted with and was guilty of malice, fraud, and oppression and acted in a manner with a strong and negative impact upon Plaintiff, the Class, and the public.

## PLAINTIFF'S FACTUAL ALLEGATIONS

46.     On March 22, 2017, Plaintiff Susan Clark visited the Eddie Bauer Outlet Store located at 450 NW 257th Avenue, Suite 200, Troutdale, Oregon 97060.

47.     Ms. Clark saw prominent signs on the Eddie Bauer Outlet Store's windows and posted throughout the store advertising large percentage-off discounts and savings. Ms. Clark reasonably believed that Eddie Bauer was having a special store-wide sale and that the advertised discounts and promised savings were genuine.

48.     Ms. Clark saw an Eddie Bauer Men's Long Sleeve Fast Fleece ¼ Zip ("Fleece Zip") for sale. Ms. Clark viewed signage which stated that the Fleece Zip was on sale for 50% off, at a selling price of $19.99. Ms. Clark viewed the product tag attached to the Fleece Zip, which showed a printed list price of $39.99.

49.     Ms. Clark also saw an Eddie Bauer Women's Jacket Microlight Down

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

("Microlight Jacket") for sale. Ms. Clark viewed signage which stated that the Microlight Jacket was on sale for 50% off, at a selling price of $49.99. Ms. Clark viewed the product tag attached to the Microlight Jacket, which showed a price of $99.99.

50. Ms. Clark reasonably believed that the list prices printed on the product tags of Eddie Bauer's products represented Eddie Bauer's usual and normal selling prices for the products.

51. Ms. Clark reasonably believed that the regular and usual price for the Fleece Zip was the $39.99 price printed on the tag (and from which the "50% off" discount was being calculated). Ms. Clark reasonably believed that the Fleece Zip was thereby worth and had a value of $39.99.

52. Ms. Clark reasonably believed that the regular and usual price for the Microlight Jacket was the $99.99 list price printed on the product tag. Ms. Clark reasonably believed that the Microlight Jacket was thereby worth and had a value of $99.99.

53. Ms. Clark reasonably believed that the $19.99 advertised sale price for the Fleece Zip and the $49.99 advertised sale price for the Microlight Jacket represented huge special discounts of "50% off" Eddie Bauer's normal selling prices for the products.

54. Relying on Eddie Bauer's discount representations and advertised reference prices, Ms. Clark purchased the Fleece Zip and the Microlight Jacket.

55. On the paper receipt that Ms. Clark received at the cash register and which Ms. Clark viewed, Eddie Bauer made additional product pricing and value representations regarding the products. Eddie Bauer printed on the receipt that the price for the Fleece Zip was "1 @ 39.99", and directly below that Eddie Bauer printed that Ms. Clark was enjoying an "Item Discount 50.00%" of "(20.00)". Eddie Bauer printed on the receipt that the price for the Microlight Jacket was "1 @ 99.99", and directly below that Eddie Bauer printed that Ms. Clark was enjoying an "Item Discount 50.00%" of "(50.00)". Further down on the receipt, Eddie Bauer stated "Total Discount (70.00)". These representations on the receipt further indicated to Ms. Clark that the Fleece Zip had a value of, and was normally and usually sold for, $39.99, and that the Microlight Jacket had a value of, and was normally and usually sold for, $99.99,

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 13
CASE NO. 2:20-CV-01106

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

and that the lower prices she paid were true bargain prices after Eddie Bauer applied a "50% off" discount on the products.

56.     However, Eddie Bauer's reference prices and advertised discounts were false and deceptive. Based on the investigation of Plaintiff's counsel, both the Fleece Zip and the Microlight Jacket were Eddie Bauer Outlet-exclusive items; they were never offered or sold anywhere else. And in reality and unbeknownst to Ms. Clark, Eddie Bauer had *never* offered the Fleece Zip for the purported regular price of $39.99 or the Microlight Jacket for the purported regular price of $99.99. In fact, the products were *always* offered at discounts of between 40% to 70% off the list prices printed on their tags.

57.     Eddie Bauer had defrauded Ms. Clark. Ms. Clark did not receive the discounts that Eddie Bauer represented to and promised her. The Fleece Zip was not worth the $39.99 price, and the Microlight Jacket was not worth the $99.99 price, that Eddie Bauer had led her to believe.

58.     On April 5, 2018, Ms. Clark visited the Eddie Bauer Outlet Store located at 1001 North Arney Road, Suite 600, Woodburn, Oregon 97071. Ms. Clark visited the Eddie Bauer Outlet Store in order to exchange the Microlight Jacket that she had previously purchased because it had a broken zipper. However, the store no longer carried the Microlight Jacket that she was returning, so she was instead given a $49.99 credit usable towards another purchase.

59.     While browsing Eddie Bauer's selection of women's jackets to find a replacement, Ms. Clark went to the "Clearance" section of the store and viewed an Eddie Bauer Women's MicroTherm StormDown Hooded Jacket, color Purple Haze ("StormDown Jacket").

60.     Ms. Clark viewed the product tag attached to the StormDown Jacket, which showed two prices: a list price of $229.00, and a second, reduced price of $199.99 on a red sticker. Ms. Clark also viewed adjacent signs which indicated that the StormDown Jacket was on sale for 50% off the lowest price marked on the tag.

61.     Based on Eddie Bauer's representations, Ms. Clark reasonably believed that Eddie Bauer had regularly offered the StormDown Jacket for $229.00 in the past, and then

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 14
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

recently at $199.99, and that Eddie Bauer was now offering the jacket at a final "Clearance" sale price of $99.99.

62.     Based on Eddie Bauer's representations, Ms. Clark reasonably believed that the StormDown Jacket had a value of, and was worth, at least $199.99.

63.     Ms. Clark reasonably believed that the $99.99 "Clearance" sale price of the StormDown Jacket represented a discount of 50% off Eddie Bauer's most recent regular selling price of $199.99 for the jacket, and a discount of more than 50% off the regular past selling price of the jacket of $229.00.

64.     Relying on Eddie Bauer's discount representations and advertised reference prices, Ms. Clark purchased the StormDown Jacket. Ms. Clark applied her $49.99 exchange credit towards the $99.99 purchase price and paid the balance on her debit card.

65.     On the paper receipt that Ms. Clark received at the cash register and which Ms. Clark viewed, Eddie Bauer made additional product pricing and value representations regarding the StormDown Jacket. Eddie Bauer printed on the receipt that the price for the StormDown Jacket was "1 @ 199.99", and directly below that Eddie Bauer printed that Ms. Clark was enjoying an "Item Discount 50.00%" of "(100.00)". These representations on the receipt further indicated to Ms. Clark that the StormDown Jacket had a value of, and was recently normally and usually sold for, $199.99, and that the "Clearance" price she paid was a true bargain price after Eddie Bauer applied a "50% off" discount.

66.     However, Eddie Bauer's reference prices and advertised discounts for the StormDown Jacket were false and deceptive. In reality, and unbeknownst to Ms. Clark, based on counsel's investigation Eddie Bauer had not offered the StormDown Jacket in the "Purple Haze" color (or in any color), in *any* of its sales channels (including not in its Eddie Bauer Outlet stores, not in its conventional Eddie Bauer retail stores, and not on its website) at the price of $199.99 or greater at *any* time in the immediately preceding 600 days. In fact, Eddie Bauer had <u>always</u> offered the StormDown Jacket at a price far less than $199.99 over the preceding 600 days.

67.     Eddie Bauer had defrauded Ms. Clark. Ms. Clark did not receive the discount

HATTIS & LUKACS
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

that Eddie Bauer represented and promised. The StormDown Jacket was not worth either the $199.99 or the $229.00 price that Eddie Bauer had led her to believe.

68.     Eddie Bauer's advertised list prices and its advertised discounts of 50% off or more were material misrepresentations and inducements to both Ms. Clark's March 22, 2017, purchase and Ms. Clark's April 5, 2018, purchase.

69.     These misrepresentations by Eddie Bauer are material misrepresentations, in that they are the type of representations on which a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

70.     Ms. Clark reasonably relied on Eddie Bauer's material misrepresentations regarding the reference prices and advertised discounts for the Fleece Zip, the Microlight Jacket, and the StormDown Jacket.

71.     If Ms. Clark had known the truth, she would not have purchased the products at the prices she paid.

72.     As a direct and proximate result of Eddie Bauer's acts and omissions, Ms. Clark was harmed, suffered an injury-in-fact, and lost money or property.

73.     Ms. Clark first learned of Eddie Bauer's false advertising scheme, and that she was likely a victim of the scheme, on March 13, 2020. Prior to then, Ms. Clark was not aware of Eddie Bauer's false discount advertising scheme, and was not aware that the reference prices and discounts Eddie Bauer had previously advertised to her and upon which she had relied in purchasing her products, were false. (While Ms. Clark first learned of Eddie Bauer's false advertising scheme on March 13, 2020, almost all of the members of the Class are not aware, at the time of the filing of this Complaint, of Eddie Bauer's false discount advertising scheme.)

74.     Ms. Clark has a legal right to rely now, and in the future, on the truthfulness and accuracy of Eddie Bauer's representations regarding the advertised reference prices and discounts at its Oregon Outlet Stores.

75.     Ms. Clark would shop at one of Eddie Bauer's Oregon Outlet Stores again if she could have confidence regarding the truth of Eddie Bauer's prices and the value of its products.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 16
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

76.     Ms. Clark will be harmed if, in the future, she is left to guess as to whether Eddie Bauer is providing a legitimate sale or not, and whether products are actually worth the amount that Eddie Bauer is representing.

77.     If Ms. Clark were to purchase again from an Oregon Outlet Store without Eddie Bauer having changed its unlawful and deceptive conduct alleged herein, Ms. Clark would be harmed on an ongoing basis and/or would be harmed once or more in the future.

78.     The deceptive practices and policies alleged herein, and experienced directly by Ms. Clark, are not limited to any single product or group of products. Rather, Eddie Bauer's deceptive advertising, sales practices, and printed sales receipts, which advertise and state false reference prices and false percentage-off and dollars-off discounts, were, and continue to be, systematic and pervasive across all of Eddie Bauer's products at its Outlet Stores in Oregon.

## CLASS ACTION ALLEGATIONS

79.     Plaintiff Clark brings this class action lawsuit on behalf of herself and the members of the following Oregon class (the "Class"):

> **All persons who, within the applicable limitations period, purchased from an Eddie Bauer Outlet Store located in the State of Oregon one or more products which were advertised or promoted by displaying or disseminating a reference price or discount.**

a.     The applicable limitations period is expansive and extends back decades based on the "discovery" rule explicitly provided for in the Oregon Unlawful Trade Practices Act. *See* ORS 646.638(6). Eddie Bauer's unlawful false discounting practices have been pervasive at its Oregon Outlet stores—and have been at the core of its marketing plan—for decades (the exact length of time will be subject to discovery and proof). By Eddie Bauer's design, the false advertising scheme by its very nature is hidden and impossible for the typical consumer to discover. Plaintiff and the members of the Class did not know, and could not have known, that these reference prices and discount representations were false. Thus, the applicable limitations period—and the corresponding class period—extends back to the very first date that Eddie Bauer began engaging in the unlawful conduct alleged herein.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

80.     Specifically excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, Defendants' agents and employees and attorneys, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

81.     **Numerosity.** Plaintiff does not know the exact number of Class members but is informed and believes that the Class easily comprises thousands of individuals. As such, Class members are so numerous that joinder of all members is impracticable.

82.     **Commonality and Predominance.** All claims in this action arise exclusively from the uniform policies and procedures of Eddie Bauer as outlined herein. This action involves multiple common questions which are capable of generating class-wide answers that will drive the resolution of this case. These common questions include, but are not limited to, the following:

a.     Eddie Bauer's policies and actions regarding its advertising for and in its Oregon Outlet Stores;

b.     Eddie Bauer's policies and actions regarding its advertising for and in its conventional (non-outlet) Eddie Bauer retail stores and website;

c.     How long Eddie Bauer has been engaging in the false reference price and false discount advertising practices alleged herein;

d.     Whether a reasonable consumer is likely to be deceived by Eddie Bauer's conduct and omissions alleged herein;

e.     Whether the alleged conduct of Eddie Bauer violates the Oregon Unlawful Trade Practices Act, ORS § 646.605 *et seq.*;

f.     Whether Plaintiff and the Class have suffered ascertainable losses as a result of Eddie Bauer's unlawful conduct;

g.     Whether Eddie Bauer should be ordered to pay statutory damages of $200 to Plaintiff and to each Class member; and/or

h.     Whether Eddie Bauer should be enjoined from further engaging in the unlawful conduct alleged herein.

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

83.   **Typicality.** Plaintiff's claims are typical of Class members' claims. Plaintiff is a member of the Class she seeks to represent. All claims of Plaintiff and the Class arise from the same course of conduct, policy and procedures as outlined herein. Plaintiff and Class members all suffered an ascertainable loss as a result of Eddie Bauer's unlawful pricing practices and schemes alleged herein.

84.   **Adequacy.** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel who has considerable experience and success in prosecuting complex class action and consumer protection cases.

85.   **Superiority.** A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Eddie Bauer's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the judicial system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial in this case.

86.   By its conduct and omissions alleged in this Complaint, Eddie Bauer has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

87.   Without the proposed class action, Eddie Bauer will likely retain the benefits of its wrongdoing and will continue the complained-of practices, which will result in further damages to Plaintiff and Class members.

88.   The nature of Eddie Bauer's misconduct is non-obvious and/or obscured from public view, and neither Plaintiff nor the members of the Class could have, through the use of reasonable diligence, learned of the accrual of their claims against Eddie Bauer at an earlier

1    time. This Court should apply the discovery rule (which is explicitly provided for in the Oregon

2    Unlawful Trade Practices Act at ORS 646.638(6)) to extend the applicable limitations period—

3    and the corresponding class period—to the date on which Eddie Bauer first began perpetrating

4    the false reference price and false discount advertising scheme alleged herein.

## CAUSES OF ACTION

### COUNT I
**Violation of the Oregon Unlawful Trade Practices Act**
**Oregon Revised Statutes § 646.605 *et seq.***

8    89.    Plaintiff realleges and incorporates by reference all paragraphs alleged

9    hereinbefore.

10    90.    Plaintiff Clark pleads this count in two separate capacities: in her individual

11    capacity and as a putative class representative serving on behalf of all others similarly situated.

12    91.    The Oregon Unfair Trade Practices Act (the "UTPA"), ORS § 646.605 *et seq*., is

13    Oregon's principal consumer protection statute. As the Supreme Court of Oregon has

14    explained:

> **The civil action authorized by ORS 646.638 is designed to encourage private enforcement of the prescribed standards of trade and commerce in aid of the act's public policies as much as to provide relief to the injured party. This is apparent from the section itself. It allows recovery of actual damages or $200, whichever is greater, plus punitive damages, costs, and attorney fees. . . . The evident purpose is to encourage private actions when the financial injury is too small to justify the expense of an ordinary lawsuit . . . . the legislature was concerned as much with devising sanctions for the prescribed standards of trade and commerce as with remedying private losses, and that such losses therefore should be viewed broadly. The private loss indeed may be so small that the common law likely would reject it as grounds for relief, yet it will support an action under the statute.**

22    *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Or. 127, 134–36, 690 P.2d 488, 493–94 (1984). A

23    private plaintiff may also seek an injunction "as may be necessary to ensure cessation of

24    unlawful trade practices." ORS 646.636.

25    92.    Defendants Eddie Bauer LLC and Eddie Bauer Parent LLC (collectively, "Eddie

26    Bauer") are each a "person," as defined by ORS 646.605(4).

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 20
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

93.     Eddie Bauer is engaged in "trade" and "commerce" in Oregon by offering for sale goods with reference prices and discounts that directly or indirectly affect the people of Oregon, as defined by ORS 646.605(8).

94.     The products advertised by Eddie Bauer with reference prices and discounts are "goods" that are or may be obtained primarily for personal, family or household purposes, as defined by ORS 646.605(6).

95.     Plaintiff and the Class purchased the goods advertised by Eddie Bauer with reference prices and discounts for personal, family or household purposes.

96.     The unlawful methods, acts and practices pled herein were committed in the course of Eddie Bauer's business. ORS 646.608(1).

97.     Eddie Bauer's unlawful methods, acts and practices pled herein were "willful violations" of ORS 646.608 because Eddie Bauer knew or should have known that its conduct was a violation, as defined by ORS 646.605(10).

98.     Eddie Bauer's representations of reference prices and discounts in its Outlet Stores are "advertisements" as defined by ORS 646.881(1).

99.     Eddie Bauer's use of reference prices and advertised discounts are "price comparisons" as defined by ORS 646.881(2).

100.    Eddie Bauer's list prices are representations of Eddie Bauer's own "former prices," or in the case of labeled introductory advertisements are representations of Eddie Bauer's "future price," as defined by ORS 646.885.

101.    Eddie Bauer's methods, acts and practices, including Eddie Bauer's misrepresentations, active concealment and failures to disclose, violated and continue to violate the UTPA in ways including, but not limited to, the following:

1.      Eddie Bauer represented its goods had characteristics or qualities that the goods did not have (specifically, Eddie Bauer represented that the goods had a value equal to the reference price, when in fact they did not and instead had a much lower true value). ORS 646.608(1)(e);

2.      Eddie Bauer advertised its goods with intent not to provide the goods as

advertised (specifically, Eddie Bauer represented that the goods had a value equal to the reference price, when in fact they did not and instead had a much lower true value). ORS 646.608(1)(i);

        3.     Eddie Bauer made false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions. ORS 646.608(1)(j);

        4.     Eddie Bauer engaged in price comparison advertising in violation of ORS 646.883(2) by failing to comply with ORS 646.608(1)(j) and ORS 646.608(4). ORS 646.608(ee);

        5.     Eddie Bauer engaged in price comparison advertising in violation of ORS 646.885(1) by using terms such as "regular," "reduced," "sale," "usually," "originally," "clearance," "liquidation," and/or "formerly" where the reference price was not in fact Eddie Bauer's own former price, or in the case of introductory advertisements, was not Eddie Bauer's future price. ORS 646.608(ee);

        6.     Eddie Bauer engaged in price comparison advertising in violation of ORS 646.885(2) by using terms such as "____ percent discount," "$____ discount," "____ percent off" and/or "$____ off" where the reference price was not in fact Eddie Bauer's own former price, or in the case of introductory advertisements, was not Eddie Bauer's future price. ORS 646.608(ee); and

        7.     Eddie Bauer engaged in other unfair or deceptive conduct in trade or commerce, as described herein. ORS 646.608(1)(u); ORS 646.608(4).

102.    With respect to omissions, Eddie Bauer at all relevant times had a duty to disclose the information in question because, inter alia: (a) Eddie Bauer had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Eddie Bauer concealed material information from Plaintiff and the Class; and/or (c) Eddie Bauer made partial representations which were false and misleading absent the omitted information.

103.    Eddie Bauer's misrepresentations and nondisclosures deceive and have a tendency to deceive a reasonable consumer and the general public.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 22
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

104. Eddie Bauer's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

105. Eddie Bauer engaged in the reckless or knowing use or employment of the unlawful methods, acts or practices alleged herein which have been declared unlawful by ORS 646.608.

106. As a direct, substantial and/or proximate result of Eddie Bauer's conduct, Plaintiff and Class members suffered ascertainable losses and injury to business or property.

107. Plaintiff and Class members would not have purchased the products at the prices they paid, if they had known that the advertised reference prices and discounts were false.

108. Plaintiff and Class members paid more than they otherwise would have paid for the products they purchased from Eddie Bauer.

109. Eddie Bauer's false reference pricing scheme fraudulently increased demand from consumers. This fraud-on-the-market shifted the demand curve and enabled Eddie Bauer to charge higher prices than it otherwise could have charged.

110. The products that Plaintiff and Class members purchased were not, in fact, worth as much as Eddie Bauer represented them to be worth.

111. Plaintiff seeks, on behalf of herself and the Class: (1) the greater of statutory damages of $200 or actual damages; (2) punitive damages; (3) appropriate equitable relief and/or restitution; and (4) attorneys' fees and costs. ORS 646.638(3); ORS 646.638(8).

112. The unlawful acts and omissions pled herein were, are, and continue to be part of a pattern or generalized course of conduct. Eddie Bauer's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Eddie Bauer from committing such unlawful practices. ORS 646.638(1); ORS 646.638(8)(c); ORS 646.636.

113. The balance of the equities favors the entry of permanent injunctive relief against Eddie Bauer. Plaintiff, the Class members and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Eddie Bauer. Plaintiff, the Class

members and the general public lack an adequate remedy at law. A permanent injunction against Eddie Bauer is in the public interest. Eddie Bauer's unlawful behavior is ongoing as of the date of the filing of this Complaint. If not enjoined by order of this Court, Eddie Bauer will or may continue to injure Plaintiff and Oregon consumers through the misconduct alleged herein. Absent the entry of a permanent injunction, Eddie Bauer's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, it is capable of repetition and is likely to reoccur.

114. Eddie Bauer's conduct has caused substantial injury to the general public. Plaintiff individually seeks public injunctive relief to protect the general public by putting an end to Eddie Bauer's false reference price advertising, false discounts and omissions.

115. This action was brought "within one year after the discovery of the unlawful method, act or practice." ORS 646.6.

116. The applicable limitations period is expansive and extends back decades based on the "discovery" rule explicitly provided for in the Oregon Unlawful Trade Practices Act at ORS 646.638(6). Eddie Bauer's unlawful false discounting practices have been pervasive at its Oregon Outlet stores—and at the core of its marketing plan—for decades (the exact length of time will be subject to discovery and proof).

117. Plaintiff and the Class members did not know, and could not have known, that these reference prices and discount representations were false. As the Oregon Supreme Court has explained, "In general terms, a cause of action does not accrue under the discovery rule until the claim has been discovered or, in the exercise of reasonable care, should have been discovered." *FDIC v. Smith* 328 Or. 420, 428, 980 P.2d 141 (1999). *See also Saenz v. Pittenger*, 78 Or.App. 207, 211–12, 715 P.2d 1126 (1986) (UTPA statute of limitations begins running when plaintiff knows or should have known of the allegedly unlawful conduct).

118. Ms. Clark first learned of Eddie Bauer's false advertising scheme, and that she was likely a victim of the scheme, on March 13, 2020. Prior to that date, Ms. Clark was not aware of Eddie Bauer's false discount advertising scheme and was not aware that the reference prices and discounts Eddie Bauer had previously advertised to her and upon which she had

relied in purchasing her products were false.

119.    While Ms. Clark first learned of Eddie Bauer's false advertising scheme on March 13, 2020, almost all of the members of the Class are *still* not aware, at the time of the filing of this Complaint, of Eddie Bauer's false discount advertising scheme.

120.    By Eddie Bauer's design, the false advertising scheme by its very nature is hidden and impossible for the typical consumer to discover. Consumers who shopped at Eddie Bauer Outlet Stores would have no way to know the true daily price histories and past selling prices for the products they viewed and purchased. Consumers would have no way to know that the list prices printed on the product tags were fictitious and inflated and that the advertised percentage-off and dollars-off savings were false. Consumers would have no way to know that Eddie Bauer's false discounting practices extended across all of Eddie Bauer's products and stores and sales channels.

121.    In fact, counsel for Plaintiff only found evidence for Eddie Bauer's advertising scheme as part of an expensive and expansive 54-month investigation of Eddie Bauer's pricing practices in general. Counsel investigated not only Eddie Bauer Outlet Stores, but also traditional Eddie Bauer retail stores and the Eddie Bauer website. This investigation included utilizing a proprietary data harvesting system to collect pricing data from Eddie Bauer's website for over 9,572 products on a daily basis, including screenshots and extracted reference and sales price information for over 2.3 million daily product offerings. The data showed the pervasiveness of Eddie Bauer's false discounting and how the scheme was at the core of Eddie Bauer's marketing plan. This comprehensive, big-data analysis, which included analysis of data points for every single product offering on every single day for a more than a four-year period, conclusively showed that Eddie Bauer never, or almost never, previously offered its products at its advertised list prices. Since 2016, Plaintiff's counsel has also surveyed Eddie Bauer's Outlet Stores and traditional Eddie Bauer retail stores and found that this false advertising scheme extended to and included all of Eddie Bauer's marketing and pricing in its Outlet and retail brick-and-mortar stores.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 25
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

122.    The bottom line is that the members of the Class have not discovered, and could not have reasonably discovered, Eddie Bauer's false discounting scheme. Based on information and belief, almost all of the Class will learn of the scheme for the very first time upon court-ordered class notice in this case.

### PRAYER FOR RELIEF

On behalf of herself and the proposed Class, Plaintiff Susan Clark requests that the Court order relief and enter judgment against Defendants Eddie Bauer LLC and Eddie Bauer Parent LLC ("Eddie Bauer") as follows:

a.    Declare this action to be a proper class action, certify the proposed Class, and appoint Plaintiff and her counsel to represent the Class;

b.    Declare that the discovery rule, pursuant to, without limitation, ORS 646.638(6), applies and that the applicable limitations period—and the corresponding class period—extends back to the very first date that Eddie Bauer began engaging in the unlawful conduct alleged herein;

c.    Order each Defendant to pay statutory damages of $200 or actual damages, whichever is greater, to Plaintiff and to each member of the Class, pursuant to, without limitation, ORS 646.638(1) and 646.638(8)(a);

d.    Order each Defendant to pay punitive damages to Plaintiff and the Class in an amount to be determined at trial, pursuant to, without limitation, ORS 646.638(1) and 646.638(8)(b);

e.    Order disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that each Defendant obtained, directly or indirectly, from Plaintiff and the Class members or otherwise as a result of the unlawful conduct alleged herein, pursuant to, without limitation, ORS 646.638(1), ORS 646.638(8)(c) and ORS 646.636;

f.    Permanently enjoin Defendants from the unlawful conduct alleged herein pursuant to, without limitation, ORS 646.638(1), ORS 646.638(8)(c) and ORS 646.636;

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 26
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

g.      Order that Eddie Bauer maintain the following records for at least two years from the date of each advertisement and/or offer for sale of products at Eddie Bauer's Outlet Stores, at its conventional non-outlet retail stores and on its website, for auditing purposes to ensure compliance with the ordered injunctive relief: (1) the advertised reference price for each item; (2) the source of the reference price; (3) the offer price and/or net selling price of each item; and (4) any sale event discount percentage and/or any other discount that was advertised and/or applicable to each product;

h.      Retain jurisdiction to monitor Defendants' compliance with the permanent injunctive relief;

i.      Order any other equitable relief the Court deems appropriate, pursuant to, without limitation, ORS 646.638(1), ORS 646.638(8)(c) and ORS 646.636;

j.      Order each Defendant to pay attorneys' fees, costs, and pre-judgment and post-judgment interest to the extent allowed by law; and

k.      Provide all other relief to which Plaintiff and the Class may show themselves justly entitled.

## **JURY DEMAND**

Plaintiff Susan Clark demands trial by jury on all issues so triable.

Respectfully submitted, this 16th day of July, 2020, by:

HATTIS & LUKACS

By: _____
Daniel M. Hattis

By: _____
Paul Karl Lukacs

By: _____
Che Corrington

Daniel M. Hattis, WSBA No. 50428
dan@hattislaw.com
Paul Karl Lukacs, WSBA No. 56093
pkl@hattislaw.com

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 27
CASE NO. 2:20-CV-01106

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Che Corrington, WSBA No. 54241
che@hattislaw.com
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171

Attorneys for Plaintiff Susan Clark
and the Proposed Class

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF- 28
CASE NO. 2:20-CV-01106