THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK, for Herself and/or on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC; and<br>EDDIE BAUER PARENT LLC,<br><br>Defendants. | Civil Action No.: 2:20-cv-1106-JCC<br><br>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Note for Motion Calendar:<br>Friday, September 18, 2020<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO DISMISS
Case No. 2:20-cv-1106

**TABLE OF CONTENTS**

**Page**

I.  Introduction and Summary of Argument ..........................................................................1

II. Factual Background ........................................................................................................2

    A.  Plaintiff's Allegations ...........................................................................................2

    B.  Eddie Bauer's Unlimited Return Policy—Plaintiff's Full Refund .......................4

III. Plaintiff's Request for Injunctive Relief and Restitution are Barred Because She
    Fails to Plausibly Allege that She Lacks an Adequate Remedy at Law ............................5

IV. Plaintiff's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction .............7

    A.  Applicable Standard Under Rule 12(b)(1) .............................................................7

    B.  Plaintiff Lacks Article III Standing to Seek Injunctive Relief...............................8

    C.  Plaintiff Lacks Article III Standing to Seek Monetary Relief ...............................9

    D.  Plaintiff's Claims for Monetary Relief Are Also Moot .......................................11

V.  Plaintiff Fails to State a Claim .....................................................................................11

    A.  Applicable Standard Under Rule 12(b)(6) ...........................................................11

    B.  Plaintiff's Claims Are Time-Barred....................................................................12

    C.  Plaintiff's Claims Fail Under Rule 9(b) Because She Did Not Plead Facts
        Demonstrating that Eddie Bauer's Pricing is Inaccurate or Deceptive.................14

    D.  Plaintiff Fails to Allege Ascertainable Loss ........................................................17

        1.  Eddie Bauer's Return Policy Prevents Plaintiff from Establishing
            Any Ascertainable Loss ..........................................................................17

        2.  None of Plaintiff's Proposed Theories Support an Ascertainable
            Loss Because Plaintiff Got What She Paid For .......................................18

            a.  The Oregon Supreme Court's Decision in *Pearson* ....................18

            b.  Plaintiff's "Diminished Value" Theory Fails ...............................20

            c.  The "Product Purchase Price" Theory Fails ................................22

VI. Conclusion .................................................................................................................24

MOTION TO DISMISS
Case No. 2:20-cv-1106

I

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amirhamzeh v. Chase Bank USA, N.A.*,
   2014 WL 641705 (C.D. Cal. Feb. 7, 2014).......................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................................... 11

*Becker v. Skype Inc.*,
   No. 5:12CV06477, 2014 WL 556697 (N.D. Cal. Feb. 10, 2014)...................................... 10

*Belcastro v. Burberry Ltd.*,
   2017 WL 744596 (S.D.N.Y. Feb. 23, 2017).................................................................... 21

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ........................................................................................ 12

*U.S. ex rel. Bogina III v. Medline Indus., Inc.*,
   809 F.3d 365 (7th Cir. 2016) .......................................................................................... 16

*Brandon v. Nat'l R.R. Passenger Corp. Amtrak*,
   2013 WL 800265 (C.D. Cal. Mar. 1, 2013)..................................................................... 11

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) .......................................................................................... 7

*Chowning v. Kohl's Dept. Stores, Inc.*,
   735 F. App'x 924 (9th Cir. 2018), *amended on denial of reh'g*, 733 F. App'x
   404 (9th Cir. 2018)........................................................................................................... 21

*Clapper v. Amnesty Int'l USA*,
   133 S. Ct. 1138 (2013).................................................................................................... 10

*Commodity Credit Corp. v. Rosenberg Bros. & Co., Inc.*,
   243 F.2d 504 (9th Cir. 1957) .......................................................................................... 17

*Cty. of Los Angeles v. Davis*,
   440 U.S. 625 (1979)........................................................................................................ 10

*Cumulus Media, Inc. v. Donovan*,
   2004 WL 2958416 (D. Or. Dec. 20, 2004) ...................................................................... 6

*DaCorta v. AM Retail Group, Inc.*,
   2018 WL 557909 (S.D.N.Y. Jan. 23, 2018).................................................................... 21

MOTION TO DISMISS
Case No. 2:20-cv-1106

II

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Demmler v. ACH Food Cos., Inc.*,
  2016 WL 4703875 (D. Mass. June 9, 2016) ........................................................................... 10

*Denson v. Ron Tonkin*,
  279 Or. 85 (1977) (en banc) ........................................................................................................ 16

*In re Ditropan XL Antitrust Litig.*,
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) ....................................................................................... 8

*Epstein v. JPMorgan Chase & Co.*,
  2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) .......................................................................... 10

*Eusiquio v. State*,
  243 Or. App. 100 (Or. App. 2011) ................................................................................................ 6

*Foster v. Carson*,
  347 F.3d 742 (9th Cir. 2003) .......................................................................................................... 9

*Franklin v. Gwinnett Cnty. Pub. Sch.*,
  503 U.S. 60 (1992) ............................................................................................................................ 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*,
  528 U.S. 167 (2000) .......................................................................................................................... 9

*Gaston v. Parsons*,
  318 Or. 247 (1994) ......................................................................................................................... 12

*GCB Commc'ns v. U.S. S. Commc'ns Inc.*,
  650 F.3d 1257 (9th Cir. 2011) ..................................................................................................... 10

*Gerboc v. ContextLogic, Inc.*,
  867 F.3d 675 (6th Cir. 2017) ....................................................................................................... 21

*Gilberto v. Walgreen Co.*,
  2019 WL 9441666 (D. Or. Oct. 20, 2019) ............................................................................... 20

*GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994), *superseded by statute on other grounds as stated
  in Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013) ........................... 12

*Green v. United States*,
  630 F.3d 1245 (9th Cir. 2011) ........................................................................................................ 8

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) .................................................................................... 16

*Hamilton v. Gen. Mills, Inc.*,
  2016 WL 6542840 (D. Or. Nov. 2, 2016) ...................................................................... 10, 11, 17

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Hamilton v. General Mills*,
    2016 WL 4060310 (D. Or. July 27, 2016) ................................................................. 9

*Harbers v. Eddie Bauer LLC*,
    Case No. 2:19-cv-00968-JLR (W.D. Wash) ............................................................... 3

*Harbers v. Eddie Bauer LLC*,
    Case No. 2:19-cv-01012-JLR (W.D. Wash) ............................................................... 3

*Harlow v. Oregonian Pub. Co.*,
    45 Or. 520 (1904) ...................................................................................................... 6

*Harris v. PFI W. Stores, Inc.*,
    2020 WL 3965022 (C.D. Cal. Apr. 9, 2020) ............................................................. 9

*Hayes v. Wal-Mart Stores Inc.*,
    2014 WL 654542 (D.N.J. Feb. 20, 2014) ................................................................ 11

*Hip Hop Bev. Corp. v. Michaux*,
    729 F. App'x. 599 (9th Cir. 2018) .......................................................................... 13

*Ice v. Hobby Lobby Stores, Inc.*,
    2015 WL 5731290 (N.D. Ohio Sept. 29, 2015) ...................................................... 21

*In re iPhone 4s Consumer Litig.*,
    637 F. App'x 414 (9th Cir. 2016) ........................................................................... 12

*Johnson v. Jos. A. Bank Clothiers*,
    2014 WL 4129576 (S.D. Ohio 2014) ..................................................................... 21

*Kasey v. Molybdenum Corp. of Am.*,
    336 F.2d 560 (9th Cir. 1964) .................................................................................. 13

*Kearney v. Equilon Enterprises, LLC*,
    65 F. Supp. 3d 1033 (D. Or. 2014) ......................................................................... 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................................ 11

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010) .................................................................................. 21

*Lepkowski v. CamelBak Prod., LLC*,
    2019 WL 6771785 (N.D. Cal. Dec. 12, 2019) .................................................... 9, 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 7, 8

MOTION TO DISMISS
Case No. 2:20-cv-1106

IV

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

*Luman v. Theismann*,
    647 F. App'x. 804 (9th Cir. 2016) ........................................................................ 10

*Main v. Gateway Genomics*,
    LLC, No. 15CV2945 AJB (WVG), 2016 WL 7626581 (S.D. Cal. Aug. 1,
    2016) ................................................................................................................ 10

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ............................................................................................ 6

*Mosqueda v. Am. Honda Motor Co., Inc.*,
    -- F.Supp.3d --, 2020 WL 1698710 (C.D. Cal. Mar. 6, 2020) .................................. 7

*Mulder v. Kohl's Dep't Stores, Inc.*,
    2016 WL 393215 (D. Mass., Feb. 1, 2016), *aff'd*, 865 F.3d 17 (1st Cir. 2017) ........ 21

*Mulder v. Kohl's Dep't Stores, Inc.*,
    865 F.3d 17 (1st Cir. 2017) .................................................................................. 21

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) .............................................................. 5, 7

*N.L.R.B. v. Don Burgess Const. Corp.*,
    596 F.2d 378 (9th Cir. 1979) .............................................................................. 13

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) .................................................................................. 16

*Nguyen v. Cree, Inc.*,
    2019 WL 6917887 (D. Or. Dec. 17, 2019) ............................................................ 10

*Paul v. Providence*,
    237 Or. App. 584 (2010) ................................................................................ 17, 18

*Pearson v. Phillip Morris, Inc.*,
    358 Or. 88 (2015) ....................................................................................... *passim*

*Philips v. Ford Motor Co.*,
    726 F. App'x 608 (9th Cir. 2018) ....................................................................... 6, 7

*Rael v. Dooney & Bourke, Inc.*,
    2016 WL 3952219 (S.D. Cal. July 22, 2016) ......................................................... 14

*Rael v. New York & Co., Inc.*,
    2016 WL 7655247 (S.D. Cal. Dec. 28, 2016) ......................................................... 15

*Rubenstein v. The Gap, Inc.*,
    14 Cal. App. 5th 870 (Cal. App. 2d Dist. 2017) ......................................... 13, 17, 22

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Salem Sand & Gravel Co. v. City of Salem*,
    260 Or. 630 (1971) ............................................................................................ 12

*Schertzer v. Samsonite Co. Stores*,
    LLC, 19-CV-639 JLS, 2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ............................ 3, 7, 14

*Seegert v. Luxottica Retail N.A., Inc.*,
    2018 WL 3472561 (S.D. Cal. July 19, 2018) ........................................................ 15

*Shaulis v. Nordstrom*,
    865 F.3d 1 .................................................................................................... 21

*Silva v. Unique Bev. Co., LLC*,
    2017 WL 2642286 (D. Or. June 15, 2017) ........................................................ 20, 22

*Solano v. Kroger Co.*,
    2020 WL 3248221 (D. Or. June 12, 2020) ............................................................ 20

*Sonner v. Premier Nutrition Corp.*,
    962 F.3d 1072 (9th Cir. 2020) ...................................................................... 5, 6, 7

*Spencer-Lugo v. INS*,
    548 F.2d 870 (9th Cir. 1977) (per curiam) ............................................................ 10

*Sperling v. DSWC, Inc.*,
    699 F. App'x 654 (9th Cir. 2017) .................................................................... 14, 16

*Staton v. BAC Home Loans Servicing, L.P.*,
    2011 WL 2213800 (D. Or. June 3, 2011) .............................................................. 6

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............................................................... 10

*Sturgis v. Asset Acceptance, LLC*,
    3:15-CV-00122-AC, 2016 WL 223708 (D. Or. Jan. 19, 2016) ................................... 13

*Tosh-Surryhne v. Abbott Labs. Inc.*,
    2011 WL 4500880 (E.D. Cal. Sept. 27, 2011) ..................................................... 9, 11

*Valencia v. Shell Oil Co.*,
    23 Cal. 2d. 840 (1944) ..................................................................................... 17

*Vavak v. Abbott Labs., Inc.*,
    2011 WL 10550065 (C.D. Cal. June 17, 2011) ....................................................... 11

*Waldron v. Jos. A. Bank Clothiers, Inc.*,
    2013 WL 12131719 (D.N.J. Jan. 28, 2013) .......................................................... 21

MOTION TO DISMISS
Case No. 2:20-cv-1106

VI

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ............................................................................... 8

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ................................................................................. 7

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ................................................................................. 8

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ............................................................................... 12

**Statutes**

Or. Rev. Stat. § 646.638(1) ...................................................................................... 16

Or. Rev. Stat. § 646.638(6) ...................................................................................... 12

Or. Rev. Stat. § 646.638(8)(a) .................................................................................. 16

**Other Authorities**

16 CFR §233.2(c) ....................................................................................................... 8

Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.) ............................... 6

Federal Rules of Civil Procedure Rules 8, 9, 12(b)(1), and 12(b)(6) ................... *passim*

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Defendants Eddie Bauer LLC and Eddie Bauer Parent LLC ("Eddie Bauer") move for an order dismissing Plaintiff Susan Clark's ("Plaintiff") Complaint in its entirety, pursuant to Rules 8, 9, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.  Eddie Bauer bases its motion on the following Memorandum of Points and Authorities, the Declaration of Alison Woerman, and Request for Judicial Notice filed herewith.

**I.    Introduction and Summary of Argument**

Many years ago, Plaintiff purchased three apparel items from Eddie Bauer that she used with satisfaction and without any complaints. Now, however, after extensive use of her purchases, Plaintiff brings this class action lawsuit against Eddie Bauer—complaining that, in retrospect, she thinks she may not have gotten as good of a deal as she could have.

Plaintiff's latent attempt to establish standing and state a claim fails at every turn. Not only has she clearly not been harmed, she has not established (and cannot establish) that she overpaid for any item she purchased. Furthermore, if Plaintiff was in any way dissatisfied with her purchases, she could have returned them—at any time, including even now—pursuant to Eddie Bauer's return policy. Instead, Plaintiff traveled from her home in Oregon to Washington, in order to bring a class action lawsuit against Eddie Bauer—claiming that its price tags are deceptive and violate Oregon's Unlawful Trade Practices Act ("UTPA").

Aside from Plaintiff's lack of standing and inability to state a claim, she also cannot establish the ascertainable loss required to state a UTPA claim, because she received the exact items she wanted—at prices she agreed to pay—and does not claim to have overpaid for any item. Because there is no difference in value between what Plaintiff received and what was represented, there is no possibility of any requisite "ascertainable loss."  That Plaintiff claims, years after her purchases, that she now thinks she may not have saved as much money as she hoped, has no bearing on whether she received the benefit of her bargain.

Plaintiff's claim for injunctive relief also fails because she cannot show that damages under the UTPA would not adequately remedy her alleged injury.  Even if she could clear the

MOTION TO DISMISS
Case No. 2:20-cv-1106

1

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

"adequate remedy" hurdle, there is no risk of any future injury because Eddie Bauer's outlet pricing was updated in a way that moots her claims—long before this suit was filed.  And because Plaintiff could have returned all of her purchases for a full refund, she also lacks Article III standing to seek damages.

Not only does Plaintiff's claim fail to satisfy the requirement of Rule 9(b)—it is also time barred.  Her purchases were over a year ago, and she has not alleged that she could not have reasonably discovered any issues with the pricing she now complains of sooner.  Finally, Plaintiff fails to plead with sufficient particularity any facts to suggest the three items she purchased were perpetually offered on sale.  Her bare conclusory allegations are not sufficient for her case to survive.

## II.    Factual Background

### A.    Plaintiff's Allegations

Plaintiff's case is based on three purchases she made at Oregon Eddie Bauer outlet stores: one on March 22, 2017, where she purchased two items, and another, more than a year later on April 5, 2018, where she purchased one item.  Complaint ¶¶ 46-64.  Each of her purchased items was offered at 50% off the ticketed price.  *Id*.  For one of the items she purchased on March 22, 2017—a Women's MicroLight Down jacket (the "MicroLight" jacket)—she was able to return it, more than a year later, on April 5, 2018—and was able to use the full credit from that prior purchase towards a new purchase.  *Id*. ¶¶ 59, 64.

Plaintiff asserts—in a factually-devoid conclusory fashion—that the ticketed prices on each of the three items she purchased over a 13-month period were "Eddie Bauer Outlet-exclusive items" not "sold anywhere else," and that their ticketed prices were "false because Eddie Bauer rarely, if ever, offered the products at the advertised list price."  Complaint ¶¶ 5, 56; *see also id.* ¶ 66. More generally, Plaintiff claims—without any factual support—that 90% of merchandise in Eddie Bauer outlet stores "are manufactured exclusively for the Outlet Stores"—and she then takes another factually-devoid leap in asserting that Eddie Bauer "*never*

MOTION TO DISMISS
Case No. 2:20-cv-1106

2

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

offered the products at the list price." *Id.* ¶ 35.

Of significance, Plaintiff's allegations in this lawsuit are a red herring, because they primarily relate to Eddie Bauer's regular (non-outlet) stores and its website.[1] *See* Complaint at ¶ 1. Plaintiff's allegations are really comparing the pricing on Eddie Bauer's *website* and its *regular retail stores* to the pricing at Eddie Bauer's *outlets* and concluding that they must be the same (which they should not). Plaintiff's claims in this case are solely limited to Eddie Bauer's outlet pricing, but the only "facts" to support her case are based on her counsel's "monitoring" of pricing on Eddie Bauer's *website*—which are then equated, without factual support, to Eddie Bauer's *regular (non-outlet) stores*—both of which have nothing whatsoever to do with the pricing at Eddie Bauer's outlet stores. Based on this house of cards, Plaintiff concludes that: (1) because Eddie Bauer's mainline stores are purportedly "always on sale"; and (2) that Eddie Bauer's outlet stores presumably follow suit. *Id.*

Plaintiff's Complaint alleges that her counsel made "repeated visits" to "several" Eddie Bauer Outlet stores, but those "visits" were actually only in Washington, on only three days, spanning four years—March 5, 2016, April 2, 2019, and April 14, 2019—years before and after Plaintiff's purchases. Complaint ¶ 24, 37. Despite four years of "investigation" the Complaint is devoid of facts about the *pricing* of the *specific items Plaintiff purchased*, to support the basis of her lawsuit—that the items she purchased were always on sale.

Plaintiff purports to bring a single claim under the UPTA on behalf of "All persons who, within the applicable limitations period, purchased from an Eddie Bauer Outlet Store located in the State of Oregon one or more products which were advertised or promoted by displaying or disseminating a reference price or discount." Complaint ¶ 79. Plaintiff seeks statutory damages of $200 per alleged violation or actual damages under the UTPA, plus punitive damages, for every putative class member. *Id.* ¶ 111.

---

[1] Plaintiff's counsel has unsuccessfully sued Eddie Bauer, twice—based on the same claims, in a pair of class actions, which were dismissed. *Harbers v. Eddie Bauer LLC*, Case No. 2:19-cv-00968-JLR (W.D. Wash); *Harbers v. Eddie Bauer LLC*, Case No. 2:19-cv-01012-JLR (W.D. Wash). This case, based on the same allegations, followed.

Plaintiff admits that UTPA has a one-year statute of limitations. Complaint ¶ 115. She claims, however, that she can still bring claims—regardless of how long ago she made her purchases—because she did not "learn" of Eddie Bauer's allegedly deceptive conduct until March 13, 2020. *Id.* ¶¶ 73, 79(a), 88, 115-118. While Plaintiff asserts that the class period should extend backwards, in perpetuity, because class members are still "not aware" of the pricing practices at issue, she fails to allege how she "learned" of Eddie Bauer's pricing practices, much less why she could not have discovered the complained of conduct for more than a year after her purchases. *Id.* ¶ 73, 79, 119.

### B. Eddie Bauer's Unlimited Return Policy—Plaintiff's Full Refund

For all purchases made before 2019, Eddie Bauer's outlet stores had a "satisfaction guaranteed" return policy that allowed customers to obtain a full refund—at any time, even years after the product was purchased. Decl. of Alison Woerman at ¶¶ 4-8. The relevant excerpts of that policy state:

# RETURNS & EXCHANGES
## RETURN POLICY

As our guarantee states "Every item we sell will give you complete satisfaction or you may return it for a full refund" You can follow one of our three simple ways to return.
…

## REFUNDS

We will issue refunds using the same method as the original payment. Returns without a receipt or items purchased with e-gift cards, gift receipts and award certificates, will be refunded as merchandise credit. Please note all sales from our warehouse stores are final.
…

### RETURN TO A STORE

We'll gladly issue a refund in the original form of payment if you are not completely satisfied with your purchase.

*See* RJN, Exh. A; *see also* Woerman Decl. at ¶ 4.

Here, it is significant that Plaintiff was clearly aware of Eddie Bauer's generous policy—indeed, she was not shy about returning her MicroLight jacket for a full refund, even though she enjoyed it for more than a year—so much so, that she even wore out the zipper.

MOTION TO DISMISS
Case No. 2:20-cv-1106

4

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Complaint ¶¶ 58. Eddie Bauer's return policy was also printed on Plaintiff's receipts, and on in-store signage posted during her purchases. Woerman Decl. at ¶¶ 6-7. The following exemplars reflect the relevant language on the receipt and signage would have appeared at the time of Plaintiff's purchases:

**OUR GUARANTEE**
Every item we sell will give you complete satisfaction or you may return it for a full refund.™

**REFUND POLICY**
Finest quality. 100% guaranteed. If you are not completely satisfied, just bring it back. It's that easy.

**RECEIPT/CATALOG ORDER INVOICE**
Full refund in original payment method

**NO RECEIPT**
Exchange or merchandise credit*

**GIFT RECEIPT**
Exchange or merchandise credit*

**SALE PRICE ADJUSTMENTS**
May be made within 14 days of purchase with original receipt

*Id.*

## III. Plaintiff's Request for Injunctive Relief and Restitution are Barred Because She Fails to Plausibly Allege that She Lacks an Adequate Remedy at Law

Before considering whether Plaintiff has Article III standing or has stated a claim, "it is axiomatic that a court should determine the adequacy of a remedy." *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992); *see also Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195,

MOTION TO DISMISS
Case No. 2:20-cv-1106

5

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1203 (N.D. Cal. 2017) (the adequate remedy inquiry mooted the standing question).  The Ninth

Circuit has repeatedly held that a plaintiff "must establish that she lacks an adequate remedy at

law before securing" equitable relief.  *Sonner v. Premier Nutrition Corp*., 962 F.3d 1072, 1081

(9th Cir. 2020); *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018);

*Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 381 (1992) ("It is a 'basic doctrine of

equity jurisprudence that courts of equity should not act . . . when the moving party has an

adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'")

(quotations omitted); *Eusiquio v. State*, 243 Or. App. 100, 113 (Or. App. 2011) ("even if

equitable relief is pleaded, if an adequate remedy at law exists, we will not invoke equitable

jurisdiction.").

"When the party seeking injunctive relief has an adequate remedy at law, such as money

damages, it is generally unnecessary for the court to exercise its equitable power of injunction."

*See Cumulus Media, Inc. v. Donovan*, 2004 WL 2958416, at *1 (D. Or. Dec. 20, 2004) (citing

*Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *see also Harlow v. Oregonian Pub. Co*., 45 Or.

520, 528 (1904) ("An injunction to restrain the breach of a personal contract … will not be

granted when the recovery of damages at law would adequately redress the impending injury.");

Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.)  ("if plaintiff [] can bring a legal

action and seek damages that will provide full compensation . . . the alternative remedy is

adequate.").

Here, Plaintiff fails to plausibly allege that she lacks an adequate remedy at law. She

seeks equitable relief in the form of restitution and injunctive relief, and claims without support

that "[she], the Class members and the general public lack an adequate remedy at law" because

"[i]f not enjoined … Eddie Bauer will or may continue to injure Plaintiff and Oregon

consumers."  Complaint ¶ 113.  However, her own Complaint reveals otherwise.  Plaintiff

clearly believes that an adequate remedy exists because she seeks statutory damages or actual

damages, whichever is greater.  *Staton v. BAC Home Loans Servicing, L.P.*, 2011 WL 2213800,

MOTION TO DISMISS
Case No. 2:20-cv-1106

6

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

at *9 (D. Or. June 3, 2011) ("Based on her complaint, plaintiff clearly believes that there are other adequate remedies available at law."). The $600 in penalties she seeks for her three purchases is several times more than she ever spent at Eddie Bauer. Complaint ¶ 111.

Additionally, Plaintiff seeks restitution and injunctive relief for the **exact same alleged harm** for which she seeks damages. Plaintiff "fails to explain how [damages] for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion." *Sonner*, 962 F.3d at 1081 (affirming dismissal at motion to dismiss stage). Her conclusory allegation that damages are inadequate because injunctive relief would protect against future injuries is insufficient to keep her injunctive relief claims alive. The same argument could be made in any case where the plaintiff seeks injunctive relief, and yet courts routinely dismiss claims for such relief in light of prayers for statutory damages. *See, e.g.*, *Philips v. Ford Motor Co.*, 726 F. App'x. 608, 609 (9th Cir. 2018) ("the district court correctly determined that Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief"); *Sonner*, 962 F.3d at 1081.[2]

Where a cause of action allows for multiple forms of relief, and one such form of relief is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). Thus, Plaintiff's claims for restitution and injunctive relief should be stricken or dismissed with prejudice.

## IV.    Plaintiff's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction

### A.    Applicable Standard Under Rule 12(b)(1)

Federal courts may only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2. To establish Article III standing, a plaintiff must plead facts to demonstrate three things: (1) that

---

[2] *See also, e.g., Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1204 (N.D. Cal. 2017) (dismissing UCL and FAL claims for injunctive relief in an outlet pricing case where plaintiff failed to establish that she lacked an adequate remedy at law); *Schertzer v. Samsonite Co. Stores*, LLC, 19-CV-639 JLS (MSB), 2020 WL 4281990, at *10 (S.D. Cal. Feb. 25, 2020) (same); *Mosqueda v. Am. Honda Motor Co., Inc.*, -- F.Supp.3d --, 2020 WL 1698710, at *13 (C.D. Cal. Mar. 6, 2020) ("Plaintiffs' FAC does not clarify what injunctive relief Plaintiffs are seeking and fails to provide sufficient facts for this Court to determine that legal damages would not make Plaintiffs whole.").

MOTION TO DISMISS
Case No. 2:20-cv-1106

7

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

she suffered an injury-in-fact that is "concrete and particularized . . . [and] actual or imminent, not 'conjectural' or 'hypothetical'"; (2) the injury is fairly traceable to the action of the defendant; and (3) the injury will likely be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

"[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 347 (1996)). The plaintiff bears the burden of establishing standing, and if they fail to do so, dismissal is mandatory under Fed. R. Civ. P. 12(b)(1). *See Lujan*, 504 U.S. at 561; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

In deciding a Rule 12(b)(1) motion, the court may consider materials and evidence beyond the pleadings that go to the court's subject matter jurisdiction when a defendant makes a factual challenge to subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011).

### B.   Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Plaintiff lacks standing to seek injunctive relief because Eddie Bauer changed its outlet reference pricing well before this suit was filed. Since January 2020, price tags for new outlet merchandise have included the phrase "Comparable Value" to qualify the reference price. Woerman Decl. at ¶¶ 9-10. Both the Federal Trade Commission and Better Business Bureau have specifically recognized that the designation of "Comparable Value" is a permissible way to describe comparisons to "prices being charged either by the advertiser or by others in the advertiser's trade area for other merchandise of like grade and quality—in other words, comparable or competing merchandise." 16 CFR §233.2(c); *see also* Better Business Bureau Code of Advertising §2.1.3. This change thus addresses Plaintiff's allegation that the ticketed prices do not reflect Eddie Bauer's own former prices. *See* Complaint ¶¶ 5-6, 31-32, 100.

MOTION TO DISMISS
Case No. 2:20-cv-1106

8

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

1    Eddie Bauer has invested heavily in this change and has no intention to return to the

2    previous price tags. Woerman Decl. at ¶ 10. If Plaintiff were to shop at Eddie Bauer outlets in

3    the future, the current disclosures would prevent her from believing that the ticketed prices

4    reflect Eddie Bauer's own former prices. As such, she is not at risk of experiencing the same

5    alleged injury in the future and, therefore, lacks standing to seek injunctive relief.

6    **C.    Plaintiff Lacks Article III Standing to Seek Monetary Relief**

7    Plaintiff also lacks standing to seek monetary relief because she has not alleged a

8    concrete injury. To the extent she is fully satisfied with her purchase, she has not alleged any

9    injury in fact. If, on the other hand, Plaintiff is reasonably dissatisfied with her purchase, she

10    has not been harmed because she can return her purchases for a refund at any time, which she is

11    obviously aware of since she returned her MicroLight jacket, which she could have likewise

12    done with her other two purchases, thus vitiating the need to bring this class action lawsuit

13    where she seeks the same relief.

14    Where, as here, the alleged wrong could have been rectified prior to the commencement

15    of suit, the plaintiff lacks standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC),*

16    *Inc.*, 528 U.S. 167, 190-91 (2000). Since Plaintiff had, and indeed continues to have, the

17    opportunity to obtain a full refund for the items she purchased, to the extent she is dissatisfied,

18    she no longer has "a possibility [of] obtain[ing] [monetary] relief" and her claims must be

19    dismissed. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted).[3]

20    *Hamilton v. General Mills*, 2016 WL 4060310 (D. Or. July 27, 2016) ("*Hamilton I*") is

21    instructive. There, the plaintiff, an Oregon resident who suffered from celiac disease, brought a

22    putative class action against a manufacturer of gluten-free cereals. The manufacturer had

23    previously "issued a widely advertised voluntary recall and refund program" for gluten-free

24    cereals suffering from wheat flour contamination, and the plaintiff conceded that his state law

25    ___

[3] Courts in this Circuit "routinely" dismiss claims for lack of standing to pursue monetary claims where the
26    plaintiff could have received a refund prior to filing suit. *Lepkowski v. CamelBak Prod., LLC*, 2019 WL 6771785,
*2 (N.D. Cal. Dec. 12, 2019); *see also, e.g.*, *Tosh-Surryhne v. Abbott Labs. Inc.*, 2011 WL 4500880, at *1 (E.D.
27    Cal. Sept. 27, 2011); *Harris v. PFI W. Stores, Inc.*, 2020 WL 3965022, at *2-3 (C.D. Cal. Apr. 9, 2020).

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

claims "fell within the recall-refund period." *Id*. at *1-4. The manufacturer argued that the plaintiff lacked Article III standing because he had "already been offered a full refund." *Id*. at *4. There, like here, the plaintiff did not "allege that he suffered any injury ... except [purchases] to which he is entitled a refund." *Id*. at *5. The court agreed that the plaintiff failed to "allege[ ] a concrete and particularized injury-in-fact," notwithstanding the plaintiff's refusal to participate in the recall program. *Id*. at *5 ("Rather than mitigate his damages by accepting General Mills' recall/refund offer, Hamilton is suing General Mills' for false labeling, marketing, and promotion of the product."); *see also Hamilton v. Gen. Mills, Inc.* ("*Hamilton II*"), 2016 WL 6542840, at *1 (D. Or. Nov. 2, 2016); *Nguyen v. Cree, Inc.*, 2019 WL 6917887, at *2 (D. Or. Dec. 17, 2019) ("[S]tanding is eliminated if Plaintiff was offered replacement bulbs through the warranty program but refused to mitigate his damages").

Eddie Bauer's satisfaction guarantee return policy allows Plaintiff and any putative class member to return their purchases at any time. Indeed, Plaintiff was well aware of the return policy—she took advantage of it when she returned her MicroLight jacket more than a year after purchasing it. While Plaintiff clearly lacks standing as to the MicroLight jacket that was already refunded,[4] her ability to return the other two items means she has not suffered any injury at all. To hold otherwise would "not only render hollow the injury-in-fact requirement, but would also engender a disincentive among potential litigants to attempt legitimately to resolve disputes without judicial intervention." *Epstein v. JPMorgan Chase & Co*., 2014 WL 1133567, at *5 (S.D.N.Y. Mar. 21, 2014).[5]

---

[4] *See Luman v. Theismann*, 647 F. App'x. 804, 806-07 (9th Cir. 2016) (plaintiff lacked Article III standing to seek monetary relief where defendant issued a refund two months before suit was filed); *Main v. Gateway Genomics, LLC*, No. 15CV2945 AJB (WVG), 2016 WL 7626581, at *4 (S.D. Cal. Aug. 1, 2016); *Becker v. Skype Inc*., No. 5:12CV06477, 2014 WL 556697, at *3 (N.D. Cal. Feb. 10, 2014); *Stearns v. Select Comfort Retail Corp*., 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010).

[5] *See also Nguyen*, 2019 WL 6917887, at *2 ("[S]tanding is eliminated if Plaintiff was offered replacement bulbs through the warranty program but refused to mitigate his damages."); *Hamilton II*, 2016 WL 6542840, at *1 (D. Or. Nov. 2, 2016) (same, for refund offer); *Lepkowski*, 2019 WL 6771785, at *3 (same); *Demmler v. ACH Food Cos., Inc*., 2016 WL 4703875, at *8 (D. Mass. June 9, 2016) ("[Plaintiff's] refusal to accept the $75 is immaterial. The question under Article III is whether a live case or controversy exists, and the mere fact that [plaintiff] did not accept the unconditionally-provided remediation does not extend the life of the dispute."); *see also Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013) (self-inflicted injuries are insufficient to confer standing).

MOTION TO DISMISS
Case No. 2:20-cv-1106

10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

D. **Plaintiff's Claims for Monetary Relief Are Also Moot**

Plaintiff's ongoing ability to return her purchases for a full refund also moots her claims. A case is "moot" under Article III where "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Mootness, and an accompanying lack of subject matter jurisdiction, occurs where "an opposing party has agreed to everything the other party has demanded." *GCB Commc'ns v. U.S. S. Commc'ns Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011); *see also Spencer-Lugo v. INS*, 548 F.2d 870, 870 (9th Cir. 1977) (per curiam). Mootness thus applies when the opposing party offers the plaintiff the refund she seeks. *See Amirhamzeh v. Chase Bank USA, N.A.*, 2014 WL 641705, at *7 (C.D. Cal. Feb. 7, 2014) (dismissing consumer claims where plaintiff received pre-litigation refund). Once the plaintiff is offered a refund, "there can be no claim [for monetary relief]; rather, any claim brought at that point is an unnecessary call upon this court's resources." *Tosh-Surryhne*, 2011 WL 4500880, at *3; *see also Vavak v. Abbott Labs., Inc.*, 2011 WL 10550065, at *3 (C.D. Cal. June 17, 2011); *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, 2013 WL 800265 at *3 (C.D. Cal. Mar. 1, 2013); *Hayes v. Wal-Mart Stores Inc.*, 2014 WL 654542, at *6 n.2, *9 (D.N.J. Feb. 20, 2014).

Eddie Bauer's offer of a refund through its return policy moots Plaintiff's claim for monetary relief, regardless of whether Plaintiff elects to claim the refund. *See Hamilton II*, 2016 WL 6542840, at *1-4.

V. **Plaintiff Fails to State a Claim**

Even if the Plaintiff had standing to pursue her claims, her claims also fail because they are time barred, and they also fail to satisfy Rule 9(b)'s pleading requirements or allege an ascertainable loss to state a claim for statutory damages.

A. **Applicable Standard Under Rule 12(b)(6)**

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

MOTION TO DISMISS
Case No. 2:20-cv-1106

11

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).

Plaintiff's UTPA claim is subject to Rule 9(b), which requires her to plead the circumstances constituting fraud with particularly.  *Kearney v. Equilon Enterprises, LLC*, 65 F. Supp. 3d 1033, 1041-43 (D. Or. 2014); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Rule 9(b) requires more than merely pleading "facts necessary to identify the transaction." *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549-53 (9th Cir. 1994), *superseded by statute on other grounds as stated in Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013); *accord Yourish v. California Amplifier*, 191 F.3d 983, 994 (9th Cir. 1999) ("We rejected this contention because, although it would furnish the defendants with notice, it would collapse Rule 9(b) into Rule 8(a)").  Instead, a plaintiff must plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made.  *GlenFed,* 42 F.3d at 1549-1553; *see also In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016). Rule 9(b)'s pleading requirements not only give notice to defendants of the specific fraudulent conduct against which they must defend, but also serve an important purpose in protecting the Court and the parties from unsubstantiated claims.  *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (emphasis added, quotations omitted) (Rule 9(b) "deter[s] the filing of complaints as a pretext for discovery of unknown wrongs … and to prohibit plaintiffs from unilaterally imposing … enormous social and economic costs absent some factual basis.")

B.    **Plaintiff's Claims Are Time-Barred**

Plaintiff's claims are untimely.  The alleged purchases at issue were made in 2017 and 2018, well beyond the UTPA's one-year statute of limitations. ORS 646.638(6). The "discovery rule" does not revive her stale claims because she has not alleged any facts establishing that she

was unaware of Eddie Bauer's pricing practices within a year of her purchases.

Under the discovery rule, a cause of action accrues, and thus a statute of limitations begins to run, "when the plaintiff knows *or in the exercise of reasonable care should have known* facts which would make a reasonable person aware of a substantial possibility" that the elements of their claim existed. *Gaston v. Parsons*, 318 Or. 247, 256 (1994) (emphasis added); *see also Salem Sand & Gravel Co. v. City of Salem*, 260 Or. 630, 636-37 (1971) ("'Discovery' means from the time the fraud was known or could have been discovered through exercise of reasonable care."). The discovery rule is judged from an objective standard, which depends on what a reasonable person of ordinary prudence would have or should have known. *Gaston*, 318 Or. at 256.

"*[Plaintiff] bears the burden of pleading facts which show she is entitled to the benefit of the discovery rule*." *Sturgis v. Asset Acceptance, LLC*, 3:15-CV-00122-AC, 2016 WL 223708, at *7 (D. Or. Jan. 19, 2016) (emphasis added) (citing *FDIC v. Smith*, 328 Or. 420, 432 (1999)). "One who seeks to rely upon concealment of facts to overcome the statute of limitations must allege when the fraud was discovered, the circumstances of discovery, and show that he is not blamable for failure to discover." *Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 575 (9th Cir. 1964); *see also Hip Hop Bev. Corp. v. Michaux*, 729 F. App'x. 599, 600 (9th Cir. 2018); *N.L.R.B. v. Don Burgess Const. Corp.*, 596 F.2d 378, 383 n.2 (9th Cir. 1979).

Here, Plaintiff does not allege, even in conclusory terms, that she should not have known the alleged truth about Eddie Bauer's pricing within a year of her purchases. She fails to allege how she is not to blame for her failure to discover. Her Complaint contains a single conclusory allegation that she "was not aware of Eddie Bauer's false discount advertising scheme" prior to March 13, 2020. Complaint ¶¶ 73, 118. But that is not enough. She has not pled any facts showing that she should not have known such information prior to March 13, 2020.

In fact, all of the practices at issue here—the merchandise sold in Eddie Bauer outlets and mainline stores, and the pricing for each item, and the quality of each item—is publicly

MOTION TO DISMISS
Case No. 2:20-cv-1106

13

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

available to any customer who enters an outlet or mainline store. Plaintiff could have easily asked any Eddie Bauer sales associate about the merchandise, but chose not to. As the California Court of Appeal has explained, "a consumer for whom the retail history of factory store items is material can ask Gap employees about this." *Rubenstein v. The Gap, Inc*., 14 Cal. App. 5th 870, 877 (Cal. App. 2d Dist. 2017); *see also id*. at 880 ("A consumer who cared about whether the items were identical to other Gap merchandise could have asked a sales associate whether this is true.").

### C.    Plaintiff's Claims Fail Under Rule 9(b) Because She Did Not Plead Facts Demonstrating that Eddie Bauer's Pricing is Inaccurate or Deceptive

Each of Plaintiff's claims rests on her assertion that Eddie Bauer's advertised discounts are false and misleading, but she has not pled any facts to support these allegations. While Plaintiff assumes the items she bought were never offered for their ticketed prices, she offers no facts to support her assumption. Her claims rest on nothing more than the fact that she bought items at a discount in an outlet store. *See, e.g*., Complaint ¶¶ 46-54. But purchasing an item at a discount does not support an inference of false advertising.

As the Ninth Circuit recently confirmed in a similar pricing case, a plaintiff cannot satisfy Rule 9(b)'s heightened pleading standards by simply pointing to a reference price and claiming it is false. *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) (affirming dismissal of complaint alleging defendant's "Compare At" prices are deceptive). Instead, the plaintiff must "allege sufficient facts to show with particularity how [and] why . . . the [reference] price was false or deceptive." *Id*. In *Sperling*, the plaintiff claimed to have investigated the defendant's pricing practices, alleged "that she found [the shoes she purchased] elsewhere" for less than the reference price she allegedly relied on, and even cited specific prices charged by other retailers for that item. *Id.* She cited the investigation in support of her claim that the defendant's "Compare At" prices were inflated; notably absent from the complaint were any details of the investigation, including any indication that the investigation

MOTION TO DISMISS
Case No. 2:20-cv-1106

14

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

took place near the time of the plaintiff's purchase. In affirming the lower court's dismissal, the Ninth Circuit held the plaintiff's factual allegations were deficient under Rule 9(b) because the plaintiff did not allege sufficient facts concerning her counsel's purported investigation. *Id.*

While Eddie Bauer does not believe any court in this district has considered Rule 9(b) arguments in the context of price advertising claims, other courts in this Circuit have repeatedly granted motions to dismiss pricing cases where the plaintiff failed to allege facts demonstrating the falsity of the retailer's reference pricing. For example:

- *Rael v. Dooney & Bourke, Inc.*, 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (plaintiff's counsel's claim to have investigated defendant's practices "***adds no facts or substance*** to [p]laintiff's complaint but simply restates conclusory statements. Moreover, even assuming Mr. Carpenter's [plaintiff's counsel] submission is competent and relevant, Mr. Carpenter ***does not in any way specify the details of his investigation***.") (emphasis added).

- *Schertzer v. Samsonite Co. Stores, LLC*, 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020) ("Plaintiff does not allege in this case that her counsel's investigation revealed that the very Suitcase she purchased had not been sold at the 'OUR PRICE' price in the 90 days preceding her purchase, [] nor does she detail any of the prices catalogued by her counsel. She also does not allege that the products offered for sale at Defendant's outlet stores were products not originally offered for sale in Defendant's retail stores or through Defendant's authorized retailers.") (internal citations omitted).

- *Rael v. New York & Co., Inc.*, 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016) ("Even if the Court takes into account the new facts presented by Mr. Carpenter, his declaration ***does not specify a single detail of his alleged investigation***. The declaration is simply a restatement of the conclusory allegations that Plaintiff states in her SAC.") (emphasis added).

MOTION TO DISMISS
Case No. 2:20-cv-1106

15

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

- *Seegert v. Luxottica Retail N.A., Inc.*, 2018 WL 3472561, at *3 (S.D. Cal. July 19, 2018) ("***The so-called particular facts supporting this allegation are simply conclusions based upon an investigation by Plaintiff's counsel*** that 'confirmed' and 'concluded' that 'the prescription lenses were priced with false discounts from illusory 'regular' or reference prices,' and never sold at the original price, with or without the purchase of eyeglass frames. … These conclusory allegations are insufficient to state a claim under Rule 9(b), particularly in light of the apparently inadequate pre-complaint investigation.") (emphasis added).

Here, Plaintiff does not allege any factual basis for her claim that the items she purchased were not offered at full price. She does not claim to have investigated the pricing of the items she purchased, nor does she identify a single other day that they were offered for sale at a discount before her purchases. Plaintiff does not even claim to have ever visited an Oregon outlet store aside from the two purchases at issue. As to her counsel's alleged "investigation" into Eddie Bauer's Washington outlets, the fact that some outlet stores in another state, over a period of four years, were on sale on three days, and none during the years of Plaintiff's purchases—does not support an inference that all outlet merchandise sold in Oregon is always on sale.

Plaintiff's conclusory allegations are insufficient under the well-established law that "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also U.S. ex rel. Bogina III v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) ("[O]n information and belief' can mean as little as 'rumor has it that....'"). Plaintiff's failure to offer factual support as to her own purchases dooms her case in its entirety. *Sperling*, 699 F. App'x 654; *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017) ("Plaintiff must satisfy [Rule 9] standard for *each* product … that Plaintiff alleges contains false or misleading statements.").

16

1

**D.**     <u>Plaintiff Fails to Allege Ascertainable Loss</u>

2

     To state a claim for statutory damages under the UTPA, Plaintiff must allege that she

3

suffered an ascertainable loss of money or property as a result of an unlawful act.  Or. Rev. Stat.

4

§ 646.638(1); *see also Denson v. Ron Tonkin*, 279 Or. 85, 91 (1977) (en banc) ("Ascertainable

5

loss is necessary under the statute to bring an individual action to recover damages.").[6] "Unlike

6

general economic damages … the loss required for a UTPA claim must be specifically of

7

'money or property, real or personal.'" *Pearson v. Phillip Morris, Inc*., 358 Or. 88, 116 (2015)

8

(citing ORS 646.638(1)).

9

     Plaintiff attempts to articulate several theories of injury caused by Eddie Bauer's

10

promotional pricing, including: (1) that Eddie Bauer's reference pricing caused her and class

11

members to "buy products that they otherwise would not have bought;" (2) that she would not

12

have purchased the products at the prices she paid, if she had known that the advertised

13

reference prices and discounts were allegedly false; (3) that the products she purchased were

14

not, in fact, worth as much as Eddie Bauer represented them to be worth; and (4) that the

15

reference prices increased demand and enabled Eddie Bauer to charge higher prices than it

16

otherwise could have charged.  Complaint ¶¶ 7, 27, 107-110. These theories at their core allege

17

the same injuries:   Plaintiff paid too much or would not have made her purchases but for Eddie

18

Bauer's reference prices.  Plaintiff has not sustained an ascertainable loss recoverable under

19

UTPA.

20

     **1.**     **Eddie Bauer's Return Policy Prevents Plaintiff from Establishing**

21

            **Any Ascertainable Loss**

22

     Plaintiff has no ascertainable loss where, as here, she could have obtained a full refund

23

any time under Eddie Bauer's return policy.  *See* Section II. B., *supra*; *see also Rubenstein*, 14

24

---

25

[6] The "ascertainable loss" element is so fundamental to recovery of statutory damages by plaintiffs in a putative
class action that the requirement is separately restated later in the statute. *See* Or. Rev. Stat. § 646.638(8)(a).

26

("Statutory damages under subsection (1) of this section may be recovered on behalf of class members *only if the
plaintiffs in the action establish that the members have sustained an ascertainable loss of money...*") (emphasis

27

added).

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

Cal. App. 5th at 877 (dismissing claims under California UCL for lack of injury, where *inter alia*, "A reasonable consumer … could return items after purchase if they turn out to be unsatisfactory.")

Plaintiff cannot resuscitate her UTPA claim by refusing to mitigate her losses by returning her purchases for a full refund. *See Paul v. Providence*, 237 Or. App. 584, 602 (2010) ("We conclude that money [plaintiff] spent to prevent a potential ascertainable loss under the [UTPA] is not itself an 'ascertainable loss of money or property'…as a result of the violation of the statute."); *id.* ("Plaintiffs have directed us to no authority--and we are aware of none--for the proposition that such a 'once removed' loss is covered under the OUTPA."); *Hamilton II*, 2016 WL 6542840, at *1 (D. Or. Nov. 2, 2016) ("Defendants have offered and continues [sic] to offer to refund the purchase amount. … [but] Plaintiff has simply refused to participate in General Mills' recall efforts or to accept the offered refund. In this manner, Plaintiff has failed to mitigate his damages."); *see also Commodity Credit Corp. v. Rosenberg Bros. & Co., Inc.*, 243 F.2d 504, 511 (9th Cir. 1957) (a plaintiff "can recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided"); *Valencia v. Shell Oil Co.*, 23 Cal. 2d. 840, 844 (1944) ("A person injured by the wrongful act of another … cannot recover for losses which might have been prevented by reasonable efforts and expenditures on his part.").

### 2. None of Plaintiff's Proposed Theories Support an Ascertainable Loss Because Plaintiff Got What She Paid For

Regardless of Eddie Bauer's return policy, however, Plaintiff cannot establish ascertainable loss because she got merchandise she wanted at prices she agreed to pay.

#### a. The Oregon Supreme Court's Decision in *Pearson*

As explained by Oregon courts, an "ascertainable loss of money" ordinarily occurs in cases where the plaintiff demands a refund of the product's purchase price, or even more typically, a refund of some portion of the product's purchase price. *See Pearson v. Philip Morris, Inc.*, 358 Or. 88, 116-26 (2015) (discussing "refund of purchase price" and "diminished

MOTION TO DISMISS
Case No. 2:20-cv-1106

18

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

value" forms of ascertainable loss)); *see also Paul*, 237 Or. App. at 602 ("Under the typical UTPA scenario, the loss is evidenced by the difference in value between the product as represented by the defendant and as actually received by the plaintiff.")

*Pearson* is the landmark case on this issue. There, the class claimed that the "[d]efendant both affirmatively misrepresented that its light cigarettes would inherently deliver low tar and nicotine and failed to disclose that, in order to receive lower tar and nicotine, the smoker would have to smoke the light cigarettes in a particular way." 358 Or. at 117-18 (internal quotation marks omitted). The plaintiffs claimed that the class members suffered ascertainable losses as a direct result of that misrepresentation, and asserted two theories of damages—"diminished value" and "purchase price". The Oregon Supreme Court explained both theories as follows:

> One theory was a loss based on "diminished value." Specifically, plaintiffs' claim was that they and the class members bought a product that was worth less than they paid for it, and their damages were the difference in the value of the product as represented versus the value of the product they actually received. Plaintiffs' other theory of loss was that they and the class members bought Marlboro Lights believing defendant's representation of inherent lightness, they did not get what they believed they were getting, and they therefore were entitled to a refund of their purchase price.

*Id*. at 118-19.

For their "diminished value" theory, the plaintiffs argued that characteristic of "inherent lightness" had economic value, so that the plaintiffs suffered an economic loss at the moment of purchase because they bought a product lacking that characteristic. *Id*. at 119. The Court rejected this argument because Marlboro Lights and regulars sold at the same price, such that they would not have lost value by receiving regular cigarettes instead of Lights:

> When the price of goods is not different based on some represented quality (say, for example, color or flavor), it simply does not logically follow that the quality has greater economic worth. In terms of economic loss—which is the kind of loss required here—when there is no price difference for a good with a particular feature and the same good without it, a plaintiff has not paid any extra for the represented quality that the plaintiff did not receive. In other words, the plaintiff is not out of pocket any additional money based on the purchase; the plaintiff got

MOTION TO DISMISS
Case No. 2:20-cv-1106

19

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

the represented feature for no charge. … the fact that the product costs the same with or without a represented characteristic defeats a logical inference that the product without the feature is worth less.

*Id*. at 122.   The Supreme Court concluded that the "plaintiffs' theory of diminished value provide[d] no logically viable theory on which class-wide economic losses can be established" because there was "no difference in the price between a product with the represented feature [of lightness] and one without." *Id*. at 124.

As to the plaintiffs' "refund" theory, the plaintiffs sought a refund of their purchase price "based on their and the class members' alleged failure to receive what defendant's representation led them to believe they were buying," i.e., cigarettes that were lower in tar and nicotine than the defendant's regular cigarettes. *Id*.   That is, the plaintiffs claimed they should be entitled to a refund because they did not get what they believed they were buying. *Id*.   The problem, however, was that the theory still presupposed that the plaintiffs suffered a loss in the value of the purchase price, and, as the court determined, the theory required individual proof of reliance on the alleged misrepresentation.   *Pearson*, 358 Or. at 126 ("if the purchaser did not care whether the product had a character or quality as represented (or was not aware of the representation) and bought it for other reasons, then the purchaser's expectations have not been frustrated.").

**b.    Plaintiff's "Diminished Value" Theory Fails**

Under *Pearson,* Plaintiff's diminished value theories require a reasonable inference that she "paid too much".   *Pearson*, 358 Or. at 123.   But her allegations support no such inference. Instead, her theories—that "[t]he products that Plaintiff and Class members purchased were not, in fact, worth as much as Eddie Bauer represented them to be worth" (Complaint ¶ 110; *see also* ¶¶ 7, 52, 57, 67), and that "Eddie Bauer's false reference pricing scheme fraudulently increased demand from consumers … and enabled Eddie Bauer to charge higher prices than it otherwise could have charged" (*id*. ¶ 109)—say nothing as to whether Plaintiff received the benefit of her bargain.

MOTION TO DISMISS
Case No. 2:20-cv-1106

20

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiff's theories contain no manifestation of either pecuniary or actual harm; instead, they set forth deception (i.e. making a purchase she would not otherwise have made but for the allegedly inflated reference price, or charging more than Eddie Bauer otherwise could have charged) as both the act and the injury. As *Pearson* makes clear, there can be no ascertainable loss under a diminished value theory where Plaintiff received products worth the amounts she actually paid. Plaintiff does not claim the products she purchased were defective or deficient in any way, or that they were worth less than what she actually paid for each item. As to her theory that the reference prices are too high, Plaintiff also does not explain how an item's reference price impacts the item's inherent value, or how a *former* price reflects the item's *current* value. *See Silva v. Unique Bev. Co., LLC*, 2017 WL 2642286, at *12 (D. Or. June 15, 2017) ("there must be an allegation … that the price of the good as represented with a particular coconut water feature is not the same as the price of the good lacking such a feature. Otherwise, as *Pearson* explained, there is no way to establish that the plaintiff has suffered a loss."); *Solano v. Kroger Co*., 2020 WL 3248221, at *17 (D. Or. June 12, 2020); *Gilberto v. Walgreen Co*., 2019 WL 9441666, at *15 (D. Or. Oct. 20, 2019).

Plaintiff will argue that she did not receive the benefit of her bargain because Eddie Bauer represented each item as being worth its reference price, when in fact it was not. This argument distorts *Pearson*. In *Pearson*, the court compared the amount paid to "the value the product would have had if it were as represented"—that is, the court considered how much the item would cost if the alleged misrepresentation had been true. *Pearson*, 358 Or. at 120. In *Pearson*, that meant comparing the cost of light and regular cigarettes. Since there was no cost difference, there was no ascertainable loss. *Id*. at 122. Here, where Plaintiff claims that Eddie Bauer tricked her into believing that the items had been offered at full price for some undisclosed period of time, the test would consider the value of each item if it had previously been offered at full price for long enough (whatever Plaintiff claims "long enough" may be). Plaintiff does not claim that the reference price would impact the items' pricing in any way.

MOTION TO DISMISS
Case No. 2:20-cv-1106

21

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

1    While Eddie Bauer is not aware of any courts considering this issue in the context of

2  UTPA claims, the First, Sixth, and Seventh Circuits, along with district courts in the Second and

3  Third Circuits, have all found that a plaintiff cannot establish damage or ascertainable loss based

4  simply on an allegation that the reference price was inflated.[7]   In *Shaulis v. Nordstrom*, for

5  example, the First Circuit explained that the flaw in plaintiff's theory of injury – "that the mere

6  purchase of an item may constitute cognizable injury, regardless of the item's specific qualities

7  – is that it merges the alleged deception with the injury."  865 F.3d 1. The court continued:

8           Shaulis "arguably got exactly what she paid for, no more and no less,"…
9           Shaulis's alleged "injury" is only that Nordstrom tricked her into believing that
            she was getting a bargain, and not … that the product itself was deficient in some
10          objectively identifiable way. That perceived adverse impact…" the subjective
            belief as to the nature of the value [Shaulis] received" -- does not state a legally
11          cognizable economic injury.

12  *Id*. at 12; *see also Gerboc*, 867 F.3d at 681 ("He got what he paid for: a $27 item that was

13  offered as a $27 item and that works like a $27 item."); *Mulder v. Kohl's Dep't Stores, Inc*.,

14  2016 WL 393215, at *6 (D. Mass., Feb. 1, 2016) ("The fact that plaintiff may have been

15  manipulated into purchasing the items because she believed she was getting a bargain does not

16  necessarily mean she suffered economic harm."), *aff'd*, 865 F.3d 17 (1st Cir. 2017); *DaCorta v.*

17  *AM Retail Group, Inc.*, 2018 WL 557909, at *8 (S.D.N.Y. Jan. 23, 2018) ("In the absence of

18  facts related to the value of the purchased product, or how the product fell short of what it

19  purported to be, the [] Complaint only reflects Plaintiff's subjective disappointment.").

20         c.       **The "Product Purchase Price" Theory Fails**

21         Plaintiff's alternate theory of injury—that she would not have made her purchases but

---

[7] *Mulder v. Kohl's Dep't Stores, Inc*., 865 F.3d 17 (1st Cir. 2017); *Gerboc v. ContextLogic, Inc*., 867 F.3d 675,
681 (6th Cir. 2017); *Kim v. Carter's Inc*., 598 F.3d 362, 365-366 (7th Cir. 2010); *Camasta*, 761 F.3d at 740;
*DaCorta v. AM Retail Group, Inc.*, 2018 WL 557909, at *7-9 (S.D.N.Y. Jan. 23, 2018); *Belcastro v. Burberry Ltd.*,
2017 WL 744596, at *6 (S.D.N.Y. Feb. 23, 2017); *Waldron v. Jos. A. Bank Clothiers, Inc.*, 2013 WL 12131719, at
*4 (D.N.J. Jan. 28, 2013); see also *Johnson v. Jos. A. Bank Clothiers,* 2014 WL 4129576, at *9 (S.D. Ohio 2014);
*Ice v. Hobby Lobby Stores, Inc.*, 2015 WL 5731290, at *7 (N.D. Ohio Sept. 29, 2015).  While ascertainable loss is
not a pleading requirement under California's consumer protection law, the Ninth Circuit has granted summary
judgment as to a plaintiff's restitution claims where the plaintiff was unable to show that she paid more that the
items she purchased were worth. *Chowning v. Kohl's Dept. Stores, Inc*., 735 F. App'x 924, 925 (9th Cir. 2018),
*amended on denial of reh'g*, 733 F. App'x 404 (9th Cir. 2018).

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104-7092
(206) 622-4900

for the alleged misrepresentations—also fails.  As the Oregon Supreme Court explained, this theory is "based on [Plaintiffs'] and the class members' alleged failure to receive what defendant's representation led them to believe they were buying." *Pearson*, 358 Or. at 124. That is, "they did not get what they believed they were buying." *Id*. at 127.  Thus, in *Pearson*, the plaintiff contended that she would not have purchased Marlboro Light cigarettes had she known that the cigarettes only delivered lower tar and nicotine if smoked in particular ways. *Id.* at 125; *see also Silva*, 2017 WL 2642286, at *10 (D. Or. June 15, 2017) (claim that beverage labeled with word "coconut" was deceptive because it did not actually contain coconuts or coconut water).

Here, however, Plaintiff has not identified any "character or quality" that she expected to receive from the items she purchased but did not actually receive.  *Pearson*, 358 Or. at 126. Unlike in *Pearson,* the products that were advertised are the exact products Plaintiff bought. There is no difference in value between each product "as represented" and the product "as it actually is," because the products are one and the same.  *See also Rubenstein*, 14 Cal. App. 5th at 876 ("As a matter of law, Gap's use of its own brand name labels on clothing that it manufactures and sells at Gap-owned stores is not deceptive, regardless of the quality of the merchandise or whether it was ever for sale at other Gap-owned stores. Retailers may harm the value of their brands by selling inferior merchandise at factory stores, but doing so does not constitute false advertising.").

While Plaintiff may be disappointed to learn that the items were allegedly made for outlet, or that she did not save as much money as she thought she had, "noneconomic losses" such as subjective disappointment, physical pain, emotional distress, or humiliation "will not satisfy a private UTPA plaintiff's burden." *Pearson,* 358 Or. at 117 ("the loss required for a UTPA claim must be specifically of 'money or property, real or personal.'") (quoting ORS 646.638(1)).  In the absence of any allegation that she would have had more money or property but for Eddie Bauer's conduct (or, as discussed in the previous sub-section, paid more than the

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

1    merchandise was worth), Plaintiff cannot establish ascertainable loss and her UTPA claim must

2    be dismissed.

3    **VI.    <u>Conclusion</u>**

4          For the foregoing reasons, Eddie Bauer respectfully requests that the Court dismiss

5    Plaintiff's Complaint in its entirety.

6

7    Respectfully submitted this 25th day of August, 2020,

8

9                                        SEED IP Law Group LLP

10                                        /s/Marc C. Levy
                                          _____
11                                        Marc C. Levy, WSBA No. 19203
                                          Thomas A. Shewmake, WSBA No. 50765
12                                        701 Fifth Ave., Suite 5400
                                          Seattle, WA 98104
13                                        Telephone: 206-622-4900
                                          Facsimile: 206-682-6031
14                                        marcl@seedip.com
                                          tomshewmake@seedip.com
15

16                                        STEPTOE & JOHNSON LLP
                                          Stephanie A. Sheridan (*pro hac vice pending*)
17                                        Anthony J. Anscombe (*pro hac vice*)
                                          Meegan B. Brooks (*pro hac vice*)
18                                        One Market Street
                                          Spear Tower, Suite 3900
19                                        San Francisco, CA 94105
                                          Telephone: 415-365-6700
20                                        Facsimile: 415-365-6699
                                          ssheridan@steptoe.com
21                                        aanscombe@steptoe.com
                                          mbrooks@steptoe.com
22

23                                        Attorneys for Defendants
                                          EDDIE BAUER LLC and
24                                        EDDIE BAUER PARENT LLC

25

26

27