THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK, for Herself and/or on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC; and<br>EDDIE BAUER PARENT LLC,<br><br>Defendants. | Civil Action No.: 2:20-cv-1106-JCC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

REQUEST FOR JUDICIAL NOTICE
Case No. 2:20-cv-1106

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Eddie Bauer LLC and Eddie Bauer Parent LLC (together, "Eddie Bauer") hereby request that this Court take judicial notice of the following facts and documents:

> **Exhibit A:** Screenshots from the Internet Archive showing how the Return Policy appeared on EddieBauer.com on February 16, 2017, April 30, 2017, March 23, 2018, and April 16, 2018, at or around the time Plaintiff Susan Clark ("Plaintiff") claims to have made purchases on March 22, 2017 and April 5, 2018. Available at:
>
> https://web.archive.org/web/20170216130456/http://www.eddiebauer.com/custserv/customer-service-returns-and-exchanges.jsp
>
> https://web.archive.org/web/20170430060316/http://www.eddiebauer.com:80/custserv/customer-service-returns-and-exchanges.jsp
>
> https://web.archive.org/web/20180323084939/http://www.eddiebauer.com/custserv/customer-service-returns-and-exchanges.jsp
>
> https://web.archive.org/web/20180416045551/http://www.eddiebauer.com:80/custserv/customer-service-returns-and-exchanges.jsp
>
> **Exhibit B**: An example of how outlet receipts appeared on March 22, 2017 and April 5, 2018 during Plaintiff's purchases on those days.

Under Federal Rule of Evidence 201, a fact is judicially noticeable when it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. F.R.E. 201. **Exhibits A** and **B** are both subject to judicial notice on these grounds, and for the additional reasons set forth herein.

A.   **Wayback Machine**

**Exhibit A** is screenshots taken from the Wayback Machine, a digital archive of the World Wide Web and other information on the Internet created by the Internet Archive, a nonprofit organization based in San Francisco, California. Courts have taken judicial notice of the contents of web pages available through internet archives, including the Wayback Machine, as facts that

REQUREST FOR JUDICIAL NOTICE
Case No. 2:20-cv-1106

2

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g., Juniper Networks, Inc. v. Shipley*, 394 F. App'x 713, at *1 (Fed. Cir. 2010) (indicating that the Internet Archive may be an appropriate source for judicial notice); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (confirming reliability of Internet Archive evidence, and citing cases); *United States ex rel. Oliver v. Philip Morris USA, Inc.*, 101 F.Supp.3d 111, 121-23 (D.D.C. 2015) (same), aff'd, 826 F.3d 466 (D.C. Cir. 2016); *Marten Transp., Ltd. v. Plattform Advert., Inc.*, No. 14-2464-JWL, 2016 WL 1718862, at *4 (D. Kan. Apr. 29, 2016); *Erickson v. Nebraska Machinery Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 2013 WL 6869410, at *4 n.65 (S.D.N.Y. Dec. 30, 2013), *vacated in part on other bases by* 2015 WL 9777725 (S.D.N.Y. Dec. 7, 2015); *Martins v. 3PD, Inc.*, No. 11 Civ. 11313, 2013 WL 1320454, at *16 n.8 (D.Mass. Mar. 28, 2013) (taking judicial notice of "the various historical versions of a website available on the Internet Archive at Archive.org as facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"). Indeed, Plaintiff's counsel, Hattis & Lukacs PLLC, relied on the Internet Archive in a similar pricing case last year. *See Chen v. Sierra Trading Post, Inc.*, No. 18-cv-01581 RAJ, Dkt. 26 (W.D. Wash.).

Although courts have taken notice of Wayback Machine screenshots without further authentication, Eddie Bauer has authenticated **Exhibit A** with a declaration from Alison Woerman, Vice President, Planning & Allocation at Eddie Bauer, who declares:

> I have reviewed Eddie Bauer's Request for Judicial Notice as Exhibit A, which I understand contains copies of Eddie Bauer's Return Policy from the Wayback Machine. These pages accurately reflect Eddie Bauer's outlet Return Policy at the time of Plaintiff's March 22, 2017 and April 5, 2018 purchases. Based on my experience and review of Eddie Bauer's records, I can confirm that these screenshots also accurately reflect how the Return Policy appeared on EddieBauer.com on March 22, 2017 and April 5, 2018.

REQUEST FOR JUDICIAL NOTICE   3
Case No. 2:20-cv-1106

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

(Woerman Decl. ¶ 5.) Woerman's declaration is sufficient to authenticate the Return Policy because it establishes her experience and personal knowledge as an employee of Eddie Bauer for almost two decades, is based on Eddie Bauer records maintained in the regular course of business, and authenticates the Return Policy based on such personal knowledge and records. *See also Harbers v. Eddie Bauer, LLC*, No. C19-1012JLR, 2019 WL 6130822, at *6, n.3 (W.D. Wash. Nov. 19, 2019) (Plaintiff's counsel "cit[ed] no case in which a court declined to take judicial notice of an image from the Internet Archive when a party declaration separately authenticates the document at issue").

Moreover, both Woeman's declaration and this Request for Judicial Notice provide the website address where the screenshots can easily be verified by this Court or Plaintiff. *See Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1091 (N.D. Cal. 2011) (internet printouts sufficiently authenticated where they include web address); *see also Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 546 (D. Md. 2007).

### B.    Eddie Bauer's Outlet Receipts

Eddie Bauer requests that the Court take judicial notice of the true and accurate example of how outlet receipts appeared during Plaintiff's purchases in the Oregon outlets on March 22, 2017 and April 5, 2018, attached as **Exhibit B**. Before 2018, including during Plaintiff's March 22, 2017 purchase, the same information was printed on the back of outlet receipts, but with an Eddie Bauer watermark in the background. Both the watermarked version pre-2018 and the non-watermarked version from 2018 are included in **Exhibit B**.

As with the Return Policy, **Exhibit B** is authenticated by the Woerman declaration, Woerman Decl. ¶ 6. *See Gahan v. Wells Fargo Bank, N.A.*, No. C19-0415-JCC, 2019 WL 3426236, at *2 (W.D. Wash. July 30, 2019) (Coughenour, J., presiding) (finding exhibits referred

to in plaintiff's complaint subject to judicial notice by the incorporation-by-reference doctrine in part because "[b]oth of these documents are central to Plaintiff's claim. . . . [a]nd Plaintiff does not question the authenticity" of the exhibits); *Cook v. Layman*, No. CIV-F-00-6926 OWWSMS, 2002 WL 31409552, at *4 (E.D. Cal. Sept. 16, 2002) (taking judicial notice of "Real Estate Purchase Contract and Receipt For Deposit").

The receipts are also incorporated by reference into the complaint. Under the incorporation by reference doctrine, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). **Exhibit B** satisfies this requirement. Plaintiff's Complaint refers nine times to the receipt and the contents thereof when discussing her claims (Complaint ¶¶ 55, 65, 78). Moreover, the receipt is central to her false advertising claim. *See* Complaint ¶ 55 ("On the paper receipt that Ms. Clark received at the cash register and which Ms. Clark viewed, Eddie Bauer made additional product pricing and value representations regarding the products"), and Complaint ¶ 78 ("Rather, Eddie Bauer's deceptive advertising, sales practices, and printed sales receipts, which advertise and state false reference prices and false percentage-off and dollars-off discounts, were, and continue to be, systematic and pervasive across all of Eddie Bauer's products at its Outlet Stores in Oregon").

## II.   CONCLUSION

Eddie Bauer respectfully requests that its Request for Judicial Notice be granted.

//

REQUEST FOR JUDICIAL NOTICE
Case No. 2:20-cv-1106

5

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Respectfully submitted this 25th day of August, 2020,

    SEED IP Law Group LLP

    /s/Marc C. Levy
    Marc C. Levy, WSBA No. 19203
    Thomas A. Shewmake, WSBA No. 50765
    701 Fifth Ave., Suite 5400
    Seattle, WA 98104
    Telephone: 206-622-4900
    Facsimile: 206-682-6031
    marcl@seedip.com
    tomshewmake@seedip.com

    STEPTOE & JOHNSON LLP
    Stephanie A. Sheridan (*pro hac vice pending*)
    Anthony J. Anscombe (*pro hac vice*)
    Meegan B. Brooks (*pro hac vice*)
    One Market Street
    Spear Tower, Suite 3900
    San Francisco, CA 94105
    Telephone: 415-365-6700
    Facsimile: 415-365-6699
    ssheridan@steptoe.com
    aanscombe@steptoe.com
    mbrooks@steptoe.com

    Attorneys for Defendants
    EDDIE BAUER LLC AND
    EDDIE BAUER PARENT LLC

REQUEST FOR JUDICIAL NOTICE    6
Case No. 2:20-cv-1106

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900