THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK, for Herself and/or on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC; and<br>EDDIE BAUER PARENT LLC,<br><br>Defendants. | Civil Action No.: 2:20-cv-01106-JCC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Note for Motion Calendar:<br>October 16, 2020<br><br>ORAL ARGUMENT REQUESTED |

REPLY IN SUPPORT OF
MOTION TO DISMISS
Case No. 2:20-cv-1106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

# TABLE OF CONTENTS

I.   Introduction and Summary of Argument ................................................................... 1
II.  Plaintiff's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction ............. 1
    A.   Plaintiff Lacks Article III Standing to Seek Monetary Relief ................................. 1
        1.   Plaintiff Fails to Plead Facts or Produce Evidence of an Injury-in-Fact ................... 1
        2.   Plaintiff Fails to Meaningfully Distinguish Eddie Bauer's Supporting Caselaw ........ 2
        3.   Plaintiff Relies on Distinguishable Case Law ............................................. 3
    B.   Plaintiff's Claims for Monetary Relief Are Also Moot ........................................ 4
    C.   Plaintiff Lacks Article III Standing to Seek Injunctive Relief ................................ 4
III. Plaintiff's Claims for Equitable Relief Should be Dismissed Because She Has Not Established that She Lacks an Adequate Remedy at Law ....................................... 5
IV.  Plaintiff Fails to State a Claim .................................................................................. 8
    A.   Plaintiff's Claims Are Time-Barred .................................................................. 8
    B.   Plaintiff's Claims Fail Under Rule 9(b) ............................................................. 8
    C.   Plaintiff Fails to Allege Ascertainable Loss ...................................................... 9
        1.   Eddie Bauer's Return Policy Prevents Plaintiff from Establishing Any Ascertainable Loss ............................................................. 10
        2.   "Buyer's Regret" Is Insufficient to Establish Ascertainable Loss ......................... 10
        3.   Plaintiff's "Diminished Value" Theory Fails ............................................. 11
V.   Conclusion .......................................................................................................... 12

REPLY IN SUPPORT OF MOTION TO DISMISS   I
Case No. 2:20-cv-01106-JCC

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Cole Haan, LLC*,
    2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) .................................................................. 5, 6

*Adams v. I-Flow Corp.*,
    2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ..................................................................... 7

*Am. Civ. Liberties Union of Massachusetts v. U.S. Conf. of Catholic Bishops*,
    705 F.3d 44 (1st Cir. 2013) ................................................................................................. 5

*Becker v. Skype Inc.*,
    2014 WL 556697 (N.D. Cal. Feb. 10, 2014) ....................................................................... 3

*Bird v. First Alert, Inc.*,
    2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ..................................................................... 7

*Calderon v. Kate Spade & Co., LLC*,
    2020 WL 1062930 (S.D. Cal. Mar. 5, 2020) ....................................................................... 7

*Campbell-Ewald Co. v. Gomez*,
    136 S. Ct. 663 (2016) ............................................................................................... 2, 3, 10

*Campbell-Ewald*, *Chen v. Allstate Ins. Co.*,
    819 F.3d 1136 (9th Cir. 2016) ....................................................................................... 4, 10

*Copelan v. Infinity Ins. Co.*,
    359 F. Supp. 3d 926 (C.D. Cal. 2019) ................................................................................. 7

*Cumulus Media, Inc. v. Donovan*,
    2004 WL 2958416 (D. Or. Dec. 20, 2004) .......................................................................... 6

*Dotster, Inc. v. Internet Corp.*,
    296 F. Supp. 2d 1159 (C.D. Cal. 2003) ............................................................................... 6

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
    2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) .................................................................... 7

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    No. CV2000769-CJC-GJSx, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ....................... 6

*GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ............................................................................................... 9

REPLY IN SUPPORT OF MOTION TO DISMISS    II
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Hamilton v. Gen. Mills, Inc.*,
    2016 WL 4060310 (D. Or. July 27, 2016) (*Hamilton I*) ........................................................ 2, 10

*Haro v. Sebelius*,
    747 F.3d 1099 (9th Cir. 2014) ........................................................................................................ 4

*Harris v. PFI W. Stores, Inc.*,
    2020 WL 3965022 (C.D. Cal. Apr. 9, 2020) ................................................................................ 2, 3

*Hip Hop Bev. Corp. v. Michaux*,
    729 F. App'x. 599 (9th Cir. 2018) .................................................................................................. 8

*Johnson v. Wal-Mart Stores, Inc.*,
    544 F. App'x 696 (9th Cir. 2013) ................................................................................................... 9

*Jordan v. Sosa*,
    654 F.3d 1012 (10th Cir.2011) ........................................................................................................ 5

*Kasey v. Molybdenum Corp. of Am.*,
    336 F.2d 560 (9th Cir. 1964) .......................................................................................................... 8

*Lepkowski v. CamelBak Prod., LLC*,
    2019 WL 6771785 (N.D. Cal. Dec. 12, 2019) ................................................................................ 2

*Luman v. Theismann*,
    647 F. App'x 804 (9th Cir. 2016) ............................................................................................... 2, 3

*In re MacBook Keyboard Litig.*,
    No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ..................................... 6

*McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*,
    339 F.3d 1087 (9th Cir. 2003) ........................................................................................................ 7

*Milman v. FCA U.S., LLC*,
    2018 WL 5867481 (C.D. Cal. Aug. 30, 2018) ................................................................................ 7

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) .......................................................................................... 7

*Mullins v. Premier Nutrition Corp.*,
    2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .................................................................................... 7

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) .......................................................................................... 6

*Nguyen v. Cree, Inc.*,
    2019 WL 6917887 (D. Or. Dec. 17, 2019) ..................................................................................... 2

REPLY IN SUPPORT OF MOTION TO DISMISS    III
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Nunez v. Saks, Inc.*,
   771 F. App'x 401 (9th Cir. 2019) ................................................................................ 9

*Pearson v. Philip Morris, Inc.*,
   358 Or. 88 (2015) ............................................................................................ 9, 10, 11

*Philips v. Ford Motor Company*,
   726 F. App'x 608 (9th Cir. 2018) ................................................................................ 7

*Public Utilities Comm'n v. F.E.R.C.*,
   100 F.3d 1451 (9th Cir. 1996) ..................................................................................... 5

*Rahman v. Mott's LLP*,
   2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ............................................................ 4

*Raifman v. Wachovia Sec.*,
   LLC, 649 F. App'x 611 (9th Cir. 2016) ....................................................................... 8

*Rhynes v. Stryker Corp.*,
   2011 WL 2149095 (N.D. Cal. May 31, 2011) ............................................................. 7

*Robinson v. C.R. Bard, Inc.*,
   2016 WL 3361825 (N.D. Cal. June 17, 2016) ............................................................. 7

*Rosenkrantz v. Arizona Bd. of Regents*,
   2020 WL 4346754 (D. Ariz. July 29, 2020) ................................................................ 5

*Rubenstein v. Neiman Marcus Grp. LLC*,
   687 F. App'x 564 (9th Cir. 2017) ................................................................................ 9

*Silva v. Unique Beverage Co.*,
   LLC, 2017 WL 4896097 (D. Or. Oct. 30, 2017) ....................................................... 11

*Simonsen v. Sandy River Auto*,
   LLC, 290 Or. App. 80 (2018) .............................................................................. 11, 12

*Solano v. Kroger Co.*,
   2020 WL 3248221 (D. Or. June 12, 2020) ................................................................ 12

*Sonner v. Premier Nutrition Corp.*,
   962 F.3d 1072 (9th Cir. 2020) ............................................................................. 5, 6, 7

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) ................................................................................ 9

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ....................................................................... 3

REPLY IN SUPPORT OF MOTION TO DISMISS     IV
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

*Strama v. Toyota Motor Sales, U.S.A., Inc.*,
   2016 WL 561936 (N.D. Ill. Feb. 12, 2016) .................................................................. 3

*Sturgis v. Asset Acceptance, LLC*,
   2016 WL 223708 (D. Or. Jan. 19, 2016) .................................................................... 8

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) .................................................................................................... 4

*Tryan v. Ulthera, Inc.*,
   2018 WL 3955980 (E.D. Cal. Aug. 17, 2018) ............................................................ 5

*Walters v. Vitamin Shoppe Indus., Inc.*,
   701 F. App'x 667 (9th Cir. 2017) .............................................................................. 11

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) .................................................................................... 1

*Weigel v. Ron Tonkin Chevrolet Co.*,
   298 Or. 127 (1984) .................................................................................................... 11

*Winkworth v. Spectrum Brands, Inc.*,
   2020 WL 3574687 (W.D. Pa. June 30, 2020) ............................................................ 3

REPLY IN SUPPORT OF MOTION TO DISMISS   v
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## I. Introduction and Summary of Argument

Plaintiff's late-filed Opposition not only ignores Eddie Bauer's most important arguments, it also relies on readily distinguishable case law. Plaintiff insists that bare-bones allegations are sufficient to establish standing and to state a claim, several years after the statute of limitations has passed, and regardless of the fact that Plaintiff could still receive a full refund at any time. Plaintiff has no viable claim, and as such, the Complaint should be dismissed for the numerous reasons set forth in Eddie Bauer's Motion.

## II. Plaintiff's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff has failed to establish that she has standing to bring this suit. *See Lujan*, 504 U.S. 555, 561 (1992); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In response to Eddie Bauer's factual challenge to Plaintiff's subject matter jurisdiction, Plaintiff relies on irrelevant evidence and distinguishable case law.

### A. Plaintiff Lacks Article III Standing to Seek Monetary Relief

#### 1. Plaintiff Fails to Plead Facts or Produce Evidence of an Injury-in-Fact

Plaintiff does not dispute that the return policy that applies to both of the subject purchases allows customers to obtain a full refund at ***any*** time, even years after the product was purchased. *See* Alison Woerman Decl. at ¶¶ 4-8. Instead, Plaintiff argues that Eddie Bauer's *current* return policy permits returns for one year. But the current return policy is irrelevant because it clearly does not apply to Plaintiff's purchases.

The Declaration of Alison Woerman, Eddie Bauer's Vice President of Planning & Allocation, makes clear that "Pursuant to [the] Return Policy [in place during Plaintiff's purchases], Ms. Clark could at any time—including now—still return the items she purchased on March 22, 2017 and April 5, 2018 for a full refund with proof of purchase." *Id*. at ¶ 8. This policy governs Plaintiff's purchases, and it was clearly posted at the point-of-sale during both of her purchases and also on the back of her receipts. *Id*. at ¶¶ 6-7. While the Complaint describes Plaintiff's receipts with detail that could only be provided if Plaintiff had retained them, she does not deny that the return policy applicable to her purchases is also printed on those receipts.

REPLY IN SUPPORT OF MOTION TO DISMISS — 1
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Complaint ¶¶ 55, 65.  Furthermore, Plaintiff was clearly aware that she could return her purchases after a year had lapsed, because she returned her MicroLight jacket *after* having enjoyed it for more than a year.  *Id*. ¶ 58.  Plaintiff does not claim that she ever tried returning her other items for a refund, or that she was in some inexplicable way deterred from returning her purchases because of the current policy—which does not apply to her purchases.

### 2. Plaintiff Fails to Meaningfully Distinguish Eddie Bauer's Supporting Caselaw

Plaintiff struggles, unsuccessfully, to distinguish *Hamilton v. Gen. Mills, Inc.*, 2016 WL 4060310 (D. Or. July 27, 2016) (*Hamilton I*) and 2016 WL 6542840, at *1 (D. Or. Nov. 2, 2016) (*Hamilton II*), which, not unlike the present case, involved a recall program in which all customers were entitled to a refund, but the plaintiff chose to sue instead.  The fact that *Hamilton* involved allegedly contaminated food and this case involves allegedly deceptive advertising (Opp. at 8) is a distinction without a difference—plaintiffs in each case could have been made whole by participating in the company's refund program.  *Hamilton* is not "bad law" in light of *Campbell-Ewald* and *Luman*, which were decided *before* both *Hamilton* decisions and, as discussed in the next section, are readily distinguishable.

*Hamilton* is not an outlier; indeed, it is supported by numerous cases the Opposition ignores, including *Tosh-Surryhne*, *Epstein*, and *Demmler*.  Plaintiff tries to distinguish *Harris, Lepkowski*, and *Nguyen* as involving plaintiffs who "received a full refund prior to the lawsuit being filed," but this is incorrect. Opp. at 7; *see Harris v. PFI W. Stores, Inc.*, 2020 WL 3965022, at *3 (C.D. Cal. Apr. 9, 2020) (agreeing that "[plaintiff] lacks standing for her claims for monetary relief because she was offered a full refund for the shirt she purchased, to which she later refused"); *Lepkowski v. CamelBak Prod., LLC*, 2019 WL 6771785, at *1-3 (N.D. Cal. Dec. 12, 2019) ("to the extent that [plaintiff] argues she did not accept CamelBak's offer …courts have routinely rejected similar arguments"); *Nguyen v. Cree, Inc.*, 2019 WL 6917887, at *2 (D. Or. Dec. 17, 2019) (although the "briefing [was] ambiguous" as to whether plaintiff received replacement bulbs, "standing is eliminated if Plaintiff was *offered* replacement bulbs through the

warranty program but refused to mitigate his damages") (emphasis added).[1]

### 3. Plaintiff Relies on Distinguishable Case Law

The cases Plaintiff relies on to support her case—*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016) and *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016)—are readily distinguishable. *Campbell-Ewald* concerned Rule 68 offers to compromise, which were served after the litigation had commenced in an attempt to "pick off" a named plaintiff. 136 S. Ct. at 674. Eddie Bauer's long-standing return policy, by contrast, is not a "pick off" tactic. It was in place long before Plaintiff's purchases, Plaintiff agreed to the policy at the time of both purchases, and she continues to enjoy the right to a full refund under that policy applicable at the time of her purchases. As several courts have held, *Campbell-Ewald* does not apply in these circumstances. *Strama v. Toyota Motor Sales, U.S.A., Inc.*, 2016 WL 561936, at *3 (N.D. Ill. Feb. 12, 2016) (distinguishing *Campbell-Ewald* where a "warranty was offered before the suit was filed … Thus, the allegations in this case indicated that Plaintiffs chose to ignore the [warranty] offered to them and to instead initiate litigation and attempt to initiate a class action to obtain the precise relief offered to them in the [warranty]. Therefore, this court lacks jurisdiction in this matter."); *Winkworth v. Spectrum Brands, Inc.*, 2020 WL 3574687, at *5 (W.D. Pa. June 30, 2020) (distinguishing *Campbell-Ewald* where defendant made pre-suit offer); *Harris v. PFI W. Stores, Inc.*, 2020 WL 3965022, at *2-3 (C.D. Cal. Apr. 9, 2020) (same).

*Luman* does not stand for the proposition that "standing exists [any time] the plaintiff's claim for monetary relief was unpaid when he joined the lawsuit." Opp. at 10. *Luman* involved two plaintiffs: one of whom received a refund before filing suit and whose claims were mooted, and another who received a refund after filing suit whose claims were not mooted because the payment was a "pick-off" attempt under *Campbell-Ewald*. *Luman* did not involve a plaintiff who, like Plaintiff here, had the opportunity to receive a full refund after making the purchase at issue.

---

[1] Eddie Bauer agrees that *Becker v. Skype Inc.*, 2014 WL 556697, at *1 (N.D. Cal. Feb. 10, 2014) and *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1136 (N.D. Cal. 2010) involved plaintiffs who were issued full refunds—which is why Eddie Bauer cited them for that principle. *See* Motion at 10 and fn. 4.

REPLY IN SUPPORT OF MOTION TO DISMISS   3
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

### B. Plaintiff's Claims for Monetary Relief Are Also Moot

Plaintiff's mootness claims fail for the same reasons her standing arguments fail. Like *Campbell-Ewald* (discussed *supra*), *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1145 (9th Cir. 2016), is distinguishable because it also involved post-filing pick-off attempts. Once again, the Opposition ignores all the cases cited in Eddie Bauer's Motion on this issue. *See* Motion at 11.

### C. Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Plaintiff argues that she has standing to bring claims as to Eddie Bauer's new "Comparable Value" pricing because she contends that this pricing violates the law. Plaintiff's argument misinterprets her burden. Plaintiff "must demonstrate that she is likely to suffer the **same** injury in the future, absent injunctive relief." *Haro v. Sebelius*, 747 F.3d 1099, 1109 (9th Cir. 2014) (emphasis in original) (citing *City of Los Angeles v. Lyons*, 561 U.S. 95, 105-06 (1983); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1308-09 (9th Cir. 1992) (holding that plaintiffs failed to allege sufficient facts to confer standing for purposes of injunctive relief because complaint did not allege that the named plaintiffs "would suffer the same purported injury in the future"), *abrogated on other grounds by Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008)). Plaintiff's alleged injury is that she interpreted Eddie Bauer's listed prices to refer to Eddie Bauer's former prices for the identical item. Plaintiff does not, however, claim to have been deceived by the "Comparable Value" designation, and she thus lacks standing to seek relief as to Comparable Value pricing.

Plaintiff's argument about "clearance" items previously sold in Eddie Bauer's mainline stores is irrelevant, because Plaintiff does not claim to have purchased any such items. *See, e.g.*, Complaint ¶ 56 ("both the Fleece Zip and the Microlight Jacket were Eddie Bauer Outlet-exclusive items; they were never offered or sold anywhere else"). Nor does Plaintiff allege that she intends to buy such clearance products from Eddie Bauer in the future, or that she is at risk of being confused now that Eddie Bauer distinguishes outlet-exclusive items from "clearance" items. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) ("the threat of injury must be actual and imminent, not conjectural or hypothetical."); *see also Rahman v. Mott's LLP*, 2018 WL 4585024,

at *3 (N.D. Cal. Sept. 25, 2018) ("once the plaintiff understood how to interpret the label there was 'no longer any risk' that the plaintiff would be misled") (citation omitted); *Tryan v. Ulthera, Inc.*, 2018 WL 3955980, at *10 (E.D. Cal. Aug. 17, 2018). The pricing as to "clearance" items does not give Plaintiff standing to seek injunctive relief for outlet-exclusive items.

Plaintiff also purports to invoke the "voluntary cessation" doctrine (Opp. at 12-13), but that doctrine does not apply where, as here, the change was made well before the litigation arose. "For the exception to apply ... the [defendant's] voluntary cessation must have arisen *because of* the litigation." *Public Utilities Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996) (emphasis in original, quotation omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1037 (10th Cir.2011); *Am. Civ. Liberties Union of Massachusetts v. U.S. Conf. of Catholic Bishops*, 705 F.3d 44, 54–55 (1st Cir. 2013). Here, Eddie Bauer changed its practices seven months before Plaintiff's suit was filed—so the change ***could not*** have been in response to this suit. The exception therefore does not apply. Furthermore, the Declaration of Alison Woerman makes clear that Eddie Bauer is not likely to return to the previous price tags. Woerman Decl. at ¶ 10.

### III. Plaintiff's Claims for Equitable Relief Should be Dismissed Because She Has Not Established that She Lacks an Adequate Remedy at Law

Plaintiff makes several arguments as to why the Court should permit her equitable relief claims to proceed, while mischaracterizing *Sonner's* clear binding precedent. Each argument fails. Plaintiff claims that *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020), only applies where: (a) the plaintiff is seeking restitution and not injunctive relief; and (b) where the amount of restitution sought is exactly the same as the amount of damages sought. Opp. at 9.

> Several other courts have very recently rejected Plaintiff's arguments. As one explained:
> *Sonner* … is not limited to only those cases where the plaintiff seeks an amount in restitution that he could otherwise seek as damages. Nor does this broad analysis of the distinction between law and equity create an exception for injunctions as opposed to other forms of equitable relief. The clear rule in *Sonner* that plaintiffs must plead the inadequacy of legal remedies before requesting equitable relief therefore applies.

*Adams v. Cole Haan, LLC,* 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020); *see also Rosenkrantz v. Arizona Bd. of Regents*, 2020 WL 4346754, at *2 (D. Ariz. July 29, 2020) (same);

REPLY IN SUPPORT OF MOTION TO DISMISS    5
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

*In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("This Court agrees with our fellow courts that under *Sonner*, Plaintiffs are required to allege that they lack an adequate remedy at law in order to seek injunctive relief.") (citing *Adams*); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV2000769-CJC-GJSx, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (citing *Sonner*).

Here, Plaintiff seeks both equitable and legal relief for the exact same alleged injury. As in *Adams*, "The problem for [plaintiff] is that her complaint does not provide any allegations that explain why she will be irreparably harmed should the Court not grant equitable relief." *Adams*, 2020 WL 5648605, at *3; *Cumulus Media, Inc. v. Donovan*, 2004 WL 2958416, at *1 (D. Or. Dec. 20, 2004) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Plaintiff's assertion that "no amount of damages for past harms can redress the threat of future harm" (Opp. at 3) misses the point. Plaintiff fails to allege that she lacks an adequate remedy at law. Plaintiff's claim here is purely economic: that she would not have bought these items or paid as much as she did but for Eddie Bauer's alleged misrepresentations. Plaintiff fails to explain why monetary damages would not be sufficient to compensate her for potential future monetary injury. If she ever goes back to Eddie Bauer, and believes she has again paid too much, she will have the same remedy she has now, an action for damages. There is no actual or imminent risk of irreparable future harm. *See* Motion at 6; *see also Dotster, Inc. v. Internet Corp.*, 296 F. Supp. 2d 1159, 1163 (C.D. Cal. 2003) (dismissing injunctive relief claim where plaintiffs "have not shown an 'actual and imminent' injury … 'for which monetary damages cannot adequately compensate.'"). Plaintiff moreover appears to conflate the "adequate remedy" question with her separate burden to establish standing. *See, e.g.*, *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (the adequate remedy inquiry mooted the standing question). The *Davidson*, *Spann*, and *Simon* cases on which Plaintiff relies (Opp. at 2-3), concern standing and not the adequate remedy issue. If standing to seek injunctive relief were sufficient to overcome the "adequate remedy" hurdle, then there would be no need for the separate analysis. In reality, courts—including in *Philips v. Ford Motor Company,* 726 F. App'x 608, 609 (9th Cir.

REPLY IN SUPPORT OF MOTION TO DISMISS    6
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

2018)—routinely dismiss injunctive relief claims where the plaintiff fails to establish that she lacks an adequate remedy at law. *See also* Motion at 7 n. 2; *Copelan v. Infinity Ins. Co.*, 359 F. Supp. 3d 926, 930 (C.D. Cal. 2019) (listing cases).

Plaintiff also argues that "At this point in the litigation, Plaintiffs may plead alternate measures of damages." Opp. at 4. This is irrelevant to the question of whether she can seek equitable and legal relief in the alternative. *Calderon* and *Spann* (cited in Opp. at 4) involved the argument that "Plaintiffs do not have monetary damages, as the items they purchased were worth the exact amount they paid for." *See, e.g.*, *Calderon v. Kate Spade & Co., LLC*, 2020 WL 1062930, at *7 (S.D. Cal. Mar. 5, 2020).[2]

In any event, *Sonner* shuts the door on Plaintiff's "alternative relief" theory, because the Court held that the outcome of the claim for legal relief is irrelevant—even if the plaintiff chooses not to seek legal relief in the first place, she cannot seek equitable relief unless she can establish that the legal relief would be insufficient. *Sonner*, 971 F.3d at 845; *see also McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087 (9th Cir. 2003) (same). In *Mullins v. Premier Nutrition Corp.*, which was affirmed by *Sonner*, the district court explained that "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not … whether she will be successful in that pursuit." 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018) (citations omitted). Numerous other courts are in accord. *See, e.g.*, *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable.").[3]

---

[2] While Eddie Bauer makes this argument in Section II, it has nothing to do with the adequate remedy issue.
[3] *See also Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015) (same); *Milman v. FCA U.S., LLC*, 2018 WL 5867481, at *15 (C.D. Cal. Aug. 30, 2018); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (same); *Robinson v. C.R. Bard, Inc.*, 2016 WL 3361825, at *3 n.3 (N.D. Cal. June 17, 2016) (same); *Adams v. I-Flow Corp.*, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Should plaintiffs ultimately prevail on their claims, they will be adequately compensated for their alleged injuries by an award of damages."); *Bird v. First Alert, Inc.*, 2014 WL 7248734 at *7 (N.D. Cal. Dec. 19, 2014) (dismissing equitable claims under the UCL and CLRA while also dismissing CLRA damages claims with leave to amend).

## IV. Plaintiff Fails to State a Claim

### A. Plaintiff's Claims Are Time-Barred

Plaintiff does not dispute that the UTPA has a one-year statute of limitations, or that she "bears the burden of pleading facts which justify application of the rule." *Sturgis v. Asset Acceptance, LLC*, 2016 WL 223708, at *6 (D. Or. Jan. 19, 2016). Plaintiff is incorrect that she can satisfy this burden merely by identifying the date she allegedly learned of the practices at issue and claiming that Eddie Bauer intentionally concealed those practices from the public. Opp. at 24; *see also Hip Hop Bev. Corp. v. Michaux*, 729 F. App'x. 599, 600 (9th Cir. 2018) (insufficient to allege that "[o]n or about May 19, 2012, Plaintiff became aware of records" that led it to discover the conduct at issue). Plaintiff's Complaint does not include requisite details about the circumstances of how she discovered the alleged truth about Eddie Bauer's practices, or that she could not have discovered the practices earlier. *Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 575 (9th Cir. 1964); *see also Raifman v. Wachovia Sec.*, LLC, 649 F. App'x 611, 612-14 (9th Cir. 2016). Plaintiff now alleges in her Opposition that her lawyers told her about Eddie Bauer's pricing on March 13, 2020. Opp. at 23. Even if Plaintiff could amend her Complaint through her Opposition—which she cannot—this vague allegation still falls far short of meeting Plaintiff's burden. "The lack of specificity makes it impossible to ascertain whether [Plaintiff] could have made its discovery earlier … Therefore, [Plaintiff] has failed to carry its burden of establishing diligence." *Hip Hop Bev. Corp.*, 729 F. App'x. at 600.

### B. Plaintiff's Claims Fail Under Rule 9(b)

Plaintiff argues that her allegations are supported by her counsel's investigation into "every one of Eddie Bauer's sales channels." Opp. at 16 (citing Compl. ¶¶ 24, 37-39). In reality, the "investigation" appears to have been virtually non-existent outside of Eddie Bauer's website, which is not at issue here. The face of the Complaint makes clear that the website's pricing is irrelevant to 90% of items in Eddie Bauer's outlets, because such items were made exclusively for the outlets and were never offered in its other channels. Compl. ¶ 3.

Again, Plaintiff does not claim that she purchased any item that was ever previously

offered on the Eddie Bauer website. Regardless, as to the 10% of items allegedly sourced from Eddie Bauer's mainline (non-outlet) channels, Plaintiff relies on a string of unsupported assumptions, including that Eddie Bauer's online pricing mirrors its in-store pricing, that merchandise in Eddie Bauer's mainline stores is always on sale, and that such merchandise is never offered at the ticketed price once it reaches the outlet stores. Rule 9(b) required her to allege facts to support these unsupported theories.

As to the allegedly 90% of items, Plaintiff's allegations are based on the sole fact that she and/or her counsel have visited Eddie Bauer outlets about *once a year* during the class period. The only "investigatory" visits (i.e. the only visits aside from Plaintiff's two purchases) were to stores in Washington, which are irrelevant to this case. Complaint ¶ 24. Plaintiff does not claim that she or her counsel have visited a single outlet store more than once, or to have tracked the pricing of any item across visits, or to have investigated the items Plaintiff purchased. The fact that Plaintiff bought items on-sale on two separate days, and that certain Washington outlets offered sales years earlier and later, does not plausibly support Plaintiff's claim that *every item* in Eddie Bauer's *Oregon* outlets is *always* on sale.

Plaintiff relies heavily on *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564 (9th Cir. 2017) and *Nunez v. Saks, Inc.*, 771 F. App'x 401 (9th Cir. 2019), but these unpublished decisions run contrary to the long line of cases in the Ninth Circuit and elsewhere that have "consistently required that circumstances indicating falseness be set forth." *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds as stated in *Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013). This Court should instead follow the approach set forth in *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) and the other cases cited in Eddie Bauer's Motion at 14.

### C.    Plaintiff Fails to Allege Ascertainable Loss

Eddie Bauer's Motion spent nearly five pages explaining how, under the Oregon Supreme Court's decision in *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 126 (2015), Plaintiff failed to establish economic injury. Motion at 18-23. Plaintiff's Opposition ignores this binding precedent

in its entirety, instead citing unpublished cases with distinguishable facts for principles that contradict *Pearson*. These cases should not distract from the fact that: (1) Plaintiff can return her purchases for a full refund at any time; (2) Plaintiff received the exact products she wanted at prices she agreed to pay, and used them for years without issue; and (3) Plaintiff only wants to return her purchases now that her lawyer told her she should have gotten a better deal.

### 1. Eddie Bauer's Return Policy Prevents Plaintiff from Establishing Any Ascertainable Loss

Plaintiff's arguments about Eddie Bauer's return policy fail for the same reasons discussed in Section II.A., *supra*. The current policy is irrelevant to Plaintiff's ability to return merchandise purchased under the previous policy, and she cannot manufacture an injury by refusing to return her items for a refund. Plaintiff again relies on the distinguishable *Chen* and *Campbell-Ewald* cases, fails to distinguish the on-point *Hamilton* case, and ignores the other cases cited in Eddie Bauer's motion. Opp. at 20-21; *see also* Section II.B., *supra*.

### 2. "Buyer's Regret" Is Insufficient to Establish Ascertainable Loss

Plaintiff primarily relies on the "Product Purchase Price" theory—that she would not have made her purchases "but for" the alleged misrepresentations. This theory does not stand for the proposition that a plaintiff can state a claim merely by alleging that she would not have made a purchase but for the alleged misrepresentation. Opp. at 18-19. The *Pearson* court is clear that "noneconomic losses" such as subjective disappointment cannot establish ascertainable loss *Pearson,* 358 Or. at 117. The "Product Purchase" theory instead requires Plaintiff to allege that she did not receive the benefit of her bargain, because the product lacked "a character or quality as represented." *Pearson*, 358 Or. at 126. Plaintiff does not identify any "character or quality" that she expected to receive from the items she purchased that she did not actually receive. Instead, her sole allegation is that she did not receive as much of a bargain as she believed she was receiving, which falls squarely within the diminished value analysis under *Pearson*. *See* Section IV.C.3., *infra*.

The cases cited by Plaintiff are readily distinguishable. They all involve plaintiffs who

REPLY IN SUPPORT OF MOTION TO DISMISS   10
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

thought they were buying a product with certain characteristics, when in fact the product did not have such characteristics. *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Or. 127 (1984) (cited in Opp. at 19) involved a used car that was advertised as new; in *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 670 (9th Cir. 2017), the plaintiff alleged with "ample showing" that he "paid for what he reasonably believed was a certain quantity of supplement, but instead received half as much product" (*Walters*, 2015 WL 3916972, at *8 (D. Or. June 25, 2015)); and in *Silva v. Unique Beverage Co.*, LLC, 2017 WL 4896097 (D. Or. Oct. 30, 2017), the plaintiff claimed that a beverage labeled with word "coconut" was deceptive because it did not actually contain coconut.

*Simonsen v. Sandy River Auto*, LLC, 290 Or. App. 80 (2018), a product defect case, is also readily distinguishable. In *Simonsen*, which was not a class action, the defendant represented to the plaintiff that a car's valve cover gasket had been replaced and that the car was in good condition, when in fact the valve cover gasket was leaking and the car had several defects that needed immediate repair (which the plaintiff only discovered after purchase). *Id*. at 82; *see also id*. at 92 (noting that plaintiffs' theory of loss was "consistent with existing law, including *Pearson* which recognized the potential for relief in the form of a refund of a purchase price based on reliance on misrepresented qualities.")  Here, by contrast, Plaintiff does not allege that the products she purchased had any undisclosed defects, or had qualities that were misrepresented.

### 3. Plaintiff's "Diminished Value" Theory Fails

Plaintiff also attempts to establish ascertainable loss through what she calls "Loss of the Value of the Advantageous Bargain Promised." Opp. at 19-20. This is simply a euphemism for *Pearson*'s "Diminished Value" theory, which fails for the reasons set forth in Eddie Bauer's Motion. In support, Plaintiff again relies on *Simonsen*, 290 Or. App. at 91-92 (cited in Opp. at 21-22), which is not only factually distinguishable (*see supra*, Section IV.C.2.), but also does not even apply the "Diminished Value" theory. Instead, the court held that rescission was fair under the "Product Purchase Price" theory discussed above because the value of a "good car" in "good running order" exceeded the value of a defective car in need of repairs. *Id.* at 92. Plaintiff is flatly wrong that the plaintiff in *Simonson* received the product he wanted to buy. *Compare* Opp.

REPLY IN SUPPORT OF MOTION TO DISMISS — 11
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

at 21 (stating, with quotes, that the plaintiff in *Simonsen* "got the car he wanted at the price he agreed to pay.") *with Simonsen*, 290 Or. App. at 92 (because of the "material defects," "the actual car sold was different than the car represented to be a 'great price' or a 'really good deal.'"). Nor does the decision hold, as Plaintiff claims, that a plaintiff can establish ascertainable loss merely by reciting that she did not receive "the advantageous bargain promised." Opp. at 21.

Here, unlike in *Simonsen*, the "value of the [items] as represented" is the exact same as the "value of the [items] as purchased," because the items purchased were the exact same as they had been represented. Plaintiff does not explain how the previous pricing of an item impacts the market value of the same item on any other day. *See also* Motion at 22 (listing similar cases from other jurisdictions); *see also Solano v. Kroger Co.*, 2020 WL 3248221, at *17 (D. Or. June 12, 2020) (no ascertainable loss where "Plaintiffs have failed to [allege] that the 'redeemability' of [orange juice] packaging, as opposed to the underlying beverage itself, is an inherent characteristic, quality, feature that added to the overall inherent value of the good.").

Taking as an example the Fleece Zip that Plaintiff purchased on March 22, 2017, which had a list price of $39.99 and a selling price of $19.99, Plaintiff argues she was "damaged" because she now believes, after wearing the zip fleece jacket for years, that she did not receive $39.99 in value when she bought it three and a half years ago. Opp. at 22. This distorts the relevant test. To establish ascertainable loss, Plaintiff must allege that the actual value of the Fleece Zip would have been higher if the reference price had allegedly been "as represented"—that is, if it *had* been offered at $39.99 for some "reasonable" amount of time when it was allegedly not. *See also* Mot. at 21-22. Plaintiff's Opposition does not identify any facts in the Complaint to support such an inference, which would defy common sense.

## V.   Conclusion

For the foregoing reasons, Eddie Bauer respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

REPLY IN SUPPORT OF MOTION TO DISMISS   12
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Respectfully submitted this 16th day of October, 2020.

SEED IP Law Group LLP

/s/Thomas A. Shewmake
Marc C. Levy, WSBA No. 19203
Thomas A. Shewmake, WSBA No. 50765
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031
marcl@seedip.com
tomshewmake@seedip.com

STEPTOE & JOHNSON LLP
Stephanie A. Sheridan (*pro hac vice pending*)
Anthony J. Anscombe (*pro hac vice*)
Meegan B. Brooks (*pro hac vice*)
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: 415-365-6700
Facsimile: 415-365-6699
ssheridan@steptoe.com
aanscombe@steptoe.com
mbrooks@steptoe.com

*Attorneys for Defendants*
*EDDIE BAUER LLC AND*
*EDDIE BAUER PARENT LLC*

REPLY IN SUPPORT OF MOTION TO DISMISS    13
Case No. 2:20-cv-01106-JCC

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900