THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK, for herself and/or on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>EDDIE BAUER LLC, and EDDIE BAUER PARENT LLC,<br><br>                    Defendants. | CASE NO. C20-1106-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff Susan Clark brought this putative class action for what she alleges are Defendant Eddie Bauer LLC's violations of Oregon's Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. § 646.605 *et seq*. (*See generally* Dkt. No. 1.) Ms. Clark takes issue with Eddie Bauer's use of allegedly false and misleading tagged list prices, *i.e.*, reference prices, on the garments sold by Eddie Bauer Outlet Stores in Oregon. She alleges that the Outlet Stores perpetually sell garments at discounted prices and, as a result, the reference prices on the sales tags are inaccurate and misleading. (*Id.*)

Ms. Clark alleges that she purchased three garments at two Eddie Bauer Outlet Stores in Oregon. (*Id.* at 12–14.) She claims that she purchased a fleece zip and a Microlight jacket in March 2017 at the Troutdale store with tagged list prices of $39.99 and $99.99, respectively, which were each subject to a 50% discount at checkout. (*Id.*) She returned the Microlight jacket in April 2018 to the Woodburn store and used the resulting credit toward the purchase of a Stormdown jacket with a tagged list price of $229.00 and a tagged clearance price of $199.99, which was also subject to a 50% discount off the lowest marked price at checkout. (*Id.* at 14–15.) Ms. Clark alleges that "the products were *always* offered at discounts of between 40% and 70% off the listed prices printed on their tags" and, as a result, she was fraudulently induced into buying these items based upon a false expectation that she was getting a deal when, in fact, she was not. (*Id.* at 12–17.)

Ms. Clark filed a complaint on behalf of herself and other similarly situated persons who purchased garments with allegedly misleading list prices at Eddie Bauer Outlet Stores in Oregon. (*Id.* at 20–26.) She asserts that Eddie Bauer Outlet Stores' pricing scheme is false and misleading, and is intended to dupe consumers into thinking they are getting a bargain when, in reality, they are not. (*Id.*) She argues that this violates the UTPA. (*Id.*) Ms. Clark seeks, on behalf of herself and each putative class member, the greater of UTPA statutory or actual damages, punitive damages under the UTPA, and equitable relief. (*Id.* at 26–27.) In seeking equitable relief, Ms. Clark asks the Court for disgorgement, restitution, and an injunction barring Eddie Bauer from continuing its unlawful pricing scheme at its outlet stores in Oregon. (*Id.*)

Eddie Bauer moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 16.) It asserts that Ms. Clark lacks standing and that her claims are moot, and that her complaint fails to state a claim for which the Court can provide relief. (*See generally id.*)

## II. DISCUSSION

### A. Legal Standards

A defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed.

R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor," and then determining whether they are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). A factual attack, on the other hand, challenges the facts that serve as the basis for subject matter jurisdiction. *Id.* As discussed in more detail below, Eddie Bauer brings factual challenges, arguing that Ms. Clark lacks Article III standing and that her claims for monetary relief are moot. (Dkt. No. 16 at 15–19.) In evaluating a factual attack, a court may look beyond the complaint without converting the motion into a motion for summary judgment. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

A defendant may also move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under that Rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B.    Subject Matter Jurisdiction**

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015). To establish Article III standing, "[a] plaintiff must show that (1) he or she has suffered a 'concrete and particularized' injury to a

1  cognizable interest, (2) which is 'fairly traceable to the challenged action of the defendant' and
2  (3) which likely can be redressed by a favorable decision." *Nat'l Council of La Raza v.*
3  *Cegavske,* 800 F.3d 1032, 1039 (9th Cir. 2015) (quoting *Bennett v. Spear*, 520 U.S. 154, 167
4  (1997)). A cognizable injury must be both "concrete and particularized" and "actual or
5  imminent," as opposed to "conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555,
6  560 (1992). In a false advertising case, a complaint meets the injury standard if it alleges that, by
7  relying on a misrepresentation on a product label, a consumer paid more for a product than they
8  otherwise would have paid, or bought it when they otherwise would not have done so. *Reid v.*
9  *Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015).
10     Ms. Clark alleges that Eddie Bauer utilized inflated reference prices when she made her
11  purchases in 2017 and 2018 and, absent those inflated prices, "she would not have purchased the
12  products at the prices she paid." (Dkt. No. 1 at 16.) Eddie Bauer argues this is insufficient to
13  allege a concrete injury, given Eddie Bauer's generous return policy. (Dkt. No. 16 at 16–19.)
14  While the parties debate whether Ms. Clark, in fact, qualified for Eddie Bauer's lifetime return
15  policy or a later-adopted time-limited return policy, (*compare* Dkt. No. 21 at 12, *with* Dkt. No.
16  22 at 7–8), this distinction is not relevant for purposes of Eddie Bauer's standing arguments.
17     Assuming, *arguendo*, that Eddie Bauer did, in fact, communicate a clear, return policy
18  without time limitations, this would not mean Ms. Clark lacks standing unless she *actually*
19  *returned* the merchandise prior to filing suit. *See Amkraut's Luman v. Theismann*, 647 F. App'x
20  804, 807 (9th Cir. 2016); *Lawrence v. FCA US LLC*, 2017 WL 6940513, slip op. at 4 (C.D. Cal.
21  2017); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 154 (2016) (Thomas, J.,
22  concurring) ("A mere offer of the sum owed is insufficient to eliminate a court's jurisdiction to
23  decide the case to which the offer related."). Nor is the Court persuaded by Eddie Bauer's
24  interpretation of *Hamilton v. General Mills, Inc.*, 2016 WL 4060310, slip op. (D. Or. 2016), and
25  2016 WL 6542840, slip op. (D. Or. 2016), as this case is distinguishable from Ms. Clark's. (*See*
26  Dkt. Nos. 16 at 17–18, 22 at 8–9). Unlike here, *Hamilton* did not involve allegations of *willful*

false advertising, but an inadvertent error that resulted in inaccurate labeling. *See* 2016 WL 406310, slip op. at 1. Moreover, in *Hamilton*, General Mills engaged in a widely advertised recall and refund program to ensure that no one was unintentionally misled and/or sickened by the erroneous labeling on its packaging. *Id.* As a result, the nature of the harm is distinguishable in that the likelihood of injury from General Mills' error was much less than the injury incurred by Ms. Clark, who had no basis to know, absent communication from current counsel, that she had been duped into buying something at a price she would not otherwise have paid.

For the same reasons that Eddie Bauer's return policy does not eliminate Ms. Clark's injury for standing purposes, it also does not moot her claims. (*See* Dkt. No. 16 at 19.) "[A] claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) (emphasis in original). Eddie Bauer's mootness argument is, therefore, equally unavailing.

Nor does Eddie Bauer's argument regarding Ms. Clark's standing for purposes of injunctive relief fare any better. According to the complaint, Ms. Clark "would shop at one of Eddie Bauer's Oregon Outlet Stores again if she could have confidence regarding the truth of Eddie Bauer's prices and the value of its products." (Dkt. No. 1 at 16.) But due to Eddie Bauer's allegedly misleading pricing scheme, Ms. Clark asserted that she "will be harmed if, in the future, she is left to guess as to whether Eddie Bauer is providing a legitimate sale or not, and whether products are actually worth the amount that Eddie Bauer is representing." (*Id.* at 17.)

Eddie Bauer suggests Ms. Clark lacks standing for injunctive relief because it has since changed the reference pricing scheme it utilizes, now referencing a "comparable value" on its sales tags for garments, rather than a reference price based on the garment's allegedly fictitious full retail price. (Dkt. No. 16 at 16–17; *see* Dkt. No. 16-1 at 6.) But according to the UTPA, Eddie Bauer must provide the *origin* of any such reference price, Or. Rev. Stat. § 646.885(2). An opaque reference to a "comparable value" does not meet this requirement. Nor does a reference on the tag to a comparable value, without support for its basis, reduce the injury Ms. Clark would

suffer. An inflated reference price, regardless of the source, may still cause a consumer such as Ms. Clark confusion in that she may still believe she is getting a deal when, in fact, she is not.

The Court has subject matter jurisdiction over Ms. Clark's claims.

C. **Failure to State a Claim**

Even if the Court has subject matter jurisdiction, it must dismiss the complaint if it fails to state a claim for which relief can be granted. *Twombly*, 550 U.S. at 555. Eddie Bauer makes a number of arguments along these lines. It argues (1) Ms. Clark's allegations are insufficient to satisfy the heightened pleading standards for fraud, (2) her allegations fail to demonstrate that she is entitled to equitable relief, (3) her UTPA claim is time-barred, and (4) she fails to allege an ascertainable loss as required under the UTPA. (*See generally* Dkt. No. 16.) Each are addressed below.

1. Rule 9(b) Pleading Standard

"[A] party must state with *particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). This is frequently described as the "who, what, when, where, and how" pleading requirement. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). It is necessary to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Eddie Bauer argues that Ms. Clark's complaint fails to meet this standard. (*See* Dkt. Nos. 16 at 22–24, 22 at 14–15.) The Court disagrees. The complaint includes the details necessary to notify Eddie Bauer of the nature of Ms. Clark's fraud allegations. (*See* Dkt. No. 5–7, 10–16.) The information Eddie Bauer suggests must be included in Ms. Clark's complaint, such as the full price history of the garments Ms. Clark purchased, is information that is "most certainly in Defendants' possession" and "easily discoverable." *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1060 (W.D. Wash. 2020). "No further specificity is required to enable Defendants to make a meaningful denial." *Id.* Ms.

1  Clark's complaint satisfies the Rule 9(b) requirements.

2          2.   <u>Equitable Relief</u>

3      Eddie Bauer also argues that Ms. Clark's complaint fails to establish a basis for equitable relief because it does not demonstrate that she lacks an adequate remedy at law. (Dkt. No. 16 at 13–15.) Ms. Clark, in response, argues that the Court should allow her to seek the full panoply of remedies afforded by the UTPA. (Dkt. No. 21 at 8–11.) But state law cannot override a basic principle of federal common law this Court is bound by. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020).[1] Federal courts are "preclude[d] . . . from awarding equitable relief when an adequate legal remedy exists." *Id.* (citing *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 537–39 (1958)). And here, Ms. Clark's complaint does not contain plausible allegations explaining *why* her legal remedies are inadequate as to past and future harms—both are financial and both can be cured by the monetary damages, *i.e.*, *legal relief*, afforded by the UTPA. *See* Or. Rev. Stat. § 646.638(1).

    Ms. Clark's argument that equitable relief is appropriately pled as an alternate measure of damages fares no better. (*See* Dkt. No. 21 at 10.) Even if equitable relief is pleaded as an alternate measure of damages, the complaint must *first* provide sufficient allegations to plausibly explain how a legal remedy, *i.e.*, the UTPA's monetary damages, are inadequate. *See Rhynes v. Stryker Corp.*, 2011 WL 2149095, slip op. at 4 (N.D. Cal. 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original). The complaint provides no such plausible allegations.

    Ms. Clark's complaint fails to state a claim for equitable relief.

---

[1] The Court finds no merit to Ms. Clark's argument that *Sonner* stands for the proposition that only restitution is barred by this principle. (*See* Dkt. No. 21 at 9.) "The *Sonner* court derived its rule from broader principles of federal common law and the historical division between courts of law and courts of equity." *Teresa Adams v. Cole Haan, LLC*, 2020 WL 5648605, slip op. at 2 (C.D. Cal. 2020). *Sonner* stands for the proposition that *any* form of equitable relief is barred, to the extent an adequate legal remedy exists. *See* 962 F.3d at 1081 (citing *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009)).

### 3. Statute of Limitations

All of Ms. Clark's alleged purchases occurred beyond the UTPA's one-year statute of limitations. (Dkt. No. 16 at 20–22 (citing Or. Rev. Stat. § 646.638(6).) The parties disagree over whether the discovery rule would act to preserve her claims. (*Compare id.*, *with* Dkt. No. 21 at 29–30.) According to the rule, "the period for fraud begins to run when the plaintiff knows or should have known of the alleged fraud" which is "normally a question for the jury." *Mathies v. Hoeck*, 588 P.2d 1, 3 (Or. 1978). According to the complaint, Ms. Clark first became aware of Eddie Bauer's allegedly false advertising scheme on March 13, 2020. (Dkt. No. 1 at 16, 24, 25.) But, as Eddie Bauer points out, the complaint fails to include the circumstances associated with her discovery. (Dkt. No. 16 at 21, 22 at 14.) While this may seem like a minor technicality, it is a requirement for application of the discovery rule. *See Sturgis v. Asset Acceptance*, 2016 WL 223708, slip op. at 7 (D. Or. 2016) (citing *FDIC v. Smith*, 328 Or. 420, 432 (1999)); *see also Hip Hop Bev. Corp. v. Michaux*, 729 F. App'x. 599, 600 (9th Cir. 2018) (requiring "specific facts regarding how [the plaintiff] 'became aware' of the records that revealed [the defendant's] wrongdoing.") While this deficiency could possibly be cured through an amended complaint, Ms. Clark's UTPA claims, as pleaded, are time-barred.

### 4. Ascertainable Loss

A person bringing a private right of action under the UTPA must "suffer[] an ascertainable loss of money or property," meaning an economic injury. Or. Rev. Stat. § 646.638(1). Ms. Clark's complaint can be read to allege two forms of loss: (1) the monetary loss from purchasing a product that she would not have otherwise purchased but for Eddie Bauer's allegedly misleading pricing and (2) the loss of the bargain she thought she was receiving. (Dkt. No. 1 at 8, 12, 22, 23.) Eddie Bauer argues that neither represent economic injuries, *i.e.*, ascertainable losses (a) because of the company's generous return policy and (b) because Ms. Clark, in fact, received the garments she wanted at prices she was willing to pay. (Dkt. No. 16 at 26–32.)

Eddie Bauer's return policy argument is, essentially, a restatement of its Article III standing argument: Ms. Clark could not suffer an economic injury if she could return the garments for a full refund. (Dkt. Nos. 16 at 25–26, 22 at 16.) For the same reasons that the argument fails for standing purposes, *see supra* Part II.B, it fails here.[2] Ms. Clark continues to suffer an injury until she "*actually receives* all of the relief to which . . . she is entitled on the claim." *Chen*, 819 F.3d 1145.

Eddie Bauer's second argument is more persuasive. It is based on *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 10 (Or. 2015), which was a putative UTPA class action brought against a cigarette manufacturer that advertised certain cigarettes as being "light" and containing "lowered tar and nicotine." (*See* Dkt. No. 16 at 26.) In reality, neither assertion was true. *Pearson*, 361 P.3d at 9. Those characteristics could only be achieved when the cigarettes were smoked in a particular way. *Id.* Absent doing so, the cigarettes actually delivered *more* nicotine than standard cigarettes. *Id.* The plaintiff alleged an ascertainable loss based upon both a "diminished value" theory as well as a "purchase price" theory. *Id.* at 23–28. Ostensibly, according to the plaintiff, a product has a diminished value, meaning it is worth less than it otherwise would have been on the day a consumer purchased it, if it lacks the advertised characteristic(s). *Id.* If so, the difference between the value of the product with and without the characteristic is the ascertainable loss. *Id.* The purchase price theory is simpler: the ascertainable loss *is* the purchase price because the consumer would not have purchased the product at all absent the manufacturer's false representations. *Id.*

Ms. Clark argues that she, in fact, did plead an ascertainable loss based on both of the theories described in *Pearson*. (Dkt. No. 21 at 25–26.) Ms. Clark alleged that she "would not have purchased the products at the prices she paid" but for Eddie Bauer's misrepresentations as

---

[2] Similarly, for the same reasons that the Court was not persuaded by Eddie Bauer's interpretation of the holding in *Hamilton*, 2016 WL 4060310, above, *see supra* Part II.B., it is not persuaded here.

to value. (Dkt No. 1 at 16.) But she fails to explain how this amounts to a false representation as to the "character or quality" of the garments which, as discussed in *Pearson*, is necessary to establish reliance on the allegedly misleading claims. 361 P.3d at 27. The cases Ms. Clark cites only serve to reinforce this point. They all involve misrepresentations of the character or quality of the items being sold. (*See* Dkt. No. 21 at 25 (citing *Weigel v. Ron Tonkin Chevrolet Co.*, 690 P.2d 488 (Or. 1984) (used car that was advertised as new); *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x. 667 (9th Cir. 2017) (lower quantity of supplement than advertised); *Silva v. Unique Bev. Co.*, LLC, 2017 WL 4896097, slip op. (D. Or. 2017) (product lacked the advertised ingredient)). Similarly, in *Simonsen v. Sandy River Auto, LLC*, on which Ms. Clark relies for her diminished value argument, the car was allegedly advertised as being in "good running order" when, in fact, it was far from it. 413 P.3d 982, 988 (Or. App. 2018). Finally, in *Feitler v. Animation Celection, Inc.*, the ascertainable loss was the lack of exclusivity, *i.e.*, that the item was not as rare as advertised, not simply that it was not as *valuable* as advertised. *See* 13 P.3d 1044, 1049–50 (Or. App. 2000). Value was derived from scarcity—a characteristic separate from value. *Id.*

The bottom line is Ms. Clark points the Court to no instances where another court has found that an ascertainable loss for UTPA purposes could be pled based *solely* on a plaintiff's failure to get as good of a deal as the plaintiff anticipated. (*See generally* Dkt. No. 21 at 24–29.) Some misstatement as to a characteristic, quality, or feature of the product is required. Ms. Clark's complaint provides no such allegation. As a result, the Court must find that she did not adequately plead an ascertainable loss.

Ms. Clark's complaint fails to state a claim for which relief can be granted because it lacks allegations supporting a legally cognizable ascertainable loss under the UTPA.

### III. CONCLUSION

For the foregoing reasons, Eddie Bauer's motion to dismiss (Dkt. No. 16) is GRANTED. Ms. Clark's claims are DISMISSED with prejudice and without leave to amend, as any

amendment would be futile given her inability to plead an ascertainable loss. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

DATED this 1st day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1106-JCC
PAGE - 11