THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN CLARK, for Herself and/or on behalf all others similarly situated,

Plaintiff,

v.

EDDIE BAUER LLC; and
EDDIE BAUER PARENT LLC,

Defendants.

Civil Action No.: 2:20-cv-1106-RAJ

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Note for Motion Calendar:
Friday, May 31, 2024

ORAL ARGUMENT REQUESTED

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1

2

# TABLE OF CONTENTS

I.   Introduction and Summary of Argument ............................................................. 1

II.  Factual Background .......................................................................................... 2

    A.   Plaintiff's Allegations ............................................................................. 2

    B.   Eddie Bauer's "Comparable Value" Pricing........................................... 3

    C.   Procedural History ................................................................................. 5

        1.   District Court Proceedings........................................................... 5

        2.   Plaintiff's Appeal ........................................................................ 6

III. The First Amended Complaint Fails to Cure Plaintiff's Untimeliness................ 7

    A.   Legal Standard Applicable to Motions Under Rule 12(b)(6) ................. 7

    B.   Plaintiff Failed To Timely File This Lawsuit Within UTPA's One-
         Year Limitations Period ......................................................................... 7

        1.   The UTPA Requires Plaintiffs to File Their Complaints Within
             One Year of When They Discovered, or Should Have
             Discovered, Their Claims ........................................................... 8

        2.   Plaintiff Knew or Should Have Known of Her Claim Well
             Over One Year Before She Sued ................................................. 9

    C.   Public Policy Also Favors Dismissal, As Applying the Discovery Rule
         Here Creates Perverse Incentives.......................................................... 13

IV.  In the Alternative, the Court should Dismiss or Strike Claims as to
     "Comparable Value".......................................................................................... 13

    A.   "Comparable Value" Pricing Is Not Deceptive .................................... 14

    B.   No Causation........................................................................................ 18

V.   Conclusion ....................................................................................................... 20

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

i

**TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*Andriesian v. Cosm. Dermatology, Inc.*,
    No. 3:14–cv–01600–ST, 2015 WL 1638729 (D. Or. Mar. 3, 2015) .......................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................7, 15

*Askins v. U.S. Dep't of Homeland Sec.*,
    899 F.3d 1035 (9th Cir. 2018) ...........................................................................................16

*Azimpour v. Sears, Roebuck & Co.*,
    No. 15-CV-2798 JLS (WVG), 2016 WL 7626188 (S.D. Cal. Oct. 17, 2016)........................19

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ...........................................................................................15

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ..............................................................................................7

*Branca v. Nordstrom, Inc.*,
    No. 14CV2062-MMA JMA, 2015 WL 1841231 (S.D. Cal. Mar. 20, 2015)...................18, 19

*Carvalho v. HP, Inc.*,
    No. 21-CV-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ...............................17

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) ..............................................................................................9

*Clark v. Eddie Bauer LLC*,
    30 F.4th 1151 (9th Cir. 2022) ...............................................................................................6

*Clark v. Eddie Bauer LLC*,
    532 P.3d 880 (Or. 2023) ........................................................................................................6

*Clark v. Eddie Bauer LLC*,
    No. 21-35334, 2024 WL 177755 (9th Cir. Jan. 17, 2024)................................................6, 16

*Easterbrook v. LinkedIn Corp.*,
    No. 6:22-CV-01108-MC, 2023 WL 3022497 (D. Or. Apr. 20, 2023)...............................9, 12

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..............................................................................................15

*Egbukichi v. Wells Fargo Bank, NA*,
    184 F. Supp. 3d 971 (D. Or. 2016) ..................................................................................8, 18

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

ii

*Fauley v. Washington Mut. Bank FA*,
No. 3:13–cv–00581–AC, 2014 WL 1217852 (D. Or. Mar. 21, 2014)....................................18

*In re Ferrero Litig.*,
794 F. Supp. 2d 1107 (S.D. Cal. 2011) ....................................................................................19

*Fleshman v. Wells Fargo Bank, N.A.*,
27 F. Supp. 3d 1127 (D. Or. 2014) ..........................................................................................18

*Forest Grove Brick Works, Inc. v. Strickland*,
277 Or. 81, 559 P.2d 502 (1977) .............................................................................................11

*Gentry v. eBay, Inc.*,
99 Cal. App. 4th 816 (2002) .....................................................................................................17

*Handy v. LogMeIn, Inc.*,
No. 1:14-CV-01355 - JLT, 2015 WL 4508669 (E.D. Cal. July 24, 2015) ...........................16

*Harbers v. Eddie Bauer, LLC*,
No. C19-0968JLR, 415 F. Supp. 3d 999 (W.D. Wash. 2019) ...................................................3

*Harbers v. Eddie Bauer, LLC*,
No. C19-1012JLR, 2019 WL 6130822 (W.D. Wash. Nov. 19, 2019) ........................................3

*Hayes Oyster Co. v. Dep't of Env't Quality*,
316 Or. App. 186 (2021)............................................................................................................8

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) .....................................................................................................9

*Jacobo v. Ross Stores, Inc.*,
No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb. 23, 2016).....................17

*Kearney v. Equilon Enters., LLC*,
65 F. Supp. 3d 1033 (D. Or. 2014) ...........................................................................................7

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...................................................................................................7

*Kinyon v. Cardon*,
686 P.2d 1048 (Or. App. 1984).................................................................................................12

*Kinyon v. Cardon*,
69 Or. App. 546 (1984)..............................................................................................................9

*Kiss v. Publishers Clearing House*,
1998 WL 476448 (D. Or. June 1, 1998) ..................................................................................15

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

iii

*Koehler v. Litehouse, Inc.*,
No. CV 12–04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)....................................17

*Lanovaz v. Twinings N. Am., Inc.*,
No. C-12-02646-RMW, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013)..................................19

*Lisner v. Sparc Grp. LLC*,
No. 221CV05713ABGJSX, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021)..........................3

*MacQuaid v. New York Times Co.*,
No. 3:22-CV-00955-MO, 2023 WL 2633359 (D. Or. Mar. 24, 2023)..................................9

*Maloney v. Verizon Internet Servs., Inc.*,
413 F. App'x 997 (9th Cir. 2011) ........................................................................................16

*Maple v. Costco Wholesale Corp.*,
2013 WL 11842009 (E.D. Wash. Aug. 1, 2013) ...................................................................4

*Maple v. Costco Wholesale Corp.*,
649 F. App'x 570 (9th Cir. 2016) ........................................................................................19

*Martell v. Gen. Motors LLC*,
492 F. Supp. 3d 1131 (D. Or. 2020) .....................................................................................9

*Mathies v. Hoeck*,
284 Or. 539 (1978)................................................................................................................9

*McCrary v. Elations Co., LLC*,
No. EDCV 13–0242, 2013 WL 6403073 (C.D. Cal. July 12, 2013) ....................................19

*Millam v. Energizer Brands, LLC*,
No. 521CV01500JWHSHKX, 2022 WL 19001330 (C.D. Cal. Dec. 9, 2022).......................17

*Miller v. Ghirardelli Chocolate Co.*,
912 F. Supp. 2d 861 (N.D. Cal. 2012) ................................................................................19

*Montes v. SPARC Group LLC*,
No. 21-2-07436-9 (Wash. Super. Ct. Sept. 14, 2021)..........................................................3

*Montes v. Sparc Grp. LLC*,
No. 2:22-CV-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023) ...........................3

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .................................................................................................14

*Morris v. Dental Care Today, P.C.*,
306 Or. App. 259, 473 P.3d 1137 (2020)..............................................................................8

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

iv

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)........................................................................................16

*N.W. Nat. Ins. Co. of Milwaukee, Wisconsin v. Joslyn*,
    53 F.3d 331, 1995 WL 270995 (6th Cir. 1995) ........................................8

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*,
    86 Cal. App. 4th 303 (2000) ...................................................................17

*Nguyen v. Cree, Inc.*,
    No. 3:18-cv-02097-SB, 2019 WL 7879879 (D. Or. Nov. 6, 2019)...........14

*Or. Laborers-Emps. Health & Welfare Tr. Fund. v. Philip Morris, Inc.*,
    17 F. Supp. 2d 1170 (D. Or. 1998), *aff'd*, 185 F.3d 957 (9th Cir. 1999)...............18

*Padrick v. Lyons*,
    277 Or. App. 455 (2016).....................................................................8, 12

*Park v. Cole Haan, LLC*,
    17CV1422–LAB, 2019 WL 1200337 (S.D. Cal. Mar. 13, 2019)...............16

*Pearson v. Philip Morris, Inc.*,
    358 Or. 88 (2015)...............................................................................8, 14

*Phillips v. Lithia Motors, Inc.*,
    No. 03-3109-HO, 2006 WL 1113608 (D. Or. Apr. 27, 2006) ....................8

*Rael v. Dooney & Bourke, Inc.*,
    No.: 16cv0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. July 22, 2016) ..............18

*Reed v. NBTY, Inc.*,
    No. EDCV 13-0142, 2014 WL 12284044 (C.D. Cal. Nov. 18, 2014)...................19

*Robey v. SPARC Grp. LLC*,
    311 A.3d 463 (N.J. 2024)..........................................................................3

*Rubenstein v. The Gap, Inc.*,
    14 Cal. App. 5th 870 (2017) ..............................................................12, 16

*Seger-Zawacki v. SPARC Group LLC*,
    Case No. 34-2021-00308184 (Cal. Sup. Feb. 3, 2022)..............................3

*Silva v. Unique Beverage Co., LLC*,
    No. 3:17-cv-00391-HZ, 2017 WL 4896097 (D. Or. Oct. 30, 2017)...................4, 14

*Sperling v. DSWC, Inc.*,
    699 F. App'x 654 (9th Cir. 2017) .............................................................17

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

v

*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) ...............................................................19

*Taylor v. Nike, Inc.*,
   2017 WL 663056 (D. Or. Feb. 17, 2017)...............................................................16

*Vitort v. Kroger Co.*,
   No. 22-35185, 2023 WL 3143690 (9th Cir. Apr. 28, 2023).......................13, 14, 15

*Vitort v. Kroger Co.*,
   No. 3:20-CV-01317-AC, 2021 WL 6061864 (D. Or. Sept. 13, 2021) ....................13

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...............................................................19

**Statutes**

Cal. Civ. Code § 1770(a) ...............................................................................................15

Or. Rev. Stat. § 646.605(1)(e)........................................................................................14

Or. Rev. Stat. § 646.608(1) ............................................................................................14

Or. Rev. Stat. § 646.638(6) ..............................................................................................8

Or. Rev. Stat. § 646.885(2) ............................................................................................15

**Other Authorities**

16 C.F.R. § 233.1 .............................................................................................................5

16 C.F.R. § 233.2(c).............................................................................................4, 5, 15

Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.1 (3d ed.)................................15

Better Business Bureau, Code of Advertising, § 2.1.3 .....................................................4

Fed. R. Civ. Pro. 8.....................................................................................................1, 17

Fed. R. Civ. Pro. 9.............................................................................1, 7, 8, 17, 18

Fed. R. Civ. Pro. 12(b)(1) ...............................................................................................5

Fed. R. Civ. Pro. 12(b)(6) .....................................................................................1, 5, 7

Fed. R. Civ. Pro. 12(f).............................................................................................1, 14

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Defendants Eddie Bauer LLC and Sparc Group LLC (together, "Eddie Bauer") move for an order dismissing Plaintiff Susan Clark's ("Plaintiff") First Amended Complaint ("FAC") in its entirety, pursuant to Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure.  In the alternative, Eddie Bauer moves to strike Plaintiff's allegations concerning "Comparable Value," pursuant to Rule 12(f).  Eddie Bauer bases its Motion on the following Memorandum of Points and Authorities.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

For the past two years, Plaintiff has been arguing on appeal that she suffered ascertainable loss because Eddie Bauer "tricked" her into thinking the jackets she bought at the Eddie Bauer outlet store were worth their higher crossed-out prices.  While Plaintiff may have done enough to plausibly allege ascertainable loss under the Oregon's Unlawful Trade Practices Act ("UTPA"), her allegations doom her attempt to dodge the one-year limitations period.

Specifically, three years passed between when Plaintiff made her first alleged purchase and when she filed this suit.  Plaintiff claims that it was not until March 13, 2020—when she saw an advertisement from her lawyers claiming that Eddie Bauer merchandise is always on sale—that it dawned on her that Eddie Bauer had deceived her, and that the jackets she purchased were not "worth" their crossed-out reference prices.  This is implausible and misrepresents the advertising at issue here.  Plaintiff did not need three years, or a lawyer, to discover any perceived discrepancy between the items' reference prices and their value—especially because she freely admits that she wore the jackets all along without issue, and was thus in a perfect position to assess their value.

In the alternative, Eddie Bauer requests that this Court strike all allegations by which Plaintiff seeks to represent customers who bought items whose price displays reflected "Comparable Value" prices, and any request for injunctive relief as to "Comparable Value." Plaintiff does not claim to have ever seen a "Comparable Value" reference price—much less to have relied on one—so claims relating to such representations are immaterial to her lawsuit.  In any event, Plaintiff cannot state a claim for false former pricing based on "Comparable Value" because reasonable consumers would not interpret this self-explanatory phrase, which has been

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1  blessed by the Federal Trade Commission and Better Business Bureau, to mean Eddie Bauer's
2  former price for the exact same item.

3  **II.    FACTUAL BACKGROUND**

4      **A.    Plaintiff's Allegations**

5      Plaintiff's case is based on three purchases she made at Oregon Eddie Bauer outlet stores:
6  one on March 22, 2017, where she purchased two items (the "Fleece Zip" and "Microlight Jacket"),
7  and another, more than a year later on April 5, 2018, where she purchased one item (the
8  "Stormdown Jacket"). FAC ¶¶ 58-76. Each item she purchased was offered at 50% off the ticketed
9  price. *Id.* Plaintiff returned the Microlight Jacket more than a year after purchasing it, on April 5,
10 2018—and used the full credit from that prior purchase towards her purchase of the Stormdown
11 Jacket. *Id.* ¶¶ 70, 76.[1] Plaintiff claims that at the time of each purchase, she understood the higher
12 reference price to reflect that item's current value. *See id.* ¶¶ 63, 64, 67, 74, 77. Plaintiff asserts
13 that the ticketed prices on each of the three items was false or deceptive "because Eddie Bauer
14 rarely, if ever, offered the products at the advertised list price," and, as a result, the items were not
15 worth the purported "value" she expected. *Id.* ¶ 5; *see also id.* ¶¶ 68, 78.

16     Plaintiff purports to bring a single claim under the UPTA on behalf of "[a]ll persons who,
17 within the applicable limitations period, purchased from an Eddie Bauer Outlet Store located in
18 the State of Oregon one or more products which were advertised or promoted by displaying or
19 disseminating a reference price or discount." FAC ¶ 94. Plaintiff seeks statutory damages of $200
20 per alleged violation or actual damages under the UTPA, plus punitive damages, for every putative
21 class member. *Id.* ¶ 127.

22     Plaintiff admits that UTPA has a one-year statute of limitations. FAC ¶ 136. She claims,
23 however, that she can still bring claims—regardless of how long ago she made her purchases—
24 because she did not "learn" of Eddie Bauer's allegedly deceptive conduct until March 13, 2020,

25

---

26 [1] In fact, both of Plaintiff's purchases were subject to Eddie Bauer's "satisfaction guaranteed"
   return policy that still, to this day, would allow her to obtain a full refund for her purchases. *See*
27 ECF 16-1, p. 5.

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ           2

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

when she saw her lawyers' advertising for plaintiffs on TopClassActions.com.  *Id.* ¶¶ 86-87.

Plaintiff's counsel here had been trying to build a case against Eddie Bauer for years before they

had any client, as evidenced by the fact that they were tracking Eddie Bauer's website in January

2016 (*id.* ¶ 48), and visiting its stores (taking pictures) in March 2016 (*id.* ¶ 29).[2]

Plaintiff similarly attempts to apply this "delayed discovery" rule to her class claims,

alleging that "members of the Class did not know, and could not have known, that these ticketed

reference prices and discount representations were false."  *Id.* ¶ 95.  Thus, Plaintiff seeks to

represent a class "extend[ing] back to the very first date that Eddie Bauer began engaging in the

unlawful conduct alleged herein."  *Id.*

## B.    Eddie Bauer's "Comparable Value" Pricing

Founded in 1920, Eddie Bauer is an American multi-brand retailer of outdoor apparel and

gear.  In addition to its namesake "Eddie Bauer" brick-and-mortar stores and website, Eddie Bauer

sells merchandise through its outlet stores and, since 2020, also on its outlet website, both of which

offer fashionable items at lower prices than many traditional retailers, department stores, and other

mall brands.

Since January 2020, the price tags on items in its outlet stores have used the term

"Comparable Value" in capital letters immediately above the higher ticketed price.  *See* FAC ¶

130.  For example[3]:

---

[2] Plaintiff's counsel has unsuccessfully sued Eddie Bauer and/or SPARC Group a whopping seven
other times—all based on the same allegations.  *Harbers v. Eddie Bauer, LLC*, No. C19-0968JLR,
415 F. Supp. 3d 999 (W.D. Wash. 2019); *Harbers v. Eddie Bauer, LLC*, No. C19-1012JLR, 2019
WL 6130822 (W.D. Wash. Nov. 19, 2019) (motion to compel granted); *Lisner v. Sparc Grp. LLC*,
No. 221CV05713ABGJSX, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) (motion to dismiss
granted); *Montes v. SPARC Group LLC*, No. 21-2-07436-9 (Wash. Super. Ct. Sept. 14, 2021)
(voluntarily dismissed after plaintiff was exposed for manufacturing claims); *Montes v. Sparc Grp.
LLC*, No. 2:22-CV-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023) (motion to dismiss
granted; on appeal); *Robey v. SPARC Grp. LLC*, 311 A.3d 463 (N.J. 2024) (affirming dismissal);
*Seger-Zawacki v. SPARC Group LLC*, Case No. 34-2021-00308184 (Cal. Sup. Feb. 3, 2022)
(granting motion to compel arbitration).

[3] This Court may take judicial notice of the "Comparable Value" price tag and online pricing
displays, which are discussed throughout the FAC, and are the subject of Plaintiff's prayer for

---

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104-7092
(206) 622-4900

1
2
3
4
5
6
7
8



9 Similarly, since its launch, the outlet website has listed "Comparable Value" reference prices,

10 along with the following definition:

11
12 Comparable value: **$149.99** ⓘ
13
14 Where an item has a comp value price listed next to, above or below the current price, that price represents either the price at which we previously offered the product, or our good-faith estimate of prices for comparable items at department, specialty or other retail stores or websites. As prices often fluctuate, we cannot guarantee that the comp value price reflects the prevailing market price at any given time in any given geographic area. As a result, we encourage you to do your own comparison shopping as another way to see what great value we offer.
15
16
17

18 The Federal Trade Commission ("FTC") expressly permits retailers to use this

19 "comparable value comparison," which indicates that merchandise of "*like* grade and quality—*in*

20 *other words, comparable or competing merchandise* … of *essentially similar* quality" is being sold

21 for the listed price. 16 C.F.R. § 233.2(c) (emphases added). The Better Business Bureau ("BBB")

22 similarly endorses comparable value comparisons: "Advertisers may offer a price reduction or

23 savings by comparing their selling price with" that of a "*comparable* product" in the open market.

24 Better Business Bureau, Code of Advertising § 2.l.3, *available at* https://www.bbb.org/code-of-

25

26 injunctive relief.  *See* FAC ¶¶ 7, 22, 40-44, 130, 131, Prayer for Relief; *see, e.g., Maple v. Costco Wholesale Corp.*, 2013 WL 11842009, at *2 (E.D. Wash. Aug. 1, 2013) (taking judicial notice of challenged product labels referenced extensively in complaint); *Silva v. Unique Beverage Co., LLC*, No. 3:17-cv-00391-HZ, 2017 WL 4896097, at *4 n.3 (D. Or. Oct. 30, 2017) (same).

27

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                                    4

advertising/ (emphasis added). Both the FTC and BBB agree comparable value comparisons can "serve a useful and legitimate purpose," and can be indicated with language such as "Comparable Value $15.00." 16 C.F.R. § 233.2(c); *see also* Code of Advertising § 2 ("[C]omparative price advertising plays an important role in promoting vigorous competition among retailers."). They also distinguish comparable-value comparisons from former prices, for which they offer distinct and separate guidance, including that each item should have been offered for sale at the higher former price. *See*, *e.g.*, 16 C.F.R. § 233.1.

In any event, Plaintiff does not claim to have ever seen, much less relied on, Eddie Bauer's "Comparable Value" reference pricing, either online or in its outlet stores. Nonetheless, the FAC argues at length that "Comparable Value" prices are false or deceptive because Eddie Bauer never sold the items at their listed comparison prices. *See* FAC ¶¶ 40-44. Plaintiff does not, however, identify any statement by Eddie Bauer suggesting that its use of "Comparable Value" is intended to convey its own former price. Nor does Plaintiff allege that Eddie Bauer's use of "Comparable Value" does not accurately reflect the value of similar items sold in the market by other retailers.

## C.    Procedural History

### 1.    *District Court Proceedings*

Plaintiff initially filed this lawsuit on July 16, 2020, asserting a single claim under the UTPA, seeking the same relief she does now. *See* ECF 1. Eddie Bauer moved to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) on August 25, 2020. ECF 27. On April 1, 2021, this Court granted Eddie Bauer's motion to dismiss under Rule 12(b)(6) without leave to amend, finding that Plaintiff failed to state a claim under the UTPA for two reasons. First, the Court held that Plaintiff's claims were time-barred, refusing to apply the "discovery rule," because "the complaint fails to include the circumstances associated with her discovery." *Id.* at p. 8. Second, the Court held that Plaintiff could not establish ascertainable loss under UTPA because she "fail[ed] to explain how [Eddie Bauer's allegedly deceptive reference pricing] amounts to a false representation as to the 'character or quality' of the garments which … is necessary to establish reliance on the allegedly misleading claims." *Id.* at p. 10. The Court also held that

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiff could not pursue equitable relief (disgorgement, restitution, or injunctive relief) because she was pursuing statutory damages for the exact same conduct, and had failed to explain why damages would not provide an adequate remedy for her alleged injury. *Id.* at p. 7. The Court further granted the motion without leave to amend because "any amendment would be futile given Plaintiff's inability to plead an ascertainable loss." *Id.* at p. 10-11.

### 2.    *Plaintiff's Appeal*

Plaintiff appealed the Court's decision to the Ninth Circuit. Pursuant to Oregon's certification procedure, the Ninth Circuit asked the Oregon Supreme Court whether a misrepresentation as to "a characteristic, quality, or feature" of the clothing items Plaintiff purchased was necessary to state a claim under the UTPA. *See Clark v. Eddie Bauer LLC*, 30 F.4th 1151, 1157 (9th Cir. 2022). The Oregon Supreme Court accepted the certification question, and answered as follows:

> [A]n "ascertainable loss" within the meaning of the UTPA can, under some circumstances, flow from a consumer's decision to purchase a product in reliance upon the retailer's misrepresentation as to price history or comparative prices. Thus, plaintiff's purchase price theory is a viable theory of ascertainable loss even in the absence of a showing that the seller misrepresented some characteristic or quality of the product sold.

*Clark v. Eddie Bauer LLC*, 532 P.3d 880, 893 (Or. 2023).

On January 17, 2024, the Ninth Circuit issued its order affirming in part, reversing in part, and remanding the case. *Clark v. Eddie Bauer LLC*, No. 21-35334, 2024 WL 177755 (9th Cir. Jan. 17, 2024). As to Plaintiff's claims for equitable relief, the Ninth Circuit agreed that Plaintiff "fails to state a claim for retrospective equitable relief, because her complaint contains no allegations as to why she lacks an adequate remedy at law for her disgorgement and restitution claims." *Id.* at *2. However, the Ninth Circuit reversed the Court's dismissal of Plaintiff's injunctive relief claim. *Id.* at *3.

Nothing in the Oregon Supreme Court or Ninth Circuit decisions disturbed this Court's holding that Plaintiff's claims are time-barred. Rather, the Ninth Circuit merely reversed the Court's denial of leave to amend the UTPA claim on this issue. *See id.* The Ninth Circuit's

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    6

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

mandate issued on March 14, 2024.  ECF 37.

## III.   THE FIRST AMENDED COMPLAINT FAILS TO CURE PLAINTIFF'S UNTIMELINESS

### A.   Legal Standard Applicable to Motions Under Rule 12(b)(6)

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).

Plaintiff's UTPA claim is subject to Rule 9(b), which requires her to plead the circumstances constituting fraud with particularly.  *Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033, 1041-43 (D. Or. 2014); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); ECF 27, p. 6 (Judge Coughenour's order on previous motion to dismiss applying Rule 9(b)).  Rule 9(b)'s pleading requirements not only give notice to defendants of the specific fraudulent conduct against which they must defend, but also serve an important purpose in protecting the Court and the parties from unsubstantiated claims.  *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (emphasis added, quotations omitted) (Rule 9(b) "deter[s] the filing of complaints as a pretext for discovery of unknown wrongs … and to prohibit plaintiffs from unilaterally imposing … enormous social and economic costs absent some factual basis.").

### B.   Plaintiff Failed To Timely File This Lawsuit Within UTPA's One-Year Limitations Period

Plaintiff recognizes that three years passed between the time of her purchases and when she filed the FAC.  She purports to invoke the discovery rule by claiming that she did not learn of Eddie Bauer's alleged misconduct until she saw her lawyers' advertising.  The Court should reject her conclusory allegations and again hold that this case is time-barred.

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    7

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1

2

> ### 1.     The UTPA Requires Plaintiffs to File Their Complaints Within One Year of When They Discovered, or Should Have Discovered, Their Claims

3

4     Oregon's UTPA incorporates the discovery rule.  The statute provides that a suit "must be

5   commenced within one year after the discovery of the unlawful method, act or practice."  Or. Rev.

6   Stat. § 646.638(6).  Thus, a claim accrues and "[t]he UTPA statute of limitations begins to run

7   when the plaintiff knows or should have known of the allegedly unlawful conduct."  *Morris v.*

8   *Dental Care Today, P.C.,* 306 Or. App. 259, 261, 473 P.3d 1137 (2020) (affirming dismissal of

9   UTPA claim against dentist for providing substandard dentures); *see also Pearson v. Philip*

10  *Morris, Inc.,* 358 Or. 88, 137 (2015) (statute of limitations on UTPA claim for false representation

11  runs from when plaintiffs "either actually knew or should have known that the representation ...

12  was not true").  "For purposes of determining what facts a plaintiff knows or should have known,

13  '[t]he discovery rule applies an objective standard—how a reasonable person of ordinary prudence

14  would have acted in the same or a similar situation.'"  *Padrick v. Lyons*, 277 Or. App. 455, 466

15  (2016) (internal citation omitted)); *Hayes Oyster Co. v. Dep't of Env't Quality,* 316 Or. App. 186,

16  199 (2021).

17    Rule 9(b) elevates this standard:  a plaintiff alleging a purported fraud must specifically

18  "allege facts sufficient to support application of the discovery rule," including an explanation for

19  why the plaintiff did not discover the alleged fraud earlier.  *Egbukichi v. Wells Fargo Bank, NA,*

20  184 F. Supp. 3d 971, 977-78 (D. Or. 2016) (dismissing UTPA claim as time-barred where plaintiff

21  failed to plead "that they reasonably could not have known about the allegedly improper fees and

22  costs" until after the limitations period expired); *N.W. Nat. Ins. Co. of Milwaukee, Wisconsin v.*

23  *Joslyn,* 53 F.3d 331, 1995 WL 270995, at *3 (6th Cir. 1995); *see also Phillips v. Lithia Motors,*

24  *Inc.,* No. 03-3109-HO, 2006 WL 1113608, at *15 (D. Or. Apr. 27, 2006) ("A complaint filed after

25  the period provided by statute for the bringing of the action must [negate] lack of diligence in the

26  discovery of the fraud.").

27

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                         8

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

To determine whether the plaintiff should have known of allegedly unlawful conduct, courts consider two questions: (1) did the plaintiff know enough to excite attention and put up her guard or call for inquiry notice; and (2) if so, would a reasonably diligent inquiry have exposed the fraud? *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1144 (D. Or. 2020); *Mathies v. Hoeck,* 284 Or. 539, 543 (1978). Courts can address this inquiry on the pleadings when "only one conclusion reasonably can be drawn" from the allegations. *Kinyon v. Cardon*, 69 Or. App. 546, 550-52 (1984) (citation omitted); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (holding that dismissal was appropriate on limitations grounds because "the running of the statute [wa]s apparent on the face of the complaint"); *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045 (9th Cir. 2011) (a court "may dismiss a claim 'if the running of the statute [of limitations] is apparent on the face of the complaint.'") (internal brackets and quotation); *MacQuaid v. New York Times Co.*, No. 3:22-CV-00955-MO, 2023 WL 2633359, at *1 (D. Or. Mar. 24, 2023) (auto-renewal case was time-barred); *Easterbrook v. LinkedIn Corp.*, No. 6:22-CV-01108-MC, 2023 WL 3022497 (D. Or. Apr. 20, 2023) (same).

### 2.    *Plaintiff Knew or Should Have Known of Her Claim Well Over One Year Before She Sued*

Plaintiff's claims are untimely. She bought her Fleece Zip and her Microlight Jacket in March 2017. FAC ¶¶ 58, 60–61. She then used them for several years—so much so that after a year of wearing the Microlight Jacket, she returned it in April 2018. *Id.* ¶ 70. And during that visit, she bought the StormDown Jacket. *Id.* ¶¶ 71, 76. The UTPA's one-year statute of limitations period required her to file suit by March 2018 (for the Fleece Zip and Microlight Jacket) or April 2019 (for the StormDown Jacket). Yet she waited until July 16, 2020 to file suit. Without the discovery rule, her claim is untimely.

Plaintiff cannot benefit from the discovery rule because her own allegations, and common sense, show that she knew or should have known of her claim long before July 16, 2019 (one year before she filed suit). Simply put, her experience using the products that she bought in March 2017 and April 2018 provided enough information for her to conclude before July 2019 that she

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

had been misled as to the value of the items she purchased.  As such, Plaintiff's claims are time-barred.

**a.    Plaintiff's Factual Allegations Show That She Knew Enough to Put Her on Inquiry Notice of Her Claims**

Plaintiff anchors her claims on alleged misrepresentations regarding the value of Eddie Bauer's products.  She alleges that Eddie Bauer's reference prices "trick its customers into believing that its products are *worth*, and have a *value* equal to, the inflated ticketed price" but the products "[a]re not, in fact, worth as much as Eddie Bauer represented them to be worth."  FAC ¶¶ 6, 126 (emphases added).  Plaintiff's allegations about her own harm also center on "worth" and "value."  She alleges that Eddie Bauer's price tags deceived her into believing that the items she purchased "were worth and had a value of" their reference prices.  FAC ¶¶ 62–64; *see also id.* ¶¶ 73–74.[4]  And within her UTPA cause of action, her two primary theories are based on Eddie Bauer's alleged value misrepresentations.  *Id.* ¶ 117(1), (2); *see also id.* ¶ 126 ("The products that Plaintiff and Class members purchased were not, in fact, worth as much as Eddie Bauer represented them to be worth.").

If Plaintiff had been deceived about the value of the products she had purchased, her factual allegations, taken as true, demonstrate that she should have known of this alleged deception long before July 16, 2019.  At a minimum, she "kn[e]w enough to excite attention and put up her guard or call for inquiry notice" long before then.  When she bought the items in March 2017 and April 2018, she knew the reference prices, as well as how much she actually paid.  And over the year following each of her purchases, she apparently used the products sufficiently to gauge their

---

[4] FAC ¶ 8 ("the items are not in fact worth the amount that Eddie Bauer represents to them."); ¶ 63 ("Ms. Clark reasonably believed that the Fleece Zip was thereby worth and had a value of $39.99."); ¶ 67 ("These representations on the receipt further indicated to Ms. Clark that the Fleece Zip had a value of . . . $39.99"); ¶ 69 ("The Fleece Zip was not worth the $39.99 price, and the Microlight Jacket was not worth the $99.99 price, that Eddie Bauer had led her to believe."); ¶ 79 ("The StormDown Jacket was not worth either the $199.99 or the $229.00 price that Eddie Bauer had led her to believe"); ¶ 90 ("Ms. Clark would shop at one of Eddie Bauer's Oregon Outlet Stores again or on the Outlet website if she could have confidence regarding . . . the value of its products.")

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

quality and their value. The FAC does not suggest that Plaintiff lost or gave away the items, such that she could no longer assess their value. To the contrary, as to the Microlight Jacket, she admits that the zipper broke—demonstrating that she used the jacket, and implying that she used it heavily, given that zippers don't break from nonuse. FAC ¶ 70. If any discrepancy existed between the reference prices and the items' actual values, she certainly would and should have discovered it—or at least would have known enough to begin investigating—when she began using the items that she bought.[5]

That is especially true because this case concerns consumable goods. Unlike collectibles or other items that trade on a robust secondary market (like real estate or used cars), the "worth" or "value" of consumable goods centers on the user's experience with the product. Distinct from art or antiques, consumers do not resort to auctions, appraisers, or price guides to determine the value of Eddie Bauer clothing. They determine the value of clothing simply by wearing it, which Plaintiff did for years.

Even if Plaintiff contends that factors other than her own experience with a product influence her assessment of value, Plaintiff never claims that she lacked access to other relevant information during the two years between her first visit to Eddie Bauer and July 16, 2019. Instead, the only reasonable inference is that during that interregnum, she continued to shop and interact

---

[5] Moreover, the media has extensively covered outlet retailers' general practice of routinely offering outlet-exclusive items at a discount. *See*, *e.g.*, *Secret Shopping Tricks To Use At The Outlet Mall*, REFINERY29, https://www.refinery29.com/en-us/outlet-mall-shopping-tips (Nov. 14, 2014); *The truth about those outlet store designer 'bargains': Shoppers flock to out-of-town malls for huge discounts on top brands… but the products aren't all they seem*, DAILYMAIL.COM, https://www.dailymail.co.uk/femail/article-2651155/The-truth-outlet-store-designer-bargains-Shoppers-flock-town-malls-huge-discounts-brands-products-arent-seem.html (June 7, 2014); *Why Outlet Malls Actually Aren't a Great Deal*, MONEYTALKSNEWS, https://www.moneytalksnews.com/slideshows/why-outlet-malls-actually-arent-a-great-deal/ (Oct. 21, 2023); *Mythbusting: Outlet stores might not be as good a deal as you think*, CBC, https://www.cbc.ca/news/business/outlet-stores-quality-1.3392279 (Jan. 7, 2016); *The Inside Dope on Outlet Malls*, CONSUMER REPORTS, https://www.consumerreports.org/cro/magazine/2014/12/the-inside-dope-about-outlet-malls/index.htm (Oct. 27, 2014). That coverage provides another reason that Plaintiff was obligated to investigate. *Cf. Forest Grove Brick Works, Inc. v. Strickland*, 277 Or. 81, 86, 559 P.2d 502, 505 (1977) (a party may be expected to immediately inquire about a "fraud which is flagrant and widely publicized").

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                                     11

1   with people and media that could have informed her measure of value. And throughout that period,

2   she knew all the while what she had paid, and what the reference price had been for her purchases.

3   If a discrepancy existed between the reference price and Plaintiff's measure of value, she should

4   have known about it long before July 16, 2019.

5           **b.      Plaintiff Does Not Allege That She Undertook Any**
                       **Investigation**
6

7           Despite using the products enough to discern whether they were worth less than what she

8   claims Eddie Bauer led her to believe, Plaintiff also fails to allege that she undertook any inquiry—

9   let alone a reasonably diligent one. This dooms her claim. If her experience using the products

10  suggested that she had been misled as to their value, she was obligated to "take some steps to

11  discover the allegedly unlawful conduct." *Easterbrook v. LinkedIn Corp.*, No. 6:22-CV-01108-

12  MC, 2023 WL 3022497, at *3 (D. Or. Apr. 20, 2023); *see also Kinyon v. Cardon*, 686 P.2d 1048,

13  1051–52 (Or. App. 1984) (holding that the plaintiff could reasonably have talked to tenants of the

14  mobile home park he purchased to reveal that the seller misrepresented a drainage problem in the

15  purchase agreement). As the discovery rule's "should have known" standard reflects, a plaintiff

16  cannot prevent triggering the limitations period by avoiding information; instead, she "has a duty

17  to act diligently to discover the relevant facts." *Padrick*, 277 Or. App. At 466.

18          Diligent action could have led Plaintiff to discover the price histories of the items she

19  purchased. For example, Plaintiff could have simply asked Eddie Bauer for that information. As

20  the California Court of Appeal has explained, "a consumer for whom the retail history of factory

21  store items is material can ask [store] employees about this." *Rubenstein v. The Gap, Inc*., 14 Cal.

22  App. 5th 870, 877 (2017); *see also id*. at 880 ("A consumer who cared about whether the items

23  were identical to other Gap merchandise could have asked a sales associate whether this is true.").

24  All of the practices at issue here—the merchandise sold in Eddie Bauer outlets and mainline stores,

25  and the pricing for each item, and the quality of each item—are publicly available to any customer

26  who enters an outlet or mainline store.

27          In sum, Plaintiff should have known well before July 16, 2019 of the allegedly unlawful

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                           12

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

conduct that she now contends violated the UTPA. The FAC is therefore time-barred, and as a result fails to state a claim upon which relief may be granted.

### C.    Public Policy Also Favors Dismissal, As Applying the Discovery Rule Here Creates Perverse Incentives

The UTPA and the discovery rule are intended to protect injured consumers—not to reward law firms for sitting on claims for years before recruiting consumers to put their names on a complaint. Here, Plaintiff's counsel spent years trying to build a case against Eddie Bauer, well before they had any client and well before Plaintiff's purchases. The FAC all but acknowledges that this is a no-harm case, as it admits that the putative class members "[a]re not aware of" and "ha[ve] no reason to be aware or suspicious" of their claims—instead, according to Plaintiff, Eddie Bauer's customers would continue using their purchased items, allegedly in perpetuity, without any disappointment concerning the items' value (even after the items break, as was the case for Plaintiff here). FAC ¶ 141. Yet Plaintiff asks for a ruling that would not only allow her claims to proceed, but would invite others by preventing a statute of limitations from running until lawyers tell a consumer that she has been harmed.

The Court should not accept Plaintiff's invitation to effectively remove the limitations period for cases where, as here: (a) consumers understand the value of the goods they received (indeed, if customers cannot evaluate a product's value after years of using the product, then what even *is* value?), and (b) Plaintiff's own counsel was aware of the alleged claims for years before the limitations period lapsed.

## IV.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS OR STRIKE CLAIMS AS TO "COMPARABLE VALUE"

To state a claim under UTPA, a plaintiff must plead a material misrepresentation that caused Plaintiff's injury. *Vitort v. Kroger Co.*, No. 3:20-CV-01317-AC, 2021 WL 6061864, at *7 (D. Or. Sept. 13, 2021), *report and recommendation adopted*, 2022 WL 294904 (D. Or. Feb. 1, 2022), *aff'd*, No. 22-35185, 2023 WL 3143690 (9th Cir. Apr. 28, 2023) (dismissing UTPA claim and finding alleged representations "are not false or misleading" and "do not constitute false

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                           13

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

advertising"); Or. Rev. Stat. § 646.605(1)(e) (prohibiting only false representations); *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 117 (2015) ("[T]he unlawful trade practice must have caused the ascertainable loss that the plaintiff suffered.").

Plaintiff cannot satisfy these elements as to "Comparable Value," which is not only not deceptive, but also did not cause her any injury.  Her claims as to "Comparable Value," rather than former prices, should therefore be dismissed and stricken from the Complaint.  *See* Fed. R. Civ. P. 12(f) (permitting the Court to strike any "immaterial, impertinent or scandalous matter.")

### A.    "Comparable Value" Pricing Is Not Deceptive

To state a claim for relief under the UTPA, Plaintiff must "affirmatively plead and prove that the statements at issue are either objectively false or at least likely to mislead a reasonable consumer."  *Andriesian v. Cosm. Dermatology, Inc.*, No. 3:14–cv–01600–ST, 2015 WL 1638729, at *3 (D. Or. Mar. 3, 2015), *report and recommendation adopted*, 2015 WL 1925944 (D. Or. Apr. 28, 2015); *see also Pearson*, 358 Or. at 135 n.26 (2015) (whether a product's label includes a misrepresentation under the UTPA "is determined based on an objective standard of what a reasonable consumer would understand the representation to be").

The "reasonable consumer" test requires Plaintiff to plausibly plead that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by Eddie Bauer's "Comparable Value" pricing.  *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016))[6]; *accord Vitort v. Kroger Co.*, No. 22-35185, 2023 WL 3143690, at *1 (9th Cir. Apr.

---

[6] Courts applying the "reasonable consumer" standard under the UTPA routinely look to cases interpreting the "reasonable consumer" standard under analogous California statutes.  *See Andriesian*, 2015 WL 1638729, at *4-5; *Silva v. Unique Beverage Co., LLC*, No. 3:17-cv-00391-HZ, 2017 WL 4896097, at *3 (D. Or. Oct. 30, 2017); *see also Nguyen v. Cree, Inc.*, No. 3:18-cv-02097-SB, 2019 WL 7879879, at *8 (D. Or. Nov. 6, 2019), *report and recommendation adopted*, 2019 WL 6917887 (D. Or. Dec. 17, 2019).  The UTPA and California's Consumer Legal Remedies Act also contain analogous lists of unlawful business practices based on a common source, indicating that the statutes should be interpreted consistently.  *Compare* Or. Rev. Stat. 646.608(1) *with* Cal. Civ. Code § 1770(a); *see also Kiss v. Publishers Clearing House*, 1998 WL 476448, at *4 (D. Or. June 1, 1998) ("Oregon's UTPA, like California's Unfair

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    14

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

28, 2023).  Allegations that the "Comparable Value" "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner" are insufficient.  *Id.*  Courts routinely dismiss claims under this standard for failing to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570); *see*, *e.g.*, *Ebner*, 838 F.3d at 963, 965.

In assessing how reasonable consumers would interpret a given representation, courts consider the entire advertising statement and may consult dictionary definitions.  *See*, *e.g.*, *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019).  "Comparable," as used in "Comparable Value," simply means "SIMILAR, LIKE," as in "fabrics of *comparable* quality" and "The two houses are *comparable* in size."  https://www.merriam-webster.com/ dictionary /comparable (emphasis in original).   "Value," in turn, means "the monetary worth of something: MARKET PRICE," or "a fair return or equivalent in goods, services, or money for something exchange."   https://www.merriam-webster.com/dictionary/value (emphasis in original).  When taken together, "Comparable Value" plainly refers to the market price of a similar item—exactly in line with the FTC's definition for "comparable value comparisons."  16 C.F.R. § 233.2(c) (discussing comparisons to "*comparable or competing merchandise…*of *essentially similar* quality") (emphasis added).

Oregon law, too, expressly allows retailers to advertise savings that are based on prices other than their own former pricing.  Indeed, Or. Rev. Stat. § 646.885(2), which is a focus of the FAC, provides that a reference price in a percent-off promotion shall be assumed to be the retailer's own former price "*[u]nless the seller states otherwise in the advertisement*."  (Emphasis added.)[7]

Business Practices Act, is a version of the Federal Trade Commission's proposed Unfair Trade Practices and Consumer Protection Law. Both versions contain the same 'false' and 'misleading' language.") (citation omitted).

[7] Although Judge Coughenour previously held that "Comparable Value" pricing does not satisfy Or. Rev. Stat. § 646.885(2), "[d]enial of a motion to dismiss . . . may be followed by an order of a different judge granting dismissal." Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.1 (3d ed.) (citations omitted); *see also Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042-44 (9th Cir. 2018) (holding that it was error to apply the "law of the case" doctrine at the motion to

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    15

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

Here, Eddie Bauer used the FTC's suggested language for informing consumers that a reference price is based on other retailers' pricing for similar items. Even the Ninth Circuit recognized that Comparable Value has a different meaning from former price. *See Clark v. Eddie Bauer LLC*, No. 21-35334, 2024 WL 177755, at *3 (9th Cir. Jan. 17, 2024) ("By making claims about the value of competitors' products, Eddie Bauer is representing that its own products are being offered at a discount relative to products of similar quality.").

Reasonable consumers shopping in outlet stores like Eddie Bauer's would not interpret "Comparable Value" to mean "Eddie Bauer's former price for the identical item." *Park v. Cole Haan, LLC,* 17CV1422–LAB (BGS), 2019 WL 1200337, at *3 (S.D. Cal. Mar. 13, 2019) (rejecting plaintiff's arguments that "the mention of a 50% discount led him to believe the same shoes had previously been offered for sale in a traditional store"); *Taylor v. Nike, Inc.,* 2017 WL 663056, at *6 (D. Or. Feb. 17, 2017) (rejecting plaintiff's argument that the term "outlet" conveyed to reasonable consumers that some products were formerly sold at full-price retail stores). *Cf. Rubenstein v. The Gap, Inc*., 14 Cal. App. 5th 870, 877 (2017) ("As a matter of law, [a retailer's] use of its own brand-name labels on clothing that it manufactures and sells at [its own] stores is not deceptive, regardless of the quality of the merchandise or whether it was ever for sale at [its other] stores.").

In essence, Plaintiff asks the Court to read the word "Comparable" out of the phrase "Comparable Value." But "where, as here, deception can be found only through ignoring the plain meaning of the words," an advertisement "could not possibly" have deceived a reasonable consumer. *Handy v. LogMeIn, Inc.*, No. 1:14-CV-01355 - JLT, 2015 WL 4508669, at *8 (E.D. Cal. July 24, 2015); *see also Maloney v. Verizon Internet Servs., Inc*., 413 F. App'x 997, 999 (9th Cir. 2011) ("up to 3 Mbps" would not be reasonably interpreted to guarantee a speed of 3 Mbps); *Millam v. Energizer Brands, LLC*, No. 521CV01500JWHSHKX, 2022 WL 19001330, at *4 (C.D.

_____

dismiss stage); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge.").

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1   Cal. Dec. 9, 2022) (listing cases; "Plaintiffs ignore the qualifying phrase 'up to 50% longer lasting,'

2   which a reasonable consumer would not understand to mean that the batteries are *always* or

3   *consistently* 50% longer lasting") (emphasis in original);  *Koehler v. Litehouse, Inc.*, No. CV 12–

4   04055 SI, 2012 WL 6217635, at *4 (N.D. Cal. Dec. 13, 2012) ("The qualifier 'may' does not mean

5   that a reasonable consumer would understand that the Product is certain to fulfill its claims").[8]

6         Plaintiff also does not allege any facts to suggest that other retailers did not offer similar

7   merchandise for Eddie Bauer's listed "Comparable Value" prices—that is, that the higher price

8   does not accurately reflect the "value" of "comparable" merchandise.  The FAC does not reflect

9   *any* effort by Plaintiffs to determine whether the "Comparable Value" prices on their purchases

10  were the price of similar items in the market (as the FTC states that reasonable consumers would

11  interpret the phrase).  Instead, Plaintiff's counsel's alleged investigation is focused on whether

12  Eddie Bauer previously sold the same item at the higher price—a question that is irrelevant to

13  comparable value comparisons.

14        As a result, Plaintiff does not allege facts, with the particularity required by Rules 8 and

15  9(b), to plausibly establish that "Comparable Value" prices are misleading.  *See Sperling v. DSWC,*

16  *Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) (claims as to "Compare At" pricing were insufficient

17  where the plaintiff did not allege facts to support her theory that competitors offered the same

18  shoes for less); *Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at

19  *5 (C.D. Cal. Feb. 23, 2016) ("It is insufficient under Rule 9(b) to simply assert on information

20  and belief that the prevailing retail prices for the items [Plaintiffs purchased] were materially lower

21  than the 'Compare At' prices advertised by Defendant."); *Carvalho v. HP, Inc.*, No. 21-CV-08015-

22  BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) ("Plaintiffs have not met their pleading

23

---

24  [8] Plaintiff also misconstrues the word "value," which consumers would most likely construe as a
    statement of opinion as to the value of the item rather than an expression of fact.  *See*, *e.g.*, *Neu-*
25  *Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000) ("Value is
    quintessentially a matter of opinion, not a statement of fact."); *Gentry v. eBay, Inc.*, 99 Cal. App.
26  4th 816, 835 (2002) ("[a] representation is one of opinion 'if it expresses only [...] [one's] judgment
    as to quality, value, authenticity, or other matters of judgment'") (quoting *Restatement (Second)*
27  *of Torts*, § 538A).

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                    17

Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104-7092
(206) 622-4900

burden. Plaintiffs' complaint does not contain any allegations that the strikethrough prices displayed on HP's website are 'inflated' or 'why they do not accurately reflect prevailing market prices.'"); *Rael v. Dooney & Bourke, Inc.*, No.: 16cv0371 JM(DHB), 2016 WL 3952219, at *4 (S.D. Cal. July 22, 2016) ("Plaintiff's broad assertion that outlet products are by definition inferior is insufficient to meet the Rule 9(b) pleading requirement.").

### B.    No Causation

Plaintiff's claims as to "Comparable Value" also fail because this phrase did not cause her any injury. "A causal link between the plaintiff's loss and the defendant's actions must exist." *Fauley v. Washington Mut. Bank FA*, No. 3:13–cv–00581–AC, 2014 WL 1217852, at *4 (D. Or. Mar. 21, 2014); *see also Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1141 (D. Or. 2014) (same).

Here, Plaintiff makes a point of repeatedly alleging that she made her purchases before Eddie Bauer switched to "Comparable Value." She does not claim to have even seen the phrase. Plaintiff therefore cannot bring a UTPA claim as to this statement, which never injured her, and she cannot represent a putative class whose injuries stem from it. *See*, *e.g.*, *Or. Laborers-Emps. Health & Welfare Tr. Fund. v. Philip Morris, Inc*., 17 F. Supp. 2d 1170, 1180 (D. Or. 1998), *aff'd*, 185 F.3d 957 (9th Cir. 1999) ("Plaintiffs have not alleged that they are consumers of defendants' products and thus, I find that they lack standing to maintain claims under the Oregon UTPA."); *Egbukichi v. Wells Fargo Bank*, NA, 184 F. Supp. 3d 971, 978 (D. Or. 2016) (granting motion to dismiss UTPA claim where plaintiffs did not pay any allegedly improper fees and costs).

Other pricing cases in this Circuit are instructive. For example, in *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA JMA, 2015 WL 1841231 (S.D. Cal. Mar. 20, 2015), the court dismissed claims brought under California law relating to statements on Nordstrom Rack's website and the Nordstrom Rack name, because the plaintiff did not claim to have ever relied on such representations:

//

//

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                          18

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

> [T]o the extent Plaintiff's claims arise from Nordstrom's website or from the Nordstrom Rack name itself, the Court finds Plaintiff has not sufficiently alleged economic injury or actual reliance for the purpose of standing. … Plaintiff does not allege that he observed-or was even aware of-Nordstrom Rack's website. Thus, Plaintiff alleges no facts to demonstrate, or even suggest, that he had would not have purchased the items absent the representations on the website.

*Id.* at *4. Similarly, in *Azimpour v. Sears, Roebuck & Co.,* No. 15-CV-2798 JLS (WVG), 2016 WL 7626188 (S.D. Cal. Oct. 17, 2016), the court dismissed the plaintiff's claims as to online pricing, because "Plaintiff does not allege that he viewed and relied on this advertisement…." *Id.* at *4. Numerous other examples abound in other false advertising cases.[9]

Because Plaintiff has not alleged any injury caused by Eddie Bauer's "Comparable Value" pricing, her claims as to such pricing must be dismissed or stricken.

//

//

---

[9] *See, e.g.*, *Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016) (affirming dismissal under Washington CPA as to claims relating to portions of the product label that the plaintiff did not claim to have read); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) ("based on the allegations in the consolidated complaint, Plaintiffs did not actually rely on the statements on Nutella®'s website before making their purchases and lack standing to challenge these statements under the UCL, FAL, and CLRA."); *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1218 (C.D. Cal. 2012) (finding plaintiff had no standing to sue based on a website where "[s]he has not alleged that she viewed any of those sources, and therefore cannot link her injuries to those misrepresentations"); *Lanovaz v. Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013) ("One generally cannot expand the scope of his or her claims to include a product not purchased or advertisements not relied upon. … [t]he statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegations.") (internal citation omitted); *Reed v. NBTY, Inc.*, No. EDCV 13-0142 JGB (OPx), 2014 WL 12284044, at *7 (C.D. Cal. Nov. 18, 2014) ("It is undisputed that neither [Plaintiff] viewed the labels of NitroPump or NOS Pump or visited Defendants' websites prior to purchasing the Products … the named plaintiffs do not have standing to pursue claims on the basis of representations made on the labels or on Defendants' websites."); *McCrary v. Elations Co., LLC*, No. EDCV 13–0242 JGB (OPx), 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) (same); *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 872 (N.D. Cal. 2012) (that although the representations at issue were similar across a series of products, the plaintiff did not have standing to sue on behalf of products he did not purchase, in part because "the products are too different."); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1143 (N.D. Cal. 2013) (plaintiffs lacked standing as to products they did not purchase).

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ

19

1

## V.    CONCLUSION

2

For the foregoing reasons, Eddie Bauer respectfully requests that the Court dismiss

3 Plaintiff's FAC in its entirety, or in the alternative, strike Plaintiff's claims as to "Comparable

4 Value" pricing.

5

6    Dated:  May 3, 2024                               Respectfully submitted,

7

8                                                      /s/Marc C. Levy
                                                       Marc C. Levy, WSBA No. 19203
9                                                      701 Fifth Ave., Suite 5400
                                                       Seattle, WA 98104
10                                                     Telephone: 206-622-4900
                                                       Facsimile: 206-682-6031
11                                                     marcl@seedip.com

12                                                     STEPHANIE SHERIDAN (pro hac vice)
13                                                     MEEGAN B. BROOKS (pro hac vice)
                                                       Benesch, Friedlander, Coplan & Aronoff LLP
14                                                     100 Pine Street, Suite 3100
                                                       San Francisco, California 94111
15                                                     Telephone:  628.600.2250
                                                       Facsimile:  628.221.5828
16                                                     Email:  ssheridan@beneschlaw.com
17                                                               mbrooks@beneschlaw.com

18

19                                                     Attorneys for Defendants
                                                       EDDIE BAUER LLC; and SPARC GROUP
20                                                     LLC

21

22

23

24

25

26

27

MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
Case No. 2:20-cv-1106-RAJ                          20

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN CLARK, for Herself and/or on behalf all others similarly situated, | Civil Action No.: 2:20-cv-1106-RAJ |
| Plaintiff, | **WORD COUNT CERTIFICATION** |
| v. | |
| EDDIE BAUER LLC; and EDDIE BAUER PARENT LLC, | |
| Defendants. | |

WORD COUNT CERTIFICATION
Case No. 2:20-cv-1106-RAJ

I certify that this memorandum contains 8,396 words, in compliance with the Local Civil Rules.

Dated:  May 3, 2024                    Respectfully submitted,


                                       /s/Marc C. Levy
                                       Marc C. Levy, WSBA No. 19203
                                       701 Fifth Ave., Suite 5400
                                       Seattle, WA 98104
                                       Telephone: 206-622-4900
                                       Facsimile: 206-682-6031
                                       marcl@seedip.com

                                       STEPHANIE SHERIDAN (pro hac vice)
                                       MEEGAN B. BROOKS (pro hac vice)
                                       Benesch, Friedlander, Coplan & Aronoff LLP
                                       100 Pine Street, Suite 3100
                                       San Francisco, California 94111
                                       Telephone:  628.600.2250
                                       Facsimile:  628.221.5828
                                       Email:  ssheridan@beneschlaw.com
                                               mbrooks@beneschlaw.com


                                       Attorneys for Defendants
                                       EDDIE BAUER LLC; and SPARC GROUP
                                       LLC

WORD COUNT CERTIFICATION
Case No. 2:20-cv-1106-RAJ