THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN CLARK, for Herself and/or on behalf all others similarly situated,

Plaintiff,

v.

EDDIE BAUER LLC; and SPARC GROUP LLC,

Defendants.

Civil Action No.: 2:20-cv-1106-RAJ

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Note for Motion Calendar:
June 6, 2024

ORAL ARGUMENT REQUESTED

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Clark offers nothing to disturb Defendants' showing that her claim is untimely. ........ 3

1. Courts regularly resolve timeliness defenses—including determining whether the discovery rule applies—on the pleadings ........ 3

2. Clark understates her burden in invoking the discovery rule. ........ 4

3. Clark knew or should have known of her claim well over one year before she sued. ........ 5

a. Clark's factual allegations show that she should have reasonably discovered her claims earlier than she says she did. ........ 5

b. Clark failed to investigate her claims at all, much less with reasonable diligence ........ 6

4. Applying the discovery rule here creates perverse incentives ........ 7

B. Clark cannot allege a viable UTPA claim regarding Eddie Bauer's Comparable Value pricing. ........ 8

III. CONCLUSION ........ 10

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bitsakis v. JP Morgan Chase Bank*, 2012 WL 359283 (C.D. Cal. Feb. 1, 2012) ........ 4

*Bodin v. B. & L.*, 601 P.2d 848 (Or. Ct. App. 1979) ........ 6

*Ceja v. Scribner*, 2016 WL 4035665 (C.D. Cal. Mar. 3, 2016) ........ 8

*Clark v. Eddie Bauer LLC*, 2024 WL 177755 (9th Cir. Jan. 17, 2024) ........ 10

*Clark v. Eddie Bauer LLC*, 532 P.3d 880 (Or. 2023) ........ 2

*Cole v. Sunnyside Marketplace, LLC*, 160 P.3d 1 (Or. Ct. App. 2007) ........ 4

*Easterbrook v. LinkedIn Corp.*, 2023 WL 3022497 (D. Or. Apr. 20, 2023) ........ 7

*Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971 (D. Or. 2016) ........ 4, 5, 7, 9

*Emmert v. Clackamas Cnty.*, 2015 WL 4078780 (D. Or. July 1, 2015) ........ 5

*Farris v. D'Angelo*, 2014 WL 5574434 (W.D. Wash. Oct. 31, 2014) ........ 6

*Goodman v. HTC Am., Inc.*, 2012 WL 2412070 (W.D. Wash. June 26, 2012) ........ 5

*Hip Hop Bev. Corp. v. Michaux*, 729 F. App'x 599 (9th Cir. 2018) ........ 4

*Johnson v. Multnomah Cnty. Dep't of Cmty. Just.*, 178 P.3d 210 (Or. 2008) ........ 4

*Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988) ........ 8

*Kaseberg v. Davis Wright Tremaine, LLP*, 265 P.3d 777 (Or. 2011) ........ 4

*Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560 (9th Cir. 1964) ........ 5

*Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033 (D. Or. 2014) ........ 4

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

*Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir 2015) ....................10

*Mendoza v. Lithia Motors, Inc.*, 2017 WL 125018 (D. Or. Jan. 11, 2017) ....................4

*Metro. St. Ry. Co. v. Walsh*, 94 S.W. 860 (Mo. 1906) ....................6

*Morris v. Dental Care Today, P.C.*, 473 P.3d 1137 (Or. Ct. App. 2020)....................3

*N.L.R.B. v. Don Burgess Const. Corp.*, 596 F.2d 378 (9th Cir. 1979) ....................4

*Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Joslyn*, 53 F.3d 331 (6th Cir. 1995) ....................5

*Padrick v. Lyons*, 372 P.3d 528 (Or. Ct. App. 2016)....................3

*Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870 (Cal. Ct. App. 2017) ....................7

*Saavedra v. Eli Lilly and Co.*, 2014 WL 7338930 (C.D. Cal. Dec. 18, 2014) ....................6

*Schwartz v. Finn*, 2022 WL 636641 (9th Cir. Mar. 4, 2022)....................4

*Sturgis v. Asset Acceptance, LLC*, 2016 WL 223708 (D. Or. Jan. 19, 2016) ....................4

*T.R. v. Boy Scouts of America*, 181 P.3d 758 (Or. 2008) ....................8

*Vaccarino v. Midland Nat. Life Ins., Co.*, 2012 WL 1247137 (C.D. Cal. Apr. 13, 2012) ....................4, 5

*Veal v. Geraci*, 23 F.3d 722 (2d Cir. 1994)....................8

*Zimmerman v. L'Oreal USA, Inc.*, 2023 WL 4564552 (N.D. Cal. July 17, 2023)....................9

**Statutes**

Or. Rev. Stat. § 646.638(6) ....................3

**Other Authorities**

16 C.F.R. § 233.2(c)....................8

Black's Law Dictionary, Value (11th ed. 2019) ....................6

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

Fed. R. Civ. 9 ....................5

Fed. R. Civ. 9(b) ....................4, 5

Fed. R. Civ. 12 ....................4

OAR 137-020-0010(6)(c) ....................9

iv

REPLY ISO MOTION TO DISMISS
Case No. 2:20-cv-1106

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

## I. INTRODUCTION

Despite its overblown rhetoric, Plaintiff Susan Clark's Opposition offers nothing to negate Defendants' twin showings that independently demand dismissal.

***First***, the discovery rule cannot resuscitate Clark's untimely claim. The parties do not dispute that: (1) UTPA's one-year limitations period applies; (2) Clark's purchases predated her Complaint by multiple years; (3) Clark used the purchased items in the interregnum, offering her plenty opportunity to discover whether the items were as valuable as she had anticipated; and (4) Clark's claim accrued when she knew or should have known enough to investigate her claim. Clark argues that her claims were timely because her lawyers did not explain that she had been "harmed" until a few months before her Complaint. The Court should reject this proposed attorney-advertising exception to the well-established rule that a dilatory Plaintiff cannot belatedly bring suit. Clark's Opposition confirms that she was in the perfect position to assess the jacket's value—both when she bought the items, and over the course of the next year of wearing them—yet sat on her hands while the clock ticked.

In Opposition, Clark ignores the fact that clothing has value—regardless of whether the item lists a single price with no former price, an "Original" price, a "Comparable Value," or no price at all. To duck that fact, Clark invents a new definition of "value" to explain why she did not discover her claim while using the products: the "former regular selling price" over some undefined period. (Plaintiff's Opposition ECF #47 ("Opp.") at 8 n.3.) According to Clark, any other definition "is incorrect and irrelevant." *Id.* Her newfound definition, however, exists only in her Opposition—it appears nowhere in her Complaint, prior briefing to this Court, prior appellate briefing, or FAC—and renders meaningless her FAC's dozen-plus references to "value." The Court should reject Clark's nonsensical and self-serving definition, which she does not support with any legal, economic, or dictionary definition. Consumers do not need several years, or a price tag, to know how much an item is worth (or, as is the standard here, to simply question a retailer's value representation). Indeed, they should be able to evaluate an item's worth from the moment they try it on, feel its material and craftsmanship, and evaluate its style. Even accepting Plaintiff's argument that this was not the case, however, she certainly would have learned the value of her jackets over the course of a full year of wearing them. Playing rhetorical whack-a-mole cannot dodge the conclusion that Clark should have known of her claim well over a year before she filed suit.

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

***Second***, even if Clark's claim were timely, she still could not premise a claim on Eddie Bauer's current pricing practice, which has been in place since before the one-year limitation period ever ran. Eddie Bauer plainly informs consumers that reference prices represent the item's "Comparable Value," not Eddie Bauer's historical price. It is undisputed that Clark never confronted that pricing practice, so it did not cause her alleged injury. Plaintiff therefore cannot premise a UTPA claim on this practice. And further, "Comparable Value" alleviates the risk of any future confusion, by expressly informing consumers that the reference price is not Eddie Bauer's former price for that specific item (*i.e.*, Plaintiff's sole definition of "value").

For these reasons and the reasons in Eddie Bauer's Motion to Dismiss, ECF #46 ("Motion" or "Mot."), this Court should dismiss Clark's FAC with prejudice.

## II. ARGUMENT

Clark's FAC centers on her allegations that Eddie Bauer "deceive[s]" consumers into "believing that its products are worth and have a value equal to the inflated" reference price. (First Amended Complaint, ECF # 42 ("FAC") ¶ 53.) As for harm, Clark alleges that she spent money that she would not have spent had she known that that ***value*** of the goods differed from the reference price. The word ***value***, which the FAC incants in over a dozen paragraphs, presents a conundrum for Clark, because using a product for a year, so much until the item wears out and breaks (and more generally, existing in a marketplace where similar clothing items are ubiquitous), necessarily informs the consumer's understanding of the item's value. (Mot. at 9–12.)

In her Opposition, Clark deploys an idiosyncratic definition of ***value*** to try to dodge that showing: She contends that consumer experience has nothing to do with ***value*** because she "uses the word to mean the item's regular selling price." (Opp. at 8 n.3 (dismissing other definitions as "incorrect and irrelevant").) **Neither the FAC nor Clark's prior briefing, however, say that, and her newfound definition changes the meaning of the entire FAC.** *E.g.*, *Clark v. Eddie Bauer LLC*, 532 P.3d 880, 884 n.4 (Or. 2023) ("Although plaintiff does not define 'worth' or 'value' in her complaint or briefing, we take from that context that 'value' means retail or fair market value.") This case is no longer about the items' actual value. Now it is only about whether Eddie Bauer previously sold them at their reference prices, which casts aside any notion of actual consumer harm. While Clark claims that these two concepts are one and

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

the same—that is, that value = former price—this idiosyncratic definition defies common sense, and the plain meaning of "value."

The Court should reject Clark's illogical definition of value, and dismiss this case as time-barred. As a consumer who picked out the items and wore them for over a year without complaint, she was well-positioned to assess their value. (FAC ¶¶ 58–70.) In the alternative, however, Clark's definition prevents Plaintiff from attacking Eddie Bauer's "Comparable Value" pricing—which Clark herself admits has been Eddie Bauer's sole pricing model for the last 4.5 years.

**A. <u>Clark offers nothing to disturb Defendants' showing that her claim is untimely.</u>**

Most of Defendants' prior showings are not in dispute. A one-year limitations period applies to UTPA claims, Or. Rev. Stat. § 646.638(6), and for accrual, "[t]he discovery rule applies an objective [reasonable person] standard" for considering what a plaintiff knows or should have known, *Padrick v. Lyons*, 372 P.3d 528, 535 (Or. Ct. App. 2016) (citation omitted). Clark disputes neither point. Nor does Clark dispute that if she knew or should have known of her claims before July 16, 2019—one year before her July 16, 2020 Complaint—then her claims are untimely. (Mot. 9–10; Opp. 5–12); *Morris v. Dental Care Today, P.C.*, 473 P.3d 1137, 1139 (Or. Ct. App. 2020).

Instead, the Parties dispute whether Clark alleged facts sufficient to trigger the discovery rule. Contrary to Clark's suggestion, that is not merely a "minor technicality." (Opp. at 5.) A plaintiff must allege specific facts to support the discovery rule. (Order, ECF #27 at 8.) She cannot do that. Alleging that she was ignorant until March 13, 2020, when she saw her lawyers' advertisement on TopClassActions.com (FAC ¶ 86), does not solve her timeliness problem because Clark knew or should have known of her claim at the time of purchase (March 22, 2017 and April 5, 2018), or certainly well over one year before she sued.

***1. Courts regularly resolve timeliness defenses—including determining whether the discovery rule applies—on the pleadings***

Contrary to Clark's assertions otherwise (Opp. at 9–10), courts can and do resolve the statute-of-limitations question on the pleadings. *See, e.g.*, (Mot. at 9); *Schwartz v. Finn*, 2022 WL 636641, at *1 (9th Cir. Mar. 4, 2022) (complaint lacked details showing that plaintiff could not have discovered claim earlier discovery despite reasonable diligence); *Bitsakis v. JP Morgan Chase Bank*, 2012 WL 359283, at

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

*3 (C.D. Cal. Feb. 1, 2012) (plaintiff failed to plead specific facts showing she could not have discovered her claims and dismissing claims as time-barred); *Vaccarino v. Midland Nat. Life Ins., Co.*, 2012 WL 1247137, at *5 (C.D. Cal. Apr. 13, 2012) (dismissing untimely complaint because plaintiff failed to allege facts triggering the delayed-discovery rule); *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 978 (D. Or. 2016) (dismissing claim because plaintiffs failed to plead that they "reasonably could not have known about" their claim until the limitations period).

Clark's inapposite authorities do not suggest otherwise. (Opp. at 9.) For one, many are state-court cases applying inapplicable state procedural rules, rather than Rule 12. They are also factually distinguishable—many involve situations where the plaintiff did not know relevant defendants' identities. *E.g.*, *Johnson v. Multnomah Cnty. Dep't of Cmty. Just.*, 178 P.3d 210, 215 (Or. 2008); *Cole v. Sunnyside Marketplace, LLC*, 160 P.3d 1, 3 (Or. Ct. App. 2007). Also, several of these cases endorse pleading-stage dismissal when the complaint reveals the "plaintiff knew or should have known the critical facts" within the limitations period but waited to sue. *E.g.*, *Kaseberg v. Davis Wright Tremaine, LLP*, 265 P.3d 777, 782 (Or. 2011). As discussed below, that is the case here. Clark's FAC must be dismissed.

***2. Clark understates her burden in invoking the discovery rule.***

Clark wrongly suggests that Eddie Bauer must show that the discovery rule does not apply. (*E.g.*, Opp. at 13.) As the party seeking to establish her timeliness, it is *Clark's* burden to show the discovery rule applies. *See Sturgis v. Asset Acceptance, LLC*, 2016 WL 223708, at *6–7 (D. Or. Jan. 19, 2016) (citing *FDIC v. Smith*, 328 Or. 420, 432 (1999)); *Hip Hop Bev. Corp. v. Michaux*, 729 F. App'x 599, 600 (9th Cir. 2018); *N.L.R.B. v. Don Burgess Const. Corp.*, 596 F.2d 378, 383 n.2 (9th Cir. 1979).

Clark is also wrong to suggest that Rule 9(b) does not elevate the pleading standard. (*See* Opp. at 7.) The case she cites, *Mendoza v. Lithia Motors, Inc.*, 2017 WL 125018 (D. Or. Jan. 11, 2017), does not address Rule 9(b). Other in-circuit authorities plainly hold that if the allegations "sound in fraud," Rule 9(b)'s particularity requirement applies. *See Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033, 1041 (D. Or. 2014). Moreover, because Clark "seeks to rely upon concealment of facts to overcome the statute of limitations," she must allege facts "show[ing] that [s]he is not blamable for failure to discover." *Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 575 (9th Cir. 1964).

//

Rule 9(b) applies here. Clark's FAC alleges an "ongoing fraudulent advertising scheme" and that because of Eddie Bauer's "misrepresentations" she had "no suspicion that Eddie Bauer's advertising of its discounts was false," particularly because "Eddie Bauer gave [Plaintiff] no reason to be suspicious." (FAC ¶¶ 8, 81–86.) Because Clark invokes fraud, Rule 9(b)'s heightened standard applies to the discovery-rule inquiry. *E.g.*, *Emmert v. Clackamas Cnty.*, 2015 WL 4078780, at *2 (D. Or. July 1, 2015) (when plaintiff relies on the discovery rule, the plaintiff must plead allegations under Rule 9); *Vaccarino*, 2012 WL 1247137, at *5; *Goodman v. HTC Am., Inc.*, 2012 WL 2412070, at *16 (W.D. Wash. June 26, 2012) (Rule 9(b) applied because plaintiffs alleged fraudulent conduct); *Nw. Nat. Ins. Co. of Milwaukee, Wisconsin v. Joslyn*, 53 F.3d 331 (6th Cir. 1995) ("[F]raud [] should be pled with particularity," when the "viability of the claim is totally dependent on a late discovery rule.").

***3. Clark knew or should have known of her claim well over one year before she sued***

Regardless of whether Rule 9(b) applies, Clark's allegations show that she knew or should have known of her claim long before July 2019. Clark's FAC fails to "allege facts sufficient to" trigger "the discovery rule," including facts showing why she did not discover the alleged fraud earlier. *See Egbukichi*, 184 F. Supp. 3d at 978 (dismissing UTPA claims as time-barred where plaintiff failed to plead "they reasonably could not have known about the allegedly improper fees and costs" until after the limitations period expired).

*a. Clark's factual allegations show that she should have reasonably discovered her claims earlier than she says she did*

Clark knew enough to discover her claims earlier than she says she did. The FAC hinges on the purchased items' value, alleging in at least 14 paragraphs that Eddie Bauer's price tags deceived her into believing the items were "worth" and had the "value" of their reference prices. FAC ¶¶ 6, 8, 62–64, 67, 69, 73–74, 79, 90–91, 117, 126. Her briefing consistently reiterated this theory.[1] The right time for Clark to have assessed the value was her time of purchase. But even accepting Clark's argument that she would not have known the value at the time of purchase, using the products for over a year, as Clark did, would

[1] *E.g.*, Plaintiff-Appellant's Opening Brief (9th Cir., Case No. 21-35334) at 32 ("Eddie Bauer represented that the Fleece Zip had a characteristic and a quality—a value of $39.99—that the Fleece Zip did not have"); *see also id.* at 42, 48, 56; Plaintiff-Appellant's Reply Brief (9th Cir., Case No. 21-35334) at 27–28; Plaintiff-Appellant's Opening Brief (Oregon Supreme Court, Case No. S069438).

have revealed any discrepancy between the value expected and the value received. *See* Mot. 10–12. At minimum, Clark knew enough to investigate her claims long before July 2019.

Clark's Opposition rewrites the Complaint to concern *only* former prices. This she cannot do. *Farris v. D'Angelo*, 2014 WL 5574434, at *4 (W.D. Wash. Oct. 31, 2014) ("[T]he Federal Rules do not permit a plaintiff to amend a complaint through an opposition brief"). Her actual grievance is that the jackets were not worth as much as the reference prices. (*See, e.g.*, FAC ¶ 6.) If her jackets were worth less, purchasing them and using them would tell her that experientially—indeed, if a customer cannot evaluate a consumer good's value using it (even until it breaks), how could she ever assess the item's value?

Regardless, Clark provides no sources—no dictionaries, no legal authorities, etc.—to suggest that value is a function of the prior selling price alone. And for good reason: value has a much broader meaning. *Metro. St. Ry. Co. v. Walsh*, 94 S.W. 860, 868 (Mo. 1906) ("Market value … means [] actual value, ... that is, the fair value of the property as between one who wants to purchase and one who wants to sell it") (internal quotation marks omitted); Black's Law Dictionary, Value (11th ed. 2019) ("fair market value" means "The price that a seller is willing to accept and a buyer is willing to pay on the open market"); *Saavedra v. Eli Lilly and Co.*, 2014 WL 7338930, at *4 (C.D. Cal. Dec. 18, 2014) (same).

Simply put, an item's value is not a secret—and is certainly not something that Eddie Bauer could have hidden from Clark even if it wanted to (which it did not). This case is therefore distinguishable from Clark's cited cases, like *Bodin v. B. & L.*, 601 P.2d 848 (Or. Ct. App. 1979), where the plaintiff never would have otherwise known that the bed in question was used. Because Clark was at all times well-positioned to evaluate the value of her jackets, the discovery rule cannot apply here.

*b. Clark failed to investigate her claims at all, much less with reasonable diligence*

Clark never alleges that she undertook any inquiry—let alone a reasonably diligent one—which precludes the discovery rule from applying. (Mot. at 12–13.)

Clark errs twice in her response. ***First***, Clark argues that she had no duty to investigate. (Opp. at 11–12.) But that is wrong, as discussed above, because even if Plaintiff did not evaluate the items' value at the time of purchase, using the products month after month thereafter should have suggested that Clark

had been misled as to their value; she was therefore obligated to "take some steps to discover the allegedly unlawful conduct." *Easterbrook v. LinkedIn Corp.*, 2023 WL 3022497, at *3 (D. Or. Apr. 20, 2023).[2]

***Second***, Clark flips the burden upside-down, arguing that Eddie Bauer failed to prove that an investigation would have revealed its "unlawful" conduct. (Opp. at 13–14.) But *she* bears the burden of alleging facts sufficient to trigger the discovery rule. *See Egbukichi*, 184 F. Supp. 3d at 977.

Clark could have easily searched online for the prices of similar items to ascertain whether she got as good of a deal as she hoped. And even if it were plausible that (under her new theory) the former selling price was all that mattered here, she alleges no facts suggesting that employees would not share this information with her. She argues that the entire outlet store is always on sale; if so, a clerk would necessarily know that no item had recently sold at its reference price. And as the California Court of Appeals has made clear, outlet employees are well-positioned to disclose that sort of information. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 877 (Cal. Ct. App. 2017).

In sum, Clark should have known well before July 16, 2019 of the allegedly unlawful conduct that she contends violated the UTPA. The FAC is therefore time-barred.

***4. Applying the discovery rule here creates perverse incentives***

The UTPA's limitations period encourages plaintiffs to bring their claims promptly, to prevent any continued public harm. Although Eddie Bauer denies that it has harmed anyone, as a matter of policy, the Court should not reward plaintiffs who (either independently, or through their counsel)[3], sat back for years as allegedly unlawful conduct persisted.

Limitations periods are also intended to allow defendants to eventually move on. *E.g.*, *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1112 (1988) (limitations periods "protect parties from defending stale claims"). Here, Eddie Bauer did just that by adopting "Comparable Value" in January 2020, after the one-

[2] Clark makes much about the footnote regarding media outlets extensively covering retailers'general practice of routinely offering outlet-exclusive items at a discount. This point is not dispositive. Rather, the footnote describes abundant internet resources that could further trigger an obligation to investigate. But to be clear, Clark's own experience of using the products, by itself, triggered her duty here.

[3] A lawyer is a "client's agent" and, consistent with agency law, "clients ordinarily are considered to have notice of all facts known to their lawyer-agent." *Ceja v. Scribner*, 2016 WL 4035665, at *6 (C.D. Cal. Mar. 3, 2016) (internal citations omitted); *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994) (imputing knowledge of lawyer-agent to client-principal to determine when a claim accrued for purposes of the statute of limitations); *see also* Restatement (Third) Of Agency § 5.03 (2006) ("Facts that an agent knows or has reason to know may thus determine whether the principal has acted in timely fashion.").

year limitations period on Clarks purchases had fully run—a change that comports with FTC regulations (16 C.F.R. § 233.2(c)). But under Clark's theory, Eddie Bauer will be liable *forever* for any former price it offered before that voluntary change.

Clark's cited case, *T.R. v. Boy Scouts of America*, 181 P.3d 758 (Or. 2008), is inapposite. There, both the injury and cause were known; the only question was which parties could be liable. *Id.* at 765–66. Here, by contrast, there is no question about who is responsible for Eddie Bauer's pricing. And Clark knew she had bought jackets from Eddie Bauer and wore the jackets for years before her lawyers recruited her to be their named-plaintiff for lawyer-manufactured claims that they had known about for years.

### B. <u>Clark cannot allege a viable UTPA claim regarding Eddie Bauer's Comparable Value pricing.</u>

Even if Clark's claim were timely (it is not), she still could not state a claim as to Comparable Value pricing. Clark's strained attempt to recharacterize this case from one about "value" to one solely about "former prices" prevents her from suing over anything but former prices.

Eddie Bauer's motion showed: (1) that Comparable Value pricing is self-explanatory and not misleading, and (2) that Clark cannot state a UTPA claim as to Comparable Value pricing because she has never even seen it.

Clark does not dispute that reasonable consumers would not interpret a Comparable Value price tag as a representation about Eddie Bauer's own former price. (*See* Mot. at 14–16.) Nor does she identify any FAC allegations suggesting that other retailers did not sell similar merchandise for Eddie Bauer's Comparable Value prices—indeed, her lawyers' "investigation" admittedly addressed a different pricing practice altogether. (*Id.* at 17.)[4] Clark also appears to admit that she has never seen, relied on, or been injured by Comparable Value.

Rather than respond to Defendants' arguments, Clark argues that she has Article III standing to seek injunctive relief. But Defendants did not challenge her Article III standing. Instead, it simply argued

[4] Clark does not disagree that reasonable consumers would interpret Comparable Value as a value comparison. Instead, she claims that OAR 137-020-0010(6)(c) renders Comparable Value *per se* illegal. The FAC never mentions that regulation. Nor do Judge Coughenour's decision, the Ninth Circuit's opinion, or the Oregon Supreme Court's opinion. Regardless, Clark cannot base her claim on that regulation because it has nothing to do with former prices—*i.e.*, the only practice that Clark claims injured her.

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

that a representation cannot support a UTPA claim unless Clark alleges that the representation is deceptive and caused her injury, and she cannot allege either as to Comparable Value. (*See* Mot. at 18–19); *see also Zimmerman v. L'Oreal USA, Inc.*, 2023 WL 4564552, at *3 (N.D. Cal. July 17, 2023) (plaintiff who bought foundation makeup based on the statements "Up to 24H Fresh Wear" and "Up to 24HR Breathable Texture," could not bring claims as to foundation labeled with "Up to 24HR Foundation" or "Up to 24H Color Wear & Comfort.").

Clark's newfound definition of "value" makes clear that her theories as to former pricing and Comparable Value are mutually exclusive, so the Court's previous holdings as to injunctive relief no longer apply. Defining value as former price highlights that Comparable Value caused Clark no injury and cannot injure her going forward. Because Eddie Bauer clearly discloses that the reference price is a comparable value, not a former price, Clark (and any consumers who adopt her idiosyncratic definition of ***value***) cannot reasonably assume that the reference price is *Eddie Bauer's* regularly offered price. And applying her new definition of "value," she is no longer under any threat of confusion or lack of "confidence regarding … the value [*i.e.*, the former prices] of [Eddie Bauer's] products." (FAC ¶ 90.)

This point is important. Clark never contends that she confronted Comparable Value pricing, so it could not have caused the transaction at the heart of her claim. That precludes her from obtaining retrospective relief (like damages) based upon Comparable Value pricing. *E.g.*, *Egbukichi*, 184 F. Supp. 3d at 977–78 (a UTPA plaintiff cannot be harmed by practices to which she was not exposed). Indeed, Clark never contends that the Court should permit her to recover any *money* because of Comparable Value. Instead, she asks the Court for an *injunction* to prevent Eddie Bauer from continuing to employ Comparable Value pricing. (Opp. at 16.) But that prospective relief is also unavailable, because Comparable Value prevents Clark's alleged harm from arising again—purchases triggered by the belief that a reference price is the seller's "regular" price for the item in question.

Clark's Opposition repeatedly cites the Ninth Circuit's conclusion that, "For injunctive relief, Eddie Bauer's method of injuring Clark is immaterial so long as the injury is the same." (Opp. at 1.) But Clark's Opposition makes clear that nothing about her Comparable Value claim is the same as her claim

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

as to former prices—not the theory of deception, not the injury, and not the regulatory basis.[5] And as to injury, Clark contends that value necessarily equals the item's former price. (Opp. at 8 n.3) ("[T]o the extent that Eddie Bauer is using the word 'value' to mean something other than the item's regular selling price, it is incorrect and irrelevant"). Thus, Clark's theory of damage—reference price minus price paid—applies only where the reference price is a former price. Therefore, while the Complaint as written may have plausibly alleged that Clark "continue[s] to face the same prospective injury of being unable to rely on 'the validity of the information advertised [by Eddie Bauer] ... despite [a] desire' to do so," *Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *3 (9th Cir. Jan. 17, 2024), the FAC, as clarified by the Opposition, makes clear that she risks no such future injury.

## III. CONCLUSION

For the foregoing reasons, and for the reasons given in the Motion to Dismiss, Eddie Bauer respectfully requests that the Court dismiss Clark's FAC in its entirely, or in the alternative, strike her claims as to "Comparable Value" pricing.

Respectfully submitted this 6th day of June 2024,

SEED IP LAW GROUP LLP

*/s/Marc C. Levy*
Marc C. Levy, WSBA No. 19203
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031
MarcL@seedip.com

Benesch Friedlander Coplan and Aronoff LLP
Stephanie A. Sheridan (*pro hac vice*)
Meegan B. Brooks (*pro hac vice*)
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.211.5828
ssheridan@beneschlaw.com

[5] Plaintiff's discussion of *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir 2015), is a *non sequitur*. The court there held that a named plaintiff with Article III standing can adequately represent a class of individuals who have similar, but not identical, interests. Here, however, Clark *cannot state a UTPA claim* based on Comparable Value, and cannot use the class-certification mechanism to bring claims she could not otherwise bring herself. (*See* Mot. at 13–19.)

mbrooks@beneschlaw.com

Attorneys for Defendants
EDDIE BAUER LLC and
SPARC GROUP LLC

11

**REPLY ISO MOTION TO DISMISS**
**Case No. 2:20-cv-1106**

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900

**CERTIFICATE OF WORD COUNT**

I certify that this brief contains 4,174 words, incompliance with the Local Civil Rules.

Dated: June 6, 2024

Respectfully submitted,

*/s/Marc C. Levy*

Marc C. Levy, WSBA No. 19203
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031
MarcL@seedip.com

Benesch Friedlander Coplan and Aronoff LLP
Stephanie A. Sheridan (*pro hac vice*)
Meegan B. Brooks (*pro hac vice*)
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.211.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com

Attorneys for Defendants
EDDIE BAUER LLC and
SPARC GROUP LLC

12

**REPLY ISO MOTION TO DISMISS**
**Case No. 2:20-cv-1106**

SEED IP LAW GROUP LLP
701 FIFTH AVE, SUITE 5400
SEATTLE, WA 98104-7092
(206) 622-4900